Antranik Boyadzhyan (*pro hac vice pending*)
**LENTO LAW GROUP, P.C.**
1814 East Route 70, Suite 323
Cherry Hill, NJ  08003
Telephone: (856) 652-2000
Facsimile: (856) 375-1010
Email: aboyadzhyan@lentolawgroup.com

Gregory P. Goonan (Cal Bar # 119821)
**THE AFFINITY LAW GROUP®**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
Email: ggoonan@affinity-law.com

Attorneys for Plaintiffs
Justin Killen and Mercedes Killen
individually and as parents and guardians of
J.K., a minor

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN KILLEN and MERCEDES KILLEN, individually and as parents and guardians of J.K., a minor, <br><br> Plaintiffs, <br> vs. <br><br> MONROVIA HIGH SCHOOL, MONROVIA UNIFIED SCHOOL DISTRICT, JEFF LEE, ADRIAN AYALA, and DOES 1 through 10, inclusive, <br><br> Defendants. | ) CASE NO. 2:25-cv-6829 <br> ) <br> ) **COMPLAINT FOR: (1) VIOLATION OF** <br> ) **42 U.S.C. § 1983 – DENIAL OF** <br> ) **PROCEDURAL DUE PROCESS** <br> ) **(FOURTEENTH AMENDMENT); (2)** <br> ) **VIOLATION OF 42 U.S.C. § 1983 –** <br> ) **RETALIATION FOR PROTECTED** <br> ) **SPEECH (FIRST AMENDMENT); (3)** <br> ) **VIOLATION OF CALIFORNIA** <br> ) **CONSTITUTION – ARTICLE I,** <br> ) **SECTIONS 2 (FREE SPEECH) AND 7** <br> ) **(DUE PROCESS); (4) NEGLIGENCE; (5)** <br> ) **INTENTIONAL INFLICTION OF** <br> ) **EMOTIONAL DISTRESS; AND (6)** <br> ) **NEGLIGENT INFLICTION OF** <br> ) **EMOTIONAL DISTRESS** <br> ) <br> ) **JURY TRIAL DEMANDED** |

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

Plaintiffs JUSTIN KILLEN and MERCEDES KILLEN, individually and as parents and guardians of J.K., a minor ("Plaintiffs") allege as follows for their Complaint:

## INTRODUCTION

1. This is a civil rights and state tort action arising out of the unlawful and discriminatory treatment of J.K., a high school student-athlete, by Defendants.

2. Plaintiffs bring this action under 42 U.S.C. § 1983 for violations of J.K.'s due process and free speech rights under the Fourteenth and First Amendments of the United States Constitution, as well as under the California Constitution, Article I, Sections 2 and 7, and California state law for negligence, negligent supervision, intentional infliction of emotional distress, and retaliation.

3. Plaintiffs also incorporate related factual allegations involving Ulysses Aguila, another student-athlete similarly impacted by the conduct of defendant Lee and school administrators, to demonstrate a pattern of conduct adversely affecting students.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States and supplemental jurisdiction of state claims based on 28 U.S.C. § 1367.

5. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b), because the events and omissions giving rise to these claims occurred in this District.

## PARTIES

6. Plaintiffs Justin Killen and Mercedes Killen are residents of Arcadia, California, and are the parents and legal guardians of J.K., a minor, who at all relevant times was a student at Monrovia High School.

7. Defendant Monrovia High School is a public high school located in

Monrovia, California.

8. Defendant Monrovia Unified School District is the public school district responsible for Monrovia High School and its employees.

9. Defendant Jeff Lee is employed as the head coach of the Monrovia High School varsity water polo team.

10. Defendant Adrian Ayala is the principal of Monrovia High School.

11. Plaintiffs are ignorant of the true names and capacities of those defendants sued as Does 1 through 10, inclusive, and therefore sue these defendants by their fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed, believe and allege that each, every and all defendants is/are responsible in some manner for the occurrences alleged, and that the harm alleged was proximately caused by the conduct of said defendant(s).

12. Plaintiffs are informed, believe and thereon allege that each defendant, including Does 1 through 10, inclusive, is, and at all relevant times herein mentioned was the servant, agent, employee, and/or joint venturer of each and every other defendant, or in some manner allied in interest with each other defendant such that each acted within the course, scope, purpose and authority of said allied interest, agency or employment, and that each defendant ratified and approved the actions of the others.

13. Defendants Monrovia High School, Monrovia Unified School District, Jeff Lee, Adrian Ayala, and Does 1 through 10 inclusive, are sometimes collectively referred to as "Defendants."

## FACTUAL ALLEGATIONS

14. J.K., a 17-year-old senior, has been committed to water polo since the summer before his freshman year and had advanced from JV to varsity at Monrovia High School based on merit.

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

15. In his sophomore year, J.K. served as varsity team captain, receiving accolades for leadership and performance.

16. At the beginning of his junior year, defendant Jeff Lee was appointed head coach of the water polo team at Monrovia High School.

17. Under Coach Lee, J.K. was demoted to the JV team without explanation, despite his leadership role and exemplary performance.

18. J.K. was nevertheless required to play in varsity games but was denied the official recognition and role that came with varsity status.

19. Coach Lee required all athletes to purchase uniforms through specific vendors, thereby creating financial burdens, and excluded J.K. from games when purchases weren't made.

20. Practices were closed to parents and key meetings, such as the back-to-school orientation, were canceled by Coach Lee to avoid parental involvement and accountability.

21. Coach Lee transported students, including minors, without supervision or school approval, raising safety concerns.

22. J.K. was passed over for leadership roles he had earned and subjected to exclusionary conduct and a hostile team environment.

23. J.K.'s father, plaintiff Justin Killen, made multiple complaints to school officials, including defendant Ayala, who was the principal of Monrovia High School, regarding Coach Lee's conduct.

24. The administration of Monrovia High School failed to investigate or take corrective action, despite repeated reports and complaints about Coach Lee.

25. Monrovia High School's student-athlete policies require fair treatment, objective selection criteria, and provide students a right to appeal demotions, none of which were followed.

26. Shortly after complaints were made by Justin Killen, J.K. was further

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

marginalized, removed from team communications, excluded from team events, and received disparate treatment in comparison to other athletes, in retaliation for the protected speech and parental advocacy.

27.    J.K. suffered emotional distress, damage to his academic and athletic future, and was denied the benefits of a safe and fair educational environment.

28.    In addition to the direct mistreatment J.K. experienced, there existed a broader culture of arbitrary favoritism and emotional manipulation within the boys' water polo program, known among players and parents.

29.    Students observed inconsistent selection criteria, with athletes being demoted or promoted without explanation. Leadership roles and varsity designations were frequently awarded in ways that did not reflect merit or experience, creating confusion, anxiety, and division among team members.

30.    Team communications, social media acknowledgments, and public recognitions were altered in ways that were selective and retaliatory. Accomplishments earned by some athletes were quietly erased or omitted without explanation, reinforcing a sense of exclusion.

31.    Financial barriers were imposed on players through the mandatory purchase of expensive apparel, with the implication that failure to comply could impact playing time. These requirements were not authorized or transparently communicated.

32.    Students were discouraged from speaking out about the team's culture, with several expressing fear of retaliation if concerns were raised. J.K. reported that any form of advocacy, including by parents, often resulted in decreased playing time or removal from leadership roles.

33.    These dynamics contributed to significant emotional distress. J.K. expressed feelings of exhaustion, frustration, and disillusionment with the team, ultimately contemplating whether he could continue in the program he once loved.

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA  92121
(858) 412-4296

34.    Despite multiple attempts to raise concerns with the school's administration, no meaningful intervention occurred, allowing the hostile environment to persist unchecked.

35.    These systemic conditions provide important context to J.K.'s individual claims and support the allegations of deliberate indifference, retaliation, and ongoing failure by school officials to safeguard the rights and well-being of student-athletes

36.    At all times material hereto, all defendants acted under color of state law.

COUNT I

(Violation of 42 U.S.C. § 1983 – Denial of Procedural Due Process (Fourteenth Amendment))

37.    Plaintiffs re-allege and incorporate by reference the allegations in the Paragraphs 1 through 36 as if they were stated in full herein.

38.    Defendants, acting under color of state law, deprived J.K. of his liberty and property interests without due process of law, in violation of the Fourteenth Amendment.

39.    J.K. had a protected interest in participation in the Monrovia High School varsity water polo program, supported by established school policies and the school's representations of merit-based placement and fair competition.

40.    J.K. was removed from the varsity team and denied team leadership opportunities without advance notice, justification, or an opportunity to appeal or be heard — all of which violated the school's established procedures and his constitutional rights.

41.    The actions of Defendants as alleged herein were arbitrary, capricious, and undertaken with deliberate indifference to J.K.'s rights.

42.    As a result of these violations, J.K. suffered significant emotional distress, reputational damage, and the loss of educational and athletic opportunities.

43.    As a proximate result of Defendants' wrongful acts as alleged herein, Plaintiffs and J.K. have been damaged in a sum according to proof at trial.

## COUNT II

(Violation of 42 U.S.C. § 1983 – Retaliation for Protected Speech (First Amendment))

44.    Plaintiffs re-allege and incorporate by reference the allegations in the Paragraphs 1 through 43 as if they were stated in full herein.

45.    The First Amendment, as applied to the states by the Fourteenth Amendment, protects the right of students and parents to engage in protected speech, including the right to complain to school officials about matters of public concern, such as coaching misconduct and safety.

46.    As alleged herein, plaintiff Justin Killen engaged in protected speech by reporting concerns about Coach Lee's unfair practices, discriminatory treatment, and lack of transparency.

47.    In direct response to those complaints, Defendants took retaliatory actions against J.K., including marginalizing him from the team, denying him opportunities he had previously earned, removing him from team communications, and excluding him from events.

48.    These retaliatory actions would chill a person of ordinary firmness from continuing to speak out and were intended to punish J.K. and his family for speaking up.

49.    Defendants' conduct violated clearly established constitutional rights and proximately caused J.K.'s injuries.

50.    As a proximate result of Defendants' wrongful acts as alleged herein, Plaintiffs and J.K. have been damaged in a sum according to proof at trial.

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

## COUNT III

### (Violation of California Constitution – Article I, Sections 2 (Free Speech) and 7 (Due Process))

51.    Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 50 as if they were stated in full herein.

52.    Article I, Section 2 of the California Constitution guarantees the right to free speech, and Section 7 guarantees due process under the law.

53.    Defendants' wrongful conduct as alleged herein — including retaliation for protected expression and failure to follow their own procedures when demoting J.K. and denying him athletic opportunities — constitutes a violation of these state constitutional rights.

54.    These rights are self-executing and support injunctive relief and damages under California law.

55.    As a proximate result of Defendants' wrongful acts as alleged herein, Plaintiffs and J.K. have been damaged in a sum according to proof at trial.

## COUNT IV

### (Negligence)

56.    Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 55 as if they were stated in full herein.

57.    Defendants owed J.K. a duty of care to provide a safe, non-discriminatory, and procedurally fair educational environment.

58.    Coach Lee breached that duty by engaging in favoritism, unjustified demotions, financial exploitation of players, and retaliatory conduct.

59.    The school administration breached its duty by failing to investigate or take actions after receiving multiple complaints about Coach Lee's conduct.

60.    Defendants' negligence caused J.K. foreseeable harm, including emotional distress, loss of educational benefits, and damage to his reputation and self-

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

esteem.

61.    As a proximate result of Defendants' wrongful acts as alleged herein, Plaintiffs and J.K. have been damaged in a sum according to proof at trial.

## COUNT V

### (Intentional Infliction of Emotional Distress)

62.    Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 61 as if they were stated in full herein.

63.    Defendants engaged in extreme and outrageous conduct as alleged herein by intentionally humiliating J.K., demoting him without cause, excluding him from team activities, and allowing a hostile athletic environment to persist.

64.    Defendants knew or should have known that their conduct would cause severe emotional distress, especially to a high school minor.

65.    As a direct and proximate result of Defendants' negligence, J.K. suffered severe emotional distress, including persistent anxiety, withdrawal from activities he once enjoyed, reputational harm among peers and coaches, and disruption to his academic and athletic future. These injuries are supported by contemporaneous accounts, corroborating witness statements, and consistent behavioral changes noted by family and peers.

66.    As a proximate result of Defendants' wrongful acts as alleged herein, Plaintiffs and J.K. have been damaged in a sum according to proof at trial.

## COUNT VI

### (Negligent Infliction of Emotional Distress)

67.    Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 66 as if they were stated in full herein.

68.    Defendants owed J.K., a minor student under their direct supervision and care, a legally recognized duty to avoid conduct that would foreseeably cause severe emotional harm. This duty arises from California's established statutory and

regulatory framework—including, but not limited to, Education Code §§ 201 and 220—and is reinforced by the mandates of the School Safety and Violence Prevention Act (Education Code § 32261 et seq.), which collectively obligate schools to take reasonable steps to ensure a safe and non-discriminatory environment for all students.

69.    Defendants breached this duty by engaging in a sustained course of conduct—including arbitrary demotion, exclusion, retaliation, and failure to respond to repeated reports of mistreatment—that foreseeably and substantially disrupted J.K.'s educational experience, damaged his personal development, and inflicted emotional trauma.

70.    Defendants' conduct was not the result of discretionary decision-making protected by immunity, but instead reflected repeated violations of mandatory school policy and duties, including Monrovia High School's own codified procedures regarding team selection, student appeals, parental participation, and student safety.

71.    Defendants knew or reasonably should have known that their actions— taken against a known student-athlete who had invested years in the program—would have a significant and foreseeable impact on his emotional well-being. Indeed, school officials were repeatedly placed on notice through formal complaints submitted by Plaintiff Justin Killen and others, yet failed to intervene.

72.    As a direct and proximate result of Defendants' negligence, J.K. suffered severe emotional distress, including persistent anxiety, withdrawal from activities he once enjoyed, reputational harm among peers and coaches, and disruption to his academic and athletic future. These injuries are supported by contemporaneous accounts, corroborating witness statements, and consistent behavioral changes noted by family and peers.

73.    Plaintiffs seek damages in an amount according to proof at trial, including general and special damages, emotional distress damages, and any other

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA  92121
(858) 412-4296

relief this Court deems just and proper.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Enter judgment in favor of Plaintiffs and against Defendants, and each of them;

B.    Award compensatory damages in an amount to be determined according to proof at trial but in excess of $75,000.00;

C.    Award punitive damages against individual defendants;

D.    Issue injunctive relief requiring appropriate policies and training for staff;

E.    Declare Defendants' actions in violation of state and federal constitutional rights;

F.    Award attorneys' fees and costs under 42 U.S.C. § 1988; and

G.    Grant such other relief as the Court deems just and proper.

DATED: July 25, 2025                    THE AFFINITY LAW GROUP


By:   /s/ Gregory P. Goonan
      Gregory P. Goonan
      Attorneys for Plaintiffs
      Justin Killen and Mercedes Killen
      individually and as parents and guardians of
      J.K., a minor

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA  92121
(858) 412-4296

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

# **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

DATED: July 25, 2025                    THE AFFINITY LAW GROUP

By:  /s/ Gregory P. Goonan
Gregory P. Goonan
Attorneys for Plaintiffs
Justin Killen and Mercedes Killen
individually and as parents and guardians of
J.K., a minor