**[Exempt From Filing Fee Government Code § 6103]**

FAGEN FRIEDMAN & FULFROST, LLP
Milton E. Foster III, SBN 250357
mfoster@f3law.com
April Noelle Grant, SBN 350124
agrant@f3law.com
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Phone: 951.215.4900
Fax: 951.215.4911

Attorneys for MONROVIA UNIFIED SCHOOL DISTRICT, JEFF LEE, and ADRIAN AYALA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUSTIN KILLEN and MERCEDES KILLEN, individually and as parents and guardians of J.K., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>MONROVIA HIGH SCHOOL, MONROVIA UNIFIED SCHOOL DISTRICT, JEFF LEE, ADRIAN AYALA, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-06829-FMO (ASx)<br><br>[Assigned for All Purposes to: Hon. Fernando M. Olguin, Dept. 6D]<br><br>**DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION AND RENEWED MOTION TO DISMISS**<br><br>*[Filed concurrently with Declaration of April Noelle Grant in Support of Renewed Motion to Dismiss; and [Proposed] Order]*<br><br>DATE: January 29, 2026<br>TIME: 10:00 a.m.<br>DEPT.: 6D<br><br>Trial Date:          None Set |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 29, 2026, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Fernando M. Olguin, located in the First Street United States Courthouse, 350 W. 1st Street, Courtroom 6D, 6th Floor, Los Angeles, CA. 90012, Defendant MONROVIA

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

HIGH SCHOOL, MONROVIA UNIFIED SCHOOL DISTRICT ("District") will and hereby does move this Court to dismiss Plaintiffs' Complaint.

This Renewed Motion is made upon the following grounds:

A. FRCP Rule 12(b)(6): dismiss Plaintiffs JUSTIN KILLEN and MERCEDES KILLEN, individually and as parents and guardians of J.K., a minor, (collectively "Plaintiffs") Complaint ("Complaint") with prejudice under Federal Rule of Civil Procedure 12(b)(6) because:

1. The parent Plaintiffs, Justin and Mercedes Killen, lack standing and fail to allege any personal injury cognizable under federal or state law.

2. The Complaint fails to state facts sufficient to support any claim under 42 U.S.C. § 1983, the California Constitution, or California tort law.

3. All state-law claims are barred for failure to comply with the California Government Claims Act (Gov. Code § 810 et seq.).

This Renewed Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of April Noelle Grant filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED:  December 24, 2025          FAGEN FRIEDMAN & FULFROST, LLP


By: _____
Milton Foster III
April Noelle Grant
Attorneys for MONROVIA UNIFIED
SCHOOL DISTRICT

# TABLE OF CONTENTS

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Page

MEMORANDUM OF POINTS AND AUTHORITIES.................................................. 1

I.    INTRODUCTION ............................................................................................ 4

II.   FACTUAL ALLEGATIONS (AS ALLEGED IN THE COMPLAINT)......... 5

III.  MEET AND CONFER .................................................................................... 8

IV.   LEGAL STANDARD ..................................................................................... 8

      A.    Motion to Dismiss Under FRCP Rule 12(b)(6) .................................. 8

            1.    Failure to State a Claim ........................................................... 8

V.    THE PARENT PLAINTIFFS LACK STANDING AND FAIL TO STATE A CLAIM IN THEIR INDIVIDUAL CAPACITIES......................... 9

      A.    Parent Plaintiffs Fail to Allege an Individual Constitutional Injury under 42 U.S.C. § 1983 ........................................................... 10

      B.    No Protected Property or Liberty Interest......................................... 11

      C.    No Standing for State-Law Tort Claims ............................................ 11

      D.    No Statutory Right of Action for Parents .......................................... 11

      E.    All Alleged Conduct Targets J.K., Not His Parents ........................... 12

VI.   PLAINTIFF'S FIRST CLAIM FOR RELIEF FAILS TO STATE A CLAIM FOR VIOLATION OF PROCEDURAL DUE PROCESS UNDER 42 U.S.C. § 1983. ............................................................................ 12

      A.    No Protected Property or Liberty Interest.......................................... 13

      B.    No Deprivation of Process .................................................................. 14

VII.  PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR VIOLATION OF FIRST AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983 FAILS TO STATE A CLAIM ..................................................................................... 14

      A.    No Adverse Action Causally Linked to Protected Speech .................. 15

      B.    No Plausible Allegation of Retaliatory Motive ................................... 15

      C.    Protected Conduct Belongs to the Parent, Not the Student .................. 16

VIII. PLAINTIFF'S THIRD CLAIM FOR RELIEF FOR VIOLATION OF THE CALIFORNIA CONSTITUTION FAILS TO STATE A CLAIM........ 17

IX.   PLAINTIFFS' THIRD, FOURTH, FIFTH, AND SIXTH CLAIMS FOR RELIEF ARE BARRED DUE TO PLAINTIFFS' FAILURE TO

i

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S RENEWED NOTICE OF MOTION
AND RENEWED MOTION TO DISMISS

COMPLY WITH THE CALIFORNIA TORT CLAIMS ACT ...................... 17

A.    Compliance with the Claims Act Is a Jurisdictional Prerequisite......... 18

X.    CONCLUSION ...................................................................................... 19

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S RENEWED NOTICE OF MOTION
AND RENEWED MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alderman v. United States,*
 394 U.S. 165 (1969) ...............................................................................4, 11, 12, 16

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009) .................................................................................................9, 16

*Balistreri v. Pacifica Police Dep't,*
 901 F.2d 696 (9th Cir. 1990) ...................................................................................9

*Bell Atlantic Corp. v. Twombly,*
 550 U.S. 544 (2007) ...............................................................................................4, 8, 9

*In re Gilead Scis. Sec. Litig.,*
 536 F.3d 1049 (9th Cir. 2008) ...............................................................................9

*Hamilton v. Tenn. Secondary Sch. Athletic Ass'n,*
 552 F.2d 681 (6th Cir. 1976) .................................................................................13

*Hebert v. Ventetuolo,*
 638 F.2d 5 (1st Cir. 1981) ......................................................................................13

*Lance v. Coffman,*
 549 U.S. 437 (2007) .............................................................................................10, 12

*Lujan v. Defenders of Wildlife,*
 504 U.S. 555 (1992) ..........................................................................................4, 10, 12

*Niles v. University Interscholastic League,*
 715 F.2d 1027 (5th Cir. 1983) ...............................................................................13

*Pinard v. Clatskanie Sch. Dist.,*
 467 F.3d 755 (9th Cir. 2006) .................................................................................15

*Portman v. County of Santa Clara,*
 995 F.2d 898 (9th Cir. 1993) .................................................................................12

*Pratt v. Rowland,*
 65 F.3d 802 (9th Cir. 1995) ...................................................................................5, 16

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

1

*Shanks v. Dressel*,
540 F.3d 1082 (9th Cir. 2008) .................................................................. 5, 12, 14

*Walsh v. Louisiana High Sch. Athletic Ass'n,*
616 F.2d 152 (5th Cir. 1980) ........................................................................... 13

**California Cases**

*Katzberg v. Regents of Univ. of Cal.,*
29 Cal.4th 300 (2002) .................................................................................... 17

*Ryan v. California Interscholastic Fed'n–San Diego Section*,
94 Cal.App.4th 1048 (2001) ...................................................................... 4, 13, 17

*State of Cal. v. Superior Court (Bodde)*,
32 Cal.4th 1234 (2004) ............................................................................... 5, 18

*Stockett v. Association of Cal. Water Agencies Joint Powers Ins.*
*Authority*
(2004) 34 Cal.4th 441 (2004) ......................................................................... 18

*Thing v. La Chusa*,
48 Cal. 3d 644 (1989) ................................................................................... 11

*Today's Fresh Start, Inc. v. Los Angeles County Office of Educ.,*
57 Cal.4th 197 (2013) ................................................................................... 17

**Other State Cases**

*Menke v. Ohio High Sch. Athletic Ass'n,*
441 N.E.2d 620 (Ohio Ct.App. 1981) ............................................................. 13

*Scott v. Kilpatrick,*
237 So.2d 652 (Ala. 1970) ............................................................................. 13

*Whipple v. Oregon School Activities Ass'n,*
629 P.2d 384 (Or. Ct.App. 1981) .................................................................... 13

**Federal Statutes**

42 U.S.C. § 1983 ......................................................*passim*, 8, 10, 11, 12, 14, 16

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

2

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

## California Statutes

**California Government Code**

Gov't Code § 810 et seq. ...............................................................................5, 8, 18, 19

Gov't Code § 945.4 .................................................................................................5, 18

**California Education Code**

Education Code § 201 ...................................................................................................11

Education Code § 220 ...................................................................................................11

Education Code § 32261 et seq. . .................................................................................11

**Constitutional Provisions**

U.S. Const. Art. I § 2 .............................................................................................17, 18

U.S. Const. Art. I § 7 .............................................................................................17, 18

U.S. Const. Amend. I ............................................................................................14, 16

U.S. Const. Amend. IV .................................................................................................16

U.S. Const. Amend. XIV .........................................................................................11, 13

Cal Const. ...........................................................................................................14, 16, 17

**Federal Rules of Civil Procedures and Local Rules**

Fed. R. Civ. P. 8(a)(2).....................................................................................................8

Fed. R. Civ. P. 12(b)(1) .......................................................................................5, 12, 19

Fed. R. Civ. P. 12(b)(6) ....................................................................................5, 8, 9, 19

Fed. R. Civ. P. 12(e) .......................................................................................................5

C.D. Cal. Local Rule 7-3 ...............................................................................................8

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Justin Killen, Mercedes Killen, and J.K., a minor (collectively ("Plaintiffs") filed suit against a school district and its employees.  The Complaint reads more like a grievance about coaching style and parental disagreement than a legal pleading grounded in cognizable rights.  The pleading fails to identify which plaintiff asserts which claim, what legal duty was breached, or which specific conduct by each defendant violated a statute or constitutional provision.  As such, the Complaint is precisely the kind of vague, conclusory pleading that the Supreme Court has cautioned against.  Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must allege factual content sufficient to "raise a right to relief above the speculative level."  Here, Plaintiffs rely on general statements that J.K. was "demoted," "excluded," and "retaliated against," without articulating any legal entitlement to a varsity position or athletic recognition.

At its core, the Complaint challenges discretionary decisions made within a high-school athletic program, decisions that courts uniformly recognize do not implicate constitutional or statutory rights.  Neither the United States Constitution nor California law grants a student a property or liberty interest in participation on a sports team, nor do parents possess a derivative right to dictate or contest such decisions.  See, *Ryan v. California Interscholastic Fed'n–San Diego Section*, 94 Cal.App.4th 1048, 1059-1060 (2001).

Moreover, the parent plaintiffs, Justin Killen and Mercedes Killen, lack standing.  The allegations show no injury directed toward them individually, only alleged harms to their son.  A parent may not assert § 1983 claims for a child's experiences, nor may a student rely on a parent's protected speech to establish retaliation.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Alderman v. United States*, 394 U.S. 165, 192 (1969).  Their asserted interests are purely derivative of J.K.'s status as a student-athlete, which is insufficient as a matter of

4

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

law.

Even setting aside the standing defects, the Complaint's factual assertions do not state any plausible claim for relief.  The alleged "demotion," "exclusion," and "failure to investigate" do not implicate any protected liberty or property interest, nor do they rise to a constitutional violation.  The due process claim fails because team placement and coaching decisions are discretionary and involve no entitlement to a hearing. *Shanks v. Dressel*, 540 F.3d 1082 (9th Cir. 2008).  The retaliation claim fails because the supposed adverse actions occurred before the alleged protected speech and contain no factual link suggesting retaliatory motive. *Pratt v. Rowland*, 65 F.3d 802 (9th Cir. 1995).  The state-constitutional and tort claims also fail because Plaintiffs neither identify a statutory right of action nor plead compliance with the California Government Claims Act, Gov. Code § 945.4.  *State of Cal. v. Superior Court (Bodde)*, 32 Cal.4th 1234 (2004).

In short, this is a case about disappointment with a coach, not a deprivation of constitutional or statutory rights.  The facts alleged, even if accepted as true, do not give rise to any legally cognizable claim.  Because the Complaint is both vague and substantively deficient, the District respectfully requests dismissal under Rules 12(b)(1), 12(b)(6), and 12(e), or, in the alternative, that Plaintiffs be ordered to file a more definite statement identifying which plaintiff asserts which claim and the factual basis for each.

## II.    FACTUAL ALLEGATIONS (AS ALLEGED IN THE COMPLAINT)

The Complaint was filed by J.K., a student-athlete, and his parents, Justin Killen and Mercedes Killen.  Plaintiffs allege that Monrovia High School's principal, co-Defendant Adrian Ayala ("Ayala"), and water polo coach, co-Defendant Jeff Lee ("Lee"), engaged in retaliation and failed to address a hostile athletic environment.

According to the Complaint, Plaintiff J.K. is a 17-year-old senior at Monrovia High School who has played water polo since the summer before his freshman year

5

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

and "advanced from [junior varsity] ("JV") to varsity…based on merit." *Complaint* filed on July 25, 2025 [Doc 1] *("Compl.")* ¶ *14.* During his sophomore year, J.K. served as varsity team captain and received leadership and performance accolades. *Compl.* ¶ *15.*

At the start of J.K.'s junior year, Defendant Coach Lee became head coach of the boys' water-polo team. *Compl.* ¶ *16.* Plaintiffs allege that, upon Coach Lee's appointment, J.K. "was demoted from varsity to the JV team without explanation," despite his past leadership and performance.[1] *Compl.* ¶ *17.* Although demoted, J.K. was still required to play in varsity games but was "denied the official recognition and role that came with varsity status." *Compl.* ¶ *18.*

Plaintiffs further allege that Coach Lee required all athletes to purchase uniforms through specific vendors, which allegedly created financial burdens on families and led to J.K.'s exclusion from games when those purchases were not completed. *Compl.* ¶ *19.* Plaintiffs assert that Coach Lee closed practices to parents and cancelled key meetings, such as back-to-school orientation, "to avoid parental involvement and accountability." *Compl.* ¶ *20.* Coach Lee is also alleged to have transported students, including minors, "without supervision or school approval," which Plaintiffs characterize as a safety concern. *Compl.* ¶ *21.*

The Complaint claims that "J.K. was passed over for leadership roles he had earned and subjected to exclusionary conduct and a hostile team environment."[2] *Compl.* ¶ *22.* Plaintiff Justin Killen, J.K.'s father, allegedly made "multiple complaints" to school officials, including Mr. Ayala, regarding Coach Lee's

---

[1] Plaintiff's use of the passive voice leads to uncertainty as to *who* demoted J.K.

[2] Again, the passive voice obscures *who* passed over J.K and *who* subjected him to exclusionary conduct and a hostile team environment. As phrased, the allegations do not attribute any conduct to any defendant. This defect is particularly problematic where, as here, there are multiple defendants, and each defendant has a right to know which of the allegations apply to that defendant.

6

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S RENEWED NOTICE OF MOTION
AND RENEWED MOTION TO DISMISS

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

conduct. *Compl. ¶ 23.* Plaintiffs assert that the Monrovia High School administration "failed to investigate or take corrective action" in response. *Compl. ¶ 24.* They further allege that District and school policies require fair treatment, objective selection criteria, and a right to appeal demotions--procedures they claim that District staff did not follow. *Compl. ¶ 25.*

Shortly after Mr. Killen's complaints, J.K. "was . . . marginalized, removed from team communications, excluded from team events, and received disparate treatment in comparison to other athletes," purportedly in retaliation for the protected speech and parental advocacy. *Compl. ¶ 26.* Plaintiffs contend that J.K. suffered emotional distress, reputational damage, and harm to his academic and athletic future. *Compl. ¶ 27.*

Beyond J.K.'s individual experience, Plaintiffs describe what they call a "broader culture of arbitrary favoritism and emotional manipulation" within the boys' water-polo program, known among players and parents. *Compl. ¶ 28.* They claim that "students observed inconsistent selection criteria," with promotions and demotions that did not reflect merit or experience. *Compl. ¶ 29.* Team communications and social-media acknowledgments were allegedly "selective and retaliatory," with certain students' accomplishments omitted without explanation. *Compl. ¶ 30.* Plaintiffs also allege that Coach Lee imposed "financial barriers" by mandating the purchase of expensive apparel and suggesting that non-compliance could affect playing time. *Compl. ¶ 31.*

According to the Complaint, "[s]tudents were discouraged from speaking out about the team's culture" due to fear of retaliation. *Compl. ¶ 32.* J.K. allegedly experienced "exhaustion, frustration, and disillusionment," questioning whether he could remain in the program he once loved. *Compl. ¶ 33.* Plaintiffs claim that "[d]espite multiple attempts to raise concerns with the school's administration, no meaningful intervention occurred," allowing the environment to persist. *Compl. ¶ 34.* They allege that these "systemic conditions" support their claims of deliberate

7

indifference, retaliation, and failure to safeguard student-athletes. *Compl. ¶ 35.* Finally, Plaintiffs assert that all defendants acted "under color of state law." *Compl. ¶ 36.*

## III.   MEET AND CONFER

Pursuant to Local Rule 7-3, counsel for the District met and conferred in good faith with counsel for Plaintiffs regarding the grounds for Defendant's forthcoming Motion to Dismiss and Motion to Strike. See Declaration of April Noelle Grant ("Grant Decl.") ¶ 4. On October 29, 2025, District counsel sent Plaintiffs' counsel a detailed meet-and-confer letter identifying the legal and factual deficiencies in the Complaint and requesting a telephonic conference. Grant Decl. ¶ 2.

On December 22, 2025, counsel for the parties met and conferred via videoconference regarding those issues.  Plaintiffs' counsel advised that Plaintiffs would not amend the Complaint to address Defendants' position that the Parent Plaintiffs lack standing and fail to state claims in their individual capacities, that the First Claim for Relief fails to state a claim for violation of procedural due process under 42 U.S.C. § 1983, that the Second Claim for Relief fails to state a claim for violation of the First Amendment under 42 U.S.C. § 1983, that the Third Claim for Relief fails to state a claim under the California Constitution, or that the Third, Fourth, Fifth, and Sixth Claims for Relief are barred by Plaintiffs' failure to comply with the California Government Claims Act. Grant Decl. ¶ 3.

## IV.   LEGAL STANDARD

### A.   Motion to Dismiss Under FRCP Rule 12(b)(6)

#### 1.   Failure to State a Claim

Federal Rule of Civil Procedure ("FRCP"), Rule 8(a)(2), requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief" that gives the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). To meet this requirement, the complaint must be supported by sufficient factual

8

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). FRCP Rule 12(b)(6) authorizes a motion to dismiss for failure to comply with Rule 8(a)(2).

*Ashcroft* and *Bell Atlantic* prescribe a two-step process for evaluating motions to dismiss. First, the court must presume the truth of *well-pleaded* factual allegations. Second, the court must determine whether those well-pled facts plausibly give rise to the entitled relief. "Plausibility," as it is used in *Bell Atlantic* and *Ashcroft*, refers to whether the non-conclusory *factual* allegations, when assumed to be true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In applying the plausibility standard, the Supreme Court instructed that a "reviewing court [must] draw on its judicial experience and common sense." *Ashcroft*, *supra*, 556 U.S. at 664. Indeed, if the allegations in a complaint are more likely explained by a lawful, as opposed to an unlawful, action, then the plaintiff's claim should be dismissed. (*Id*.)

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, *supra*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, *supra*, 556 U.S. at 678. Complaints that merely recite the elements of a claim are insufficient. *Id*. The court is not required to auccept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## V. THE PARENT PLAINTIFFS LACK STANDING AND FAIL TO STATE A CLAIM IN THEIR INDIVIDUAL CAPACITIES

9

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Case 2:25-cv-06829-FMO-AS    Document 28    Filed 12/24/25    Page 14 of 26   Page ID #:166

The Complaint should be dismissed in part because Justin Killen and Mercedes Killen lack standing to assert any individual claims.  As alleged, all injuries stem from actions directed at their minor son, J.K., not at them personally.  The Complaint fails to allege any distinct, concrete, or particularized harm to either parent.  Their claimed injuries are purely derivative of J.K.'s experiences as a student-athlete, which is insufficient to confer standing under Article III or 42 U.S.C. § 1983.

**A.** **<u>Parent Plaintiffs Fail to Allege an Individual Constitutional Injury under 42 U.S.C. § 1983</u>**

Standing is a constitutional prerequisite to the Court's jurisdiction under Article III of the Constitution.  To establish standing, a plaintiff must show (1) injury in fact (an invasion of a legally protected interest that is concrete and particularized, and actual or imminent rather than conjectural); (2) causation (a direct link between the alleged injury and the challenged conduct); and (3) redressability (that the injury is likely to be remedied by a favorable court decision).  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Lance v. Coffman*, 549 U.S. 437, 439 (2007).

Here, the Complaint alleges that J.K. was demoted from varsity water polo, excluded from communications, and denied leadership opportunities after his father complained to school officials.  None of these actions were directed toward either parent.  Even if accepted as true, these allegations describe injuries to J.K. alone, not to either parent.  The pleading does not claim that Mr. or Ms. Killen lost employment, reputation, or any legal entitlement as a result of the alleged conduct.  Their interests are entirely derivative of their son's alleged injuries and therefore nonjusticiable.  Because no injury personal to them is alleged, they cannot satisfy the first element of standing.

In addition, under 42 U.S.C. § 1983, a plaintiff may recover only for the deprivation of his or her own constitutional rights, not those of another.  The

AND RENEWED MOTION TO DISMISS

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Supreme Court has consistently rejected attempts to assert "vicarious" constitutional claims. *Alderman v. United States*, 394 U.S. 165, 174 (1969) [constitutional rights are personal and may not be asserted by third parties]. Because all alleged deprivations (demotion, exclusion, retaliation) concern J.K. alone, the parents have no cognizable constitutional injury.

Although the Complaint states that Mr. Killen "made multiple complaints to school officials," it identifies no retaliatory or adverse action directed at him or at Ms. Killen. Their asserted interests are thus purely derivative of J.K.'s educational and athletic status, which cannot support a § 1983 claim.

### B.    No Protected Property or Liberty Interest

Parents also lack any personal property or liberty interest in their child's participation in extracurricular programs or in coaching decisions. The Fourteenth Amendment protects only clearly defined liberty or property interests, not indirect interests that flow from another's experiences. The Complaint identifies no independent property right belonging to either parent. *Id*. As a matter of law, there is no constitutionally protected parental interest in a student's placement on a sports team or in the internal decisions of a school's athletic program.

### C.    No Standing for State-Law Tort Claims

The Complaint asserts negligence and emotional-distress claims (Counts IV–VI) that also fail for lack of standing. California law permits recovery for emotional distress by a bystander only when the plaintiff witnesses a physical injury to a close relative and suffers contemporaneous emotional shock. *Thing v. La Chusa*, 48 Cal. 3d 644, 667–68 (1989). Here, the parents allege only emotional upset from perceived mistreatment of their son (no physical injury, no contemporaneous awareness, and no independent harm). As a result, their tort claims are legally barred.

### D.    No Statutory Right of Action for Parents

The Education Code sections cited in the Complaint (§§ 201, 220, and 32261

11

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

et seq.) impose obligations on school districts to maintain nondiscriminatory and safe learning environments for students.  None create a private right of action in favor of parents.  Because the statutes confer protections exclusively on students, Justin Killen and Mercedes Killen cannot seek damages or equitable relief under these provisions.

### E.    All Alleged Conduct Targets J.K., Not His Parents

Every factual allegation (demotion, exclusion from communication, denial of leadership opportunities, and alleged retaliation) concerns J.K.  None identifies any act by Coach Lee, Principal Ayala, or the District directed toward Justin Killen or Mercedes Killen individually.  Because all alleged conduct and harm are confined to J.K., the parents lack any independent basis for relief under the U.S. Constitution, the California Constitution, or state tort law.

Under the settled principles articulated in *Lujan*, *Lance*, and *Alderman*, plaintiffs must show a personal, non-derivative injury traceable to the defendant's conduct.  The parents allege none.  Their interests arise only from their relationship to J.K., not from any constitutional, statutory, or property right of their own.  Accordingly, all claims asserted by Justin Killen and Mercedes Killen in their individual capacities should be dismissed for lack of standing under Rule 12(b)(1).

### VI.    PLAINTIFF'S FIRST CLAIM FOR RELIEF FAILS TO STATE A CLAIM FOR VIOLATION OF PROCEDURAL DUE PROCESS UNDER 42 U.S.C. § 1983.

To state a claim for deprivation of procedural due process under 42 U.S.C. § 1983, a plaintiff must allege: (1) the existence of a constitutionally protected liberty or property interest; (2) a deprivation of that interest by state action; and (3) the absence of constitutionally adequate process before the alleged deprivation. *Portman v. County of Santa Clara,* 995 F.2d 898, 904 (9th Cir. 1993).  In the Ninth Circuit, a plaintiff must identify a legitimate claim of entitlement before due process protections attach.  *Shanks v. Dressel,* 540 F.3d 1082, 1090 (9th Cir. 2008).

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

12

## A.  No Protected Property or Liberty Interest

Plaintiff J.K. alleges that he was demoted from varsity water polo, denied leadership positions, and excluded from team activities under Coach Lee's direction. These allegations, even if accepted as true, do not implicate any constitutionally protected interest under the Fourteenth Amendment.

Participation in extracurricular activities, including interscholastic sports, is not a fundamental right or a property interest recognized by the Constitution.  Courts consistently hold that a student's ability to play on a team, to hold a captaincy, or to receive athletic recognition is a privilege, not an entitlement.  The California Court of Appeal has squarely addressed this issue.  In *Ryan v. California Interscholastic Federation–San Diego Section*, 94 Cal.App.4th 1048, 1059 (2001), the court stated, "[s]tudents can need, want, and expect to participate in interscholastic athletics, but students are not entitled to participate in them."

*Ryan* further explains that federal appellate courts are unanimous that participation in school sports "is not protected by the due process guarantee of the federal Constitution."  *Id*. at pp. 1059–1060, citing *Seamons v. Snow,* 84 F.3d 1226, 1235 (10th Cir. 1996); *Niles v. University Interscholastic League,* 715 F.2d 1027, 1031 (5th Cir. 1983); *Hebert v. Ventetuolo,* 638 F.2d 5, 6 (1st Cir. 1981); *Walsh v. Louisiana High Sch. Athletic Ass'n,* 616 F.2d 152, 156–159 (5th Cir. 1980); *Hamilton v. Tenn. Secondary Sch. Athletic Ass'n,* 552 F.2d 681, 682 (6th Cir. 1976).

This holding is consistent with the overwhelming majority of other states whose appellate courts have held that students do not possess a constitutionally protected interest in their participation in extracurricular activities and, specifically, interscholastic sports.  See also, *Scott v. Kilpatrick,* 237 So.2d 652, 656 (Ala. 1970); *Whipple v. Oregon School Activities Ass'n,* 629 P.2d 384, 386 (Or. Ct.App. 1981)*; Menke v. Ohio High Sch. Athletic Ass'n,* 441 N.E.2d 620, 624 (Ohio Ct.App. 1981).)

Thus, J.K.'s claimed interest in maintaining varsity status or a leadership position on the Monrovia High School water polo team is, at most, a personal

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

13

expectation, not a constitutionally protected right. As a result, J.K. has not stated a claim for a violation of procedural due process.

### B. No Deprivation of Process

Even assuming a protected interest existed, the Complaint fails to state a due process claim because no process was required. Team-placement decisions are inherently discretionary determinations made by the coaching staff. When a decision is left to professional judgment or discretion, there is no entitlement to a particular procedure, and thus no deprivation of due process. In addition, the Complaint does not allege that any hearing was requested or denied, nor does it identify any District policy guaranteeing formal review of coaching or placement decisions. Instead, it merely asserts that school officials "failed to investigate or take corrective action," which does not constitute a constitutional violation. See *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) [no due process claim where discretionary decision to deny permit did not implicate a protected interest].

Because there is no recognized property or liberty interest in participating in high school athletics, and the Complaint does not allege any procedural deficiency, Count I for violation of procedural due process appears legally unsupported. Unless Plaintiffs can identify additional facts establishing a protected interest or a lack of due process, the Court should dismiss this Claim for Relief.

### VII. PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR VIOLATION OF FIRST AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983 FAILS TO STATE A CLAIM

To state a claim for First Amendment retaliation under 42 U.S.C. § 1983, a plaintiff must allege: (1) that the plaintiff engaged in a constitutionally protected activity; (2) that the defendant engaged in retaliatory conduct; (3) that the plaintiff's constitutionally protected activity was a substantial or motivating factor for the defendant's acts; (4) that the defendant's acts would likely have deterred a reasonable person from the protected activity; and (5) that the plaintiff was harmed

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

14

as a result of the defendant's conduct. See Judicial Council Of California Civil Jury Instruction ("CACI") 3050 (*citing Capp v. County of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019)).

### A.   No Adverse Action Causally Linked to Protected Speech

Plaintiffs allege that Justin Killen complained to school officials, including co-defendant Principal Ayala, about Coach Lee's coaching practices and lack of parental transparency.  Plaintiffs further allege that, "shortly after" those complaints, J.K. was "marginalized, removed from team communications, and excluded from events."

However, the Complaint itself establishes that J.K. had already been demoted from varsity to the lower-level team before any alleged complaints were made. (Compl. ¶ 17 [demotion occurred "at the beginning of his junior year"]; ¶ 23 [complaints made later by the father].)  Thus, the alleged adverse action cannot be causally connected to the protected speech because it preceded the expression.

The remaining alleged conduct, such as team-level communications, leadership selections, and participation decisions, are discretionary coaching or administrative acts that fall within the ordinary management of a school athletic program.  According to *Pinard v. Clatskanie Sch. Dist.,* 467 F.3d 755, 770 (9th Cir. 2006), the court must decide whether the record would permit a jury to infer that the district's actions punished the plaintiffs in retaliation for having complained.

According to the Complaint, as with the demotion, J.K. was not on the varsity team at the time of the alleged retaliatory conduct, therefore not entitled to varsity-level communication and/or participation decisions.  No jury could infer otherwise.

### B.   No Plausible Allegation of Retaliatory Motive

The Complaint contains no specific factual allegations showing that any defendant acted because of the protected speech.  Plaintiffs simply allege that the adverse actions followed parental complaints.  Temporal proximity alone, without factual detail or direct statements showing retaliatory animus, is insufficient to state

15

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

a claim.  See *Pratt v. Rowland,* 65 F.3d 802, 808 (9th Cir. 1995) [timing alone does not establish retaliation absent other evidence of motive].

Further, the Complaint does not allege that any defendant made statements acknowledging the parental complaints or referencing them as a basis for team decisions.  The pleading relies entirely on conclusory assertions that retaliation occurred, which are not entitled to the presumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.' (Citation Omitted.)" *Id.*

### C.    Protected Conduct Belongs to the Parent, Not the Student

Even assuming that Mr. Killen's complaints to school officials constituted protected speech, the Complaint does not allege that J.K. himself engaged in any protected expression.  The alleged retaliatory conduct, such as J.K.'s marginalization, exclusion from team activities, and removal from communications, was directed at the student, not the parent.  Likewise, the Complaint fails to allege that Mr. Killen personally experienced any adverse action as a result of his speech.  Because 42 U.S.C. § 1983 does not confer derivative standing, a student may not assert a retaliation claim based solely on a parent's protected conduct, and a parent may not recover for alleged retaliation directed toward a child.  *Alderman v. United States*, 394 U.S. 165, 192 (1969) [the general rule that Fourth Amendment rights are personal rights which may not be vicariously asserted].

Because the Complaint does not allege (1) any actionable adverse action, (2) a causal connection between protected speech and the alleged retaliation, or (3) participation in protected activity by the proper party, the Second Claim for Relief for First Amendment retaliation appears legally insufficient.  Unless Plaintiffs can identify specific facts addressing these deficiencies, the Court should dismiss this Claim for Relief.

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

16

## VIII. <u>PLAINTIFF'S THIRD CLAIM FOR RELIEF FOR VIOLATION OF THE CALIFORNIA CONSTITUTION FAILS TO STATE A CLAIM.</u>

Plaintiffs allege that Defendants violated Article I, Sections 2 and 7 of the California Constitution, claiming infringement of free-speech and due-process rights.  To the extent Plaintiffs seek damages, this claim fails as a matter of law because California does not recognize a private right of action for damages under these provisions.  *Katzberg v. Regents of Univ. of Cal.,* 29 Cal.4th 300, 329-331 (2002).)  At most, these provisions may support equitable relief, such as a declaration or injunction, which is not at issue here.

Further, to state a claim for violation of Article I, § 2, a plaintiff must allege that he engaged in protected expression.  The Complaint contains no facts showing that either J.K. or his parents personally engaged in protected expression that was burdened by the District or its employees.

Likewise, a claim under Article I, § 7 requires state action, a protected liberty or property interest, and deprivation of that interest without notice or hearing. *Today's Fresh Start, Inc. v. Los Angeles County Office of Educ.,* 57 Cal.4th 197, 212-213 (2013).  As discussed above, participation in interscholastic athletics is not a protected property or liberty interest.  *Ryan*, *supra*, 94 Cal.App.4th at 1059-1060. Because Plaintiffs cannot establish a constitutionally protected interest, Count III fails to state a claim under either the federal or state constitution.

Because damages are not recoverable under the California Constitution and the Complaint does not allege facts supporting equitable relief, Count III appears legally unsupported.  As the claim seeks forms of relief that are not legally authorized, the District respectfully requests that the Court dismiss this claim for relief in its entirety, unless Plaintiffs amend to limit it to permissible relief.

## IX. <u>PLAINTIFFS' THIRD, FOURTH, FIFTH, AND SIXTH CLAIMS FOR RELIEF ARE BARRED DUE TO PLAINTIFFS' FAILURE TO COMPLY WITH THE CALIFORNIA TORT CLAIMS ACT</u>

17

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

In addition to lacking standing and failing to allege actionable conduct, Plaintiffs have not alleged that they complied with the Government Claims Act (Gov. Code, § 810 et seq.), which is a mandatory prerequisite to maintaining any state-law Claim for Relief against a public entity or its employees acting within the course and scope of employment.

### A. Compliance with the Claims Act Is a Jurisdictional Prerequisite

Under Government Code § 945.4, no suit for money or damages may be brought against a public entity until a written claim has first been presented to that entity and rejected, either expressly or by operation of law.  Compliance with this claim-presentation requirement "is not merely a procedural requirement, but a condition precedent to the maintenance of an action" against a public entity.  *State of California v. Superior Court (Bodde),* 32 Cal.4th 1234, 1239 (2004).  A plaintiff must allege facts showing compliance or excuse from compliance; failure to do so renders the complaint subject to dismissal.  *Id*. at p. 1243.

The Complaint names assert several state-law claims for relief, including:

- Count III (Violations of the California Constitution, Art. I, §§ 2 & 7);
- Count IV (Negligence);
- Count V (Intentional Infliction of Emotional Distress); and
- Count VI (Negligent Infliction of Emotional Distress).

"[S]ection 945.4 requires each Claim for Relief to be presented by a claim complying with section 910, while section 910, subdivision (c) requires the claimant to state the 'date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted.'  If the claim is rejected and the plaintiff ultimately files a complaint against the public entity, the facts underlying each Claim for Relief in the complaint must have been fairly reflected in a timely claim."  *Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority* (2004) 34 Cal.4th 441, 447 (2004).

As noted above, each theory of recovery asserted against the District must be

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

18

reflected in a properly presented government tort claim. Because Plaintiffs have not alleged compliance with the Government Claims Act, and the Complaint identifies no claim ever presented to the District, Counts III, IV, V, and VI are barred as a matter of law and should be dismissed.

## X.    CONCLUSION

For the reasons stated above, Defendant Monrovia Unified School District respectfully requests that this Court:

- Dismiss all claims asserted by Justin Killen and Mercedes Killen in their individual capacities for lack of standing;
- Dismiss all claims for failure to state a claim under Rules 12(b)(1) and 12(b)(6);
- Dismiss all state claims (Counts III-VI) for failing to comply with the Government Claims Act;
- Dismiss Monrovia High School as a defendant;
- Grant such other and further relief as the Court deems just and proper.

DATED:  December 24, 2025          FAGEN FRIEDMAN & FULFROST, LLP

By: _____
Milton Foster III
April Noelle Grant
Attorneys for MONROVIA UNIFIED
SCHOOL DISTRICT

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

19

The undersigned, counsel of record for Monrovia Unified School District, certifies that this brief contains 4,907 words, which complies with the word limit of L.R. 11-6.1.

DATED:  December 24, 2025          FAGEN FRIEDMAN & FULFROST, LLP


By: _____
Milton Foster III
April Noelle Grant
Attorneys for MONROVIA UNIFIED
SCHOOL DISTRICT

953-104/9128816.1

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

20

**PROOF OF SERVICE**

**Killen, Justin v. Monrovia High School, et al.**
**Case No. 2:25-cv-06829-FMO (ASx)**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 4160 Temescal Canyon Road, Suite 610, Corona, CA 92883.

On December 24, 2025, I served true copies of the following document(s) described as **DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION AND RENEWED MOTION TO DISMISS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address cfigueroa@f3law.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 24, 2025, at Corona, California.

_____
Christian Figueroa

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

---

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION
AND RENEWED MOTION TO DISMISS

**SERVICE LIST**
**Killen, Justin v. Monrovia High School, et al.**
**Case No. 2:25-cv-06829-FMO (ASx)**

Lynda Sangmor                                    Attorney for Plaintiffs
Schalor Blackshear
**LENTO LAW GROUP, P.C.**
Corporate Office
Phoenix Corporate Tower
3003 N Central Avenue, Suite 685
Phoenix, AZ 85012
Telephone: (480) 745-5863
Facsimile: (856) 375-1010
lynda.sangmor@llgnational.com
siblackshear@lentolawgroup.com


Gregory P. Goonan                                Attorney for Plaintiffs
**THE AFFINITY LAW GROUP**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
ggoonan@affinty-law.com


953-104/9146962.1

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION
AND RENEWED MOTION TO DISMISS