Lynda Sangmor (To Appear *Pro Hac Vice*)
**LENTO LAW GROUP, P.C.**
Phoenix Corporate Tower
3003 N Central Avenue, Suite 685
Phoenix, AZ 85012
Telephone: (480) 745-5863
Facsimile: (856) 375-1010
Email: lynda.sangmor@llgnational.com
Email: siblackshear@lentolawgroup.com

Gregory P. Goonan (Cal Bar # 119821)
**THE AFFINITY LAW GROUP®**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
Email: ggoonan@affinity-law.com

Attorneys for Plaintiffs Justin Killen and
Mercedes Killen individually and as parents
and guardians of J.K., a minor.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUSTIN KILLEN and MERCEDES KILLEN, individually and as parents and guardians of J.K., a minor,<br><br>*Plaintiffs*,<br><br>vs.<br><br>MONROVIA HIGH SCHOOL, MONROVIA UNIFIED SCHOOL DISTRICT, JEFF LEE, ADRIAN AYALA, and DOES 1 through 10, inclusive,<br><br>*Defendants*. | Case No. 2:25-cv-06829-FMO (ASx)<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT**<br><br>DATE: January 29, 2026<br>TIME: 10:00 a.m.<br>COURT: 6D (Hon. Fernando M. Olguin)<br>Trial Date: January 26, 2027 |

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................iii

I. INTRODUCTION .......................................................................................................1

II. LEGAL STANDARD ................................................................................................2

III. THE PARENT PLAINTIFFS HAVE STANDING AND STATE CLAIMS IN THEIR
INDIVIDUAL CAPACITIES ..........................................................................................3

    A. Parents allege direct constitutional injuries, not merely derivative harms ....................3

    B. Parents possess a recognized liberty interest in directing their child's education and
    advocating for his safety .......................................................................................................4

    C. The Complaint plausibly alleges First Amendment retaliation based on parental speech
    .............................................................................................................................................5

    D. At a minimum, any standing defects should be cured by amendment, not dismissal with
    prejudice..............................................................................................................................7

IV. THE FIRST CLAIM STATES A PLAUSIBLE PROCEDURAL DUE PROCESS
VIOLATION UNDER 42 U.S.C. § 1983 ........................................................................8

    A.    District-created rules and representations plausibly give rise to a legitimate claim of
    entitlement............................................................................................................................8

    B.    Plaintiffs plausibly allege arbitrary deprivation and denial of required
    process……………………………………………………………………..……………10

    C.    Defendant's    authorities    do    not    warrant    dismissal    at    the    pleading
    stage……………………………………………………………………...…………..……11

V.    THE    SECOND    CLAIM    STATES    A    PLAUSIBLE    FIRST    AMENDMENT
RETALIATION CLAIM UNDER 42 U.S.C. § 1983 .....................................................12

    A.    Plaintiffs allege protected speech by the parent and adverse action against the family
    12

    B.    The Complaint alleges temporal proximity and pattern-based facts supporting
    retaliatory motive ...............................................................................................................13

    C.    Section 1983 allows recovery for retaliation against a child based on a parent's
    protected speech .................................................................................................................14

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED
MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

- i-

**VI. THE THIRD CLAIM UNDER THE CALIFORNIA CONSTITUTION SHOULD NOT BE DISMISSED IN ITS ENTIRETY** ....................................................................15

  A.  **Plaintiffs seek equitable relief, which is available under Article I §§ 2 and 7**........... 15

  B.  **At a minimum, the claim should survive to the extent it supports declaratory and injunctive relief**…...………………………………………………………………………………..16

**VII. THE STATE-LAW CLAIMS SHOULD NOT BE DISMISSED WITH PREJUDICE UNDER THE GOVERNMENT CLAIMS ACT** ....................................................................16

  A.  **The Act does not bar Plaintiffs' federal claims or their California constitutional equitable relief**…………………………………………………………………………………..16

  B.  **Failure to plead claims-act compliance, if any, is curable and does not warrant dismissal with prejudice**........................................................................................... 17

**VIII. MONROVIA HIGH SCHOOL AND ANY NON-SUABLE ENTITIES** .................... 18

**IX. LEAVE TO AMEND** ........................................................................................... 18

**X. CONCLUSION**.................................................................................................... 20

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

- ii-

# TABLE OF AUTHORITIES

**United States Supreme Court**

*Alderman v. United States,*
268 U.S. 510 (1925) ............................................................................................7

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .......................................................................................1, 2

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ........................................................................................1, 2

*Pierce v. Soc'y of Sisters,*
268 U.S. 510 (1925) .............................................................................................4

*Troxel v. Granville,*
530 U.S. 57 (2000) ............................................................................................11

*Tinker v. Des Moines Indep. Cmty. Sch. Dist.,*
393 U.S. 503 (1969)...........................................................................................13

*Goss v. Lopez,*
419 U.S. 565 (1975).............................................................................................14

**Ninth Circuit**

*Capp v. County of San Diego,*
940 F.3d 1046 (9th Cir. 2019)...........................................................................6

*Mendocino Envtl. Ctr. v. Mendocino County,*
192 F.3d 1283 (9th Cir. 1999) ....................................................................6, 13

*Portman v. County of Santa Clara,*
995 F.2d 898 (9th Cir. 1993) .........................................................................10

*Shanks v. Dressel,*
540 F.3d 1082 (9th Cir. 2008) ........................................................................11

*Wedges/Ledges of Cal., Inc. v. City of Phoenix,*
24 F.3d 56, 62 (9th Cir. 1994) .......................................................................11

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

**California Supreme Court & Court of Appeal**

*Katzberg v. Regents of Univ. of Cal.,*
    29 Cal. 4th 300 (2002) ……………………...…………………………………15, 16

*State of Cal. v. Superior Court (Bodde),*
    32 Cal. 4th 1234 (2004) ……………………...…………………………………17

*Ryan v. California Interscholastic Fed'n–San Diego Section,*
    94 Cal. App. 4th 1048 (2001) ……………….……………….…...…………………9

**Statutes & Rules**

42 U.S.C. § 1983…………………………………………………………. *passim*

Cal. Gov. Code §§ 945.4.……………………………………………………...17

Fed. R. Civ. P. 8, 12(b)(1), 12(b)(6) ……………………...………………..2, 10

Fed. R. Civ. P. 15 …………………………………………………… 7, 17, 19

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED
MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

- iv-

# I. INTRODUCTION

Defendant Monrovia Unified School District's Renewed Motion to Dismiss attempts to reduce this case to "disappointment with a coach." That framing ignores what the Complaint actually alleges: (1) a specific set of written school policies and representations about fair, criteria-based team selection and appeal rights; (2) the arbitrary demotion and marginalization of a long-time student-athlete in defiance of those rules; (3) repeated parental complaints about safety, fairness, and policy violations; and (4) a subsequent pattern of exclusion, retaliation, and administrative indifference that damaged both J.K. and his parents.

At the Rule 12 stage, the Court must accept Plaintiffs' well-pled factual allegations as true and draw all reasonable inferences in their favor. Under *Twombly* and *Iqbal*, Plaintiffs need only state a plausible claim for relief, not prove their case. The Complaint does that and more.

Defendant's standing challenge to Plaintiffs ignores their direct constitutional injuries and their well-established liberty interest in guiding their child's education and advocating for his safety. Defendant's attack on Plaintiffs' due process and First Amendment claims relies on an improperly narrow interpretation of the Complaint and on cases addressing only claims related to athletic participation, not claims based on district-created procedural rights and retaliation for protected advocacy. Defendant's Government Claims Act argument, even if accepted, would only support an opportunity to amend, not outright dismissal.

Defendant's Renewed Motion to Dismiss should be denied in its entirety. If the Court believes any of Defendant's challenges to Plaintiff's Complaint has merit,

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

- 1-

Plaintiffs request leave to amend since any perceived pleading defects can be cured by amendment Plaintiffs' claims should not be foreclosed at the pleading threshold.

## II. LEGAL STANDARD

Under Rule 12(b)(6), dismissal is appropriate only where the complaint fails to state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").  A claim is plausible when the factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*"). In applying this standard, the Court must accept all well-pled factual allegations as true and construe them in the light most favorable to Plaintiffs as the non-moving parties. Conclusory statements alone are insufficient, but detailed factual allegations, as pled here, must be credited.

Rule 12(b)(1) standing challenges are similarly constrained at the pleading stage: the Court must accept the factual allegations in the complaint as true unless facially implausible, and dismissal is disfavored where defects are curable by amendment.

Moreover, Defendant's suggestion that the Complaint lacks clarity or specificity is inconsistent with Rule 8's "short and plain statement" requirement. The Complaint identifies the actors (Coach Lee and Principal Ayala), the conduct at issue (arbitrary demotion, exclusion, retaliation, and failure to investigate), the timing of events, and the District policies violated. These allegations provide far more than the minimal notice required under Rule 8 and *Twombly*. Indeed, Defendant's Renewed Motion itself demonstrates that it fully understands the

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

factual basis and legal theories asserted, which forecloses any argument that a more definite statement is required.

## III. THE PARENT PLAINTIFFS HAVE STANDING AND STATE CLAIMS IN THEIR INDIVIDUAL CAPACITIES

Defendant asks this Court to hold, as a matter of law, that parents may not sue when a school district retaliates against their child because they complained about safety and fairness, and that parents never suffer their own constitutional injuries in that scenario. That is neither consistent with the Complaint nor with governing authority.

### A. Parents allege direct constitutional injuries, not merely derivative harms

Defendant's motion repeatedly asserts that "all injuries stem from actions directed at J.K., not at [the parents] personally." That is not what the Complaint says. Plaintiffs allege:

1. Protected parental advocacy: Justin Killen "made multiple complaints to school officials, including defendant Ayala, who was the principal of Monrovia High School, regarding Coach Lee's conduct." (Compl. ¶ 23.)

2. Retaliatory response aimed at the family unit: "Shortly after complaints were made by Justin Killen, J.K. was further marginalized, removed from team communications, excluded from team events, and received disparate treatment in comparison to other athletes, in retaliation for the protected speech and parental advocacy." (Compl. ¶ 26.)

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

- 3-

3. Harm to the parents themselves: across each cause of action, Plaintiffs allege that "Plaintiffs and J.K. have been damaged in a sum according to proof at trial." (Compl. ¶¶ 43, 50, 55, 61, 66, 73.)

Retaliation against a child in response to a parent's advocacy is a direct injury to the parent's First Amendment rights, not merely a derivative injury. The constitutional right at stake belongs to the parent who spoke; the injury occurs when the government punishes that speech by harming the child. That is the essence of a First Amendment retaliation claim.

## B. Parents possess a recognized liberty interest in directing their child's education and advocating for his safety

The Supreme Court has long recognized that parents have a fundamental liberty interest in the care, custody, and control of their children, including the right to direct their education. See, e.g., *Pierce v. Soc'y of Sisters*, 268 U.S. 510 (1925); *Troxel v. Granville*, 530 U.S. 57 (2000). That liberty interest necessarily includes the right to communicate with school officials, to complain about unsafe or unfair conditions, and to participate in decisions affecting their child's educational experience.

Here, Plaintiffs allege that:

1. Defendant adopted student-athlete policies "requiring fair treatment, objective selection criteria, and provid[ing] students a right to appeal demotions" (Compl. ¶ 25);

2. Coach Lee "closed practices to parents" and cancelled key meetings "to avoid parental involvement and accountability" (Compl. ¶¶ 20, 21); and

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

3.  The administration "failed to investigate or take corrective action, despite repeated reports and complaints about Coach Lee." (Compl. ¶ 24.)

These allegations go beyond a parent's abstract emotional upset. They describe concrete interference with the parents' ability to advocate for their child's safety, to participate in established processes, and to ensure adherence to district-promulgated protections. That is a direct impairment of their liberty interest, and it is sufficient to confer standing.

Moreover, Defendant's own handbook repeatedly affirms that parents have a right to participate in educational decisions, to communicate with school staff about their child's progress, and to raise concerns about student safety. See, e.g., "Communication on Student Achievement," "Course Selection & Career Counseling," "Counseling Services," and Defendant's "Complaint Process." These policies reflect Defendant's recognition that parental involvement is integral to student welfare. The Complaint alleges that Defendant excluded Plaintiffs from meetings, ignored their reports, and denied them access to the very processes Defendant claims to provide. Such exclusion is a direct interference with Plaintiffs' liberty interest in directing their child's education and advocating for his safety. *See Monrovia Unified School District, 2025–2026 Annual Parent Information & Notifications Handbook, pp. 8, 55, 61.*

## C. The Complaint plausibly alleges First Amendment retaliation based on parental speech

Defendant suggests that a student cannot pursue a retaliation claim grounded in a parent's protected speech, and that a parent cannot recover when retaliation is directed at the child. That is not the law.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

To state a First Amendment retaliation claim under § 1983, Plaintiffs must allege: (1) protected speech; (2) adverse action that would chill a person of ordinary firmness from future speech; and (3) a causal link between the two. The Complaint does precisely that. Retaliation against a child for a parent's protected advocacy is, as a matter of constitutional doctrine, retaliation against the parent, because the government's punitive response targets the family unit as the vehicle for chilling protected speech.

The Complaint alleges as follows:

a) Protected speech: Plaintiff Justin Killen "engaged in protected speech by reporting concerns about Coach Lee's unfair practices, discriminatory treatment, and lack of transparency." (Compl. ¶ 46.)

b) Adverse action: After those complaints, "Defendants took retaliatory actions against J.K., including marginalizing him from the team, denying him opportunities he had previously earned, removing him from team communications, and excluding him from events." (Compl. ¶ 47.)

c) Causation: Those actions occurred "in direct response to those complaints" and "in retaliation for the protected speech and parental advocacy." (Compl. ¶¶ 26, 47–48.)

The Ninth Circuit has repeatedly recognized that retaliation claims may proceed where the government targets a third party to punish the plaintiff's speech or association. See, e.g., *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300–01 (9th Cir. 1999) (retaliation analysis focuses on whether government's actions would chill a person of ordinary firmness from continuing to speak); *Capp v. County of San Diego*, 940 F.3d 1046, 1053–54 (9th Cir. 2019)

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

(recognizing retaliation where government action is taken in response to plaintiff's protected activity). These principles are especially important in the school setting, where parents need to be able to raise concerns about safety and fairness without fearing retaliation against their children.

Defendant's reliance on the general principle that constitutional rights are personal (citing *Alderman v. United States*, 394 U.S. 165 (1969)) does not answer the question here. Plaintiffs are not attempting to assert J.K.'s rights on the parents' behalf; they are asserting the parents' own right to be free from retaliation for their speech. The fact that the retaliatory mechanism is directed at their child does not insulate Defendant from First Amendment scrutiny or liability.

### D. At a minimum, any standing defects should be cured by amendment, not dismissal with prejudice

Even if the Court finds that the current Complaint insufficiently separates the parents' damages from J.K.'s, that is a classic pleading-clarity issue, not a jurisdictional bar. Rule 15's liberal standard favors amendment, particularly at this early stage. Plaintiffs can readily allege additional detail concerning the parents' own emotional, economic, and constitutional harms, and can expressly identify which claims are asserted by which plaintiff. Dismissal with prejudice consequently would be unwarranted.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

- 7-

## IV.  THE  FIRST  CLAIM  STATES  A  PLAUSIBLE  PROCEDURAL  DUE PROCESS VIOLATION UNDER 42 U.S.C. § 1983

Defendant's main argument is that "there is no constitutional right to play interscholastic sports," and therefore no protected interest. However, Plaintiffs are not claiming a vague right to athletic participation. They assert that Defendant itself established specific, mandatory rules and expectations regarding team placement, demotion, and appeals, and that J.K. was arbitrarily demoted and denied those procedures.

### A.  District-created rules and representations plausibly give rise to a legitimate claim of entitlement

A procedural due process claim requires (1) a protected liberty or property interest, and (2) deprivation without constitutionally adequate procedures. In the education context, protected interests can arise from state law, regulations, or school-promulgated rules that create a legitimate claim of entitlement. See *Goss v. Lopez*, 419 U.S. 565 (1975) (students had a property interest in continued education where the state created an entitlement to education).

Here, the Complaint alleges:

1. "Monrovia High School's student-athlete policies require fair treatment, objective selection criteria, and provide students a right to appeal demotions, none of which were followed." (Compl. ¶ 25.) As pled, Defendant's student-athlete policies are mandatory in tone and expressly limit staff discretion by requiring objective criteria, fair treatment, and an appeal process, which is sufficient at the pleading stage to allege a legitimate claim of entitlement.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

- 8-

2. J.K. was "demoted to the JV team without explanation, despite his leadership role and exemplary performance," and "denied the official recognition and role that came with varsity status," while still being required to play in varsity games. (Compl. ¶¶ 17–18.)

3. J.K. was "removed from the varsity team and denied team leadership opportunities without advance notice, justification, or an opportunity to appeal or be heard – all of which violated the school's established procedures and his constitutional rights." (Compl. ¶¶ 39–40.)

Those allegations plausibly allege a legitimate entitlement to the fair application of stated criteria and appeal procedures. Plaintiffs' claim is not that every student has a constitutional right to be on varsity; it is that J.K. had a protected interest in the non-arbitrary application of specific, mandatory rules adopted by Defendant.

Defendant's reliance on *Ryan v. California Interscholastic Fed'n–San Diego Section*, 94 Cal. App. 4th 1048 (2001), is misplaced. *Ryan* addressed whether a student had a constitutional right to participate in interscholastic athletics where there was no claimed entitlement created by specific procedures or policies.

Here, Plaintiffs do not premise their claim on a generalized right to athletic participation, but on Defendant's own published policies guaranteeing parental involvement, communication regarding student progress, and access to complaint and safety-reporting processes. See, e.g., "Communication on Student Achievement," "Course Selection & Career Counseling," "Counseling Services," and Defendant's "Complaint Process," Monrovia Unified School District, *2025–2026 Annual Parent Information & Notifications Handbook*, pp. 8, 55, 61. These

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED
MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

policies reflect Defendant's recognition that parents and students are entitled to fair treatment and meaningful participation in decisions affecting the student's educational experience

At this stage, the Court must accept Plaintiffs' allegations regarding the content and mandatory nature of Defendant's student-athlete policies as true. Defendant has not submitted the policies themselves, nor may it ask the Court to interpret or evaluate them on a Rule 12(b)(6) motion. Whether those policies create binding rights or are merely aspirational guidelines is a factual issue that is not suitable for resolution at the pleadings stage. See *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (existence of a property interest is a fact-intensive inquiry not resolved on a motion to dismiss).

### B. Plaintiffs plausibly allege arbitrary deprivation and denial of required process

Even assuming the Court finds a protected interest, Defendant argues that "no process was required" because coaching decisions are discretionary. That again ignores the allegations of the Complaint, which alleges that:

1. Defendant itself limited discretion by "require[ing] fair treatment, objective selection criteria, and provid[ing] students a right to appeal demotions." (Compl. ¶ 25.)

2. Defendants deviated from those requirements by demoting J.K. "without explanation," denying him leadership roles he had "earned," and refusing to provide notice, reasons, or an appeal. (Compl. ¶¶ 17, 22, 39–40.)

Where a public entity adopts rules limiting discretion and guaranteeing process in certain circumstances, it cannot then invoke "discretion" to evade due

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

- 10-

process scrutiny. Whether the policies at issue created binding entitlements or truly left decisions to unfettered discretion is at minimum a factual question not suitable for resolution on a motion to dismiss. See *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994) (whether a regulation creates a protected entitlement "is not appropriately resolved on a motion to dismiss"). This principle applies with full force here, where Plaintiffs allege mandatory, criteria-based procedures that limit discretion and create a legitimate claim of entitlement.

**C.** **Defendant's authorities do not warrant dismissal at the pleading stage**

Defendant cites *Shanks v. Dressel*, 540 F.3d 1082 (9th Cir. 2008), for the proposition that no due process claim lies where a decision is discretionary. But *Shanks* turned on the specific language of the challenged ordinance and whether it created an entitlement or left decisions to the city's judgment, resolved on a developed record. Here, the Court has only the Complaint, which must be construed in the Plaintiffs' favor. Plaintiffs allege that Defendant's policies were mandatory and created rights of fair treatment and appeal. At this pleading stage, such allegations are enough.

If the Court ultimately concludes that those policies did not create a protected interest as a matter of law, that would be appropriate for summary judgment, not a Rule 12 dismissal based on Defendant's unilateral interpretation of documents not yet in the record.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

# V. THE SECOND CLAIM STATES A PLAUSIBLE FIRST AMENDMENT RETALIATION CLAIM UNDER 42 U.S.C. § 1983

Defendant's attack on the retaliation claim rests on two primary assertions: (1) that the adverse actions occurred before the protected speech, and (2) that temporal proximity is inadequate to infer retaliatory motive. Neither argument warrants dismissal at the pleading stage.

### A. Plaintiffs allege protected speech by the parent and adverse action against the family

As set out above, the Complaint alleges:

1. Protected speech: "plaintiff Justin Killen engaged in protected speech by reporting concerns about Coach Lee's unfair practices, discriminatory treatment, and lack of transparency." (Compl. ¶ 46.)

2. Adverse action: "In direct response to those complaints, Defendants took retaliatory actions against J.K., including marginalizing him from the team, denying him opportunities he had previously earned, removing him from team communications, and excluding him from events." (Compl. ¶ 47; see also ¶ 26.)

3. Chilling effect: "These retaliatory actions would chill a person of ordinary firmness from continuing to speak out and were intended to punish J.K. and his family for speaking up." (Compl. ¶ 48.)

These allegations track the elements of a First Amendment retaliation claim and must be accepted as true at this stage. The Supreme Court has long recognized that students retain First Amendment rights at school, and that schools may not punish protected expression without a "material and substantial disruption" of

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

school operations. *Tinker v. Des Moines Indep. Cmty. Sch. Dist.,* 393 U.S. 503, 506–09 (1969). Complaints by parents about safety, fairness, and policy violations clearly fall within the core of protected expression that Tinker safeguards.

Defendant also misstates the governing standard by implying that Plaintiffs must allege severe or ultimate injury to state a retaliation claim. The Ninth Circuit has repeatedly held that the relevant question is whether the government's action "would chill a person of ordinary firmness from continuing to engage in protected activity," not whether the plaintiff suffered a particular quantum of harm. See *Mendocino Envtl. Ctr., supra,* 192 F.3d at 1300. Marginalizing a student-athlete, excluding him from communications, and denying earned opportunities easily meet this threshold, particularly where the retaliation targets a minor in response to parental advocacy.

## B. The Complaint alleges temporal proximity and pattern-based facts supporting retaliatory motive

Defendant focuses narrowly on the initial demotion at the beginning of J.K.'s junior year and argues that because this preceded the complaints, there can be no causation. But Plaintiffs' retaliation theory is not limited to that initial demotion. The Complaint alleges that:

1. J.K. was later "further marginalized, removed from team communications, excluded from team events, and received disparate treatment in comparison to other athletes," and

2. that these actions occurred "shortly after complaints were made by Justin Killen." (Compl. ¶ 26.)

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

The timing of these additional actions, combined with the pattern of exclusion, the failure to investigate complaints, and the broader "culture of arbitrary favoritism and emotional manipulation" (Compl. ¶¶ 28–35), plausibly supports an inference of retaliatory motive. As discussed, the Ninth Circuit has repeatedly held that causation may be inferred from temporal proximity and circumstantial evidence at the pleading stage; whether that inference carries at summary judgment is a separate question.

Defendant's suggestion that coaching decisions and team communications are categorically non-actionable "discretionary acts" would effectively immunize school officials from retaliation claims in the very area where parents most commonly speak out. That is inconsistent with the First Amendment's protection of complaints about public school operations and student safety.

C. **Section 1983 allows recovery for retaliation against a child based on a parent's protected speech**

As addressed in Section III.C, § 1983 supports claims where the government punishes one person to retaliate against another's protected speech. The key question is whether the government's action would chill a person of ordinary firmness from exercising that right. Retaliating against a student-athlete by marginalizing him, excluding him from opportunities, and damaging his athletic and academic prospects is exactly the sort of conduct that would chill reasonable parents from continuing to advocate.

To the extent Defendant argues that only the parent (speaker) or only the child (target) can sue, that is a false choice. The parent may sue for violation of his or her own First Amendment rights; the child may sue for the injury inflicted as the

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

- 14-

retaliatory mechanism. The Complaint, which asserts damages on behalf of "Plaintiffs and J.K.," is consistent with that framework.

# VI. THE THIRD CLAIM UNDER THE CALIFORNIA CONSTITUTION SHOULD NOT BE DISMISSED IN ITS ENTIRETY

Defendant contends that Plaintiffs cannot recover damages under Article I, §§ 2 and 7 of the California Constitution, relying on *Katzberg v. Regents of Univ. of Cal.*, 29 Cal. 4th 300 (2002). But *Katzberg* adopted a multi-factor framework and expressly recognized that equitable relief remains available for violations of these provisions.

And because declaratory and injunctive relief are not "money or damages" within the meaning of the Government Claims Act, Plaintiffs' state-constitutional claim for equitable relief is not subject to the Act's claim-presentation requirements.

## A. **Plaintiffs seek equitable relief, which is available under Article I §§ 2 and 7**

The Complaint's Prayer for Relief seeks not only damages, but also declaratory and injunctive relief; specifically, "injunctive relief requiring appropriate policies and training for staff," and a declaration that Defendants' actions violated Plaintiffs' constitutional rights. (Compl., Prayer ¶¶ D–E.) Even if the Court ultimately concludes that damages are unavailable for the state constitutional claim, that would not justify dismissing Count III in its entirety. The claim can and should proceed as a vehicle for equitable relief.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

- 15-

**B. At a minimum, the claim should survive to the extent it supports declaratory and injunctive relief**

At this early stage, the Court need not, and should not, resolve the scope of remedies available under the California Constitution. It is enough that Plaintiffs have plausibly alleged infringement of state constitutional free speech and due process guarantees, and that they seek forms of relief that *Katzberg* and its progeny clearly permit. Dismissal with prejudice would preempt meaningful development of the factual record and foreclose relief the California Constitution affirmatively authorizes.

## VII. THE STATE-LAW CLAIMS SHOULD NOT BE DISMISSED WITH PREJUDICE UNDER THE GOVERNMENT CLAIMS ACT

Defendant argues that Plaintiffs' third, fourth, fifth, and sixth claims (state tort and California constitutional claims) are barred because the Complaint does not expressly allege compliance with the Government Claims Act. Even if the Court agrees the Complaint should be more specific, the remedy is amendment, not dismissal with prejudice.

**A. The Act does not bar Plaintiffs' federal claims or their California constitutional equitable relief**

First, the Government Claims Act does not apply to Plaintiffs' federal § 1983 causes of action. Those claims stand independently of any state-law claim-presentation requirement.

Second, to the extent Plaintiffs seek declaratory and injunctive relief under the California Constitution, such equitable relief is not always subject to the same

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

claim-presentation requirements as damages actions "for money or damages" within the meaning of Gov't Code § 945.4. Defendant's request to dismiss all aspects of Counts III–VI, including equitable components, is overbroad.

## B. Failure to plead claims-act compliance, if any, is curable and does not warrant dismissal with prejudice

California courts have held that while a complaint must allege compliance or excuse, failure to do so typically results in leave to amend. See *State of Cal. v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1243–44 (2004) (recognizing dismissal for failure to allege compliance, but not foreclosing amendment). *Bodde* does not compel dismissal with prejudice where as here Plaintiffs can cure the pleading deficiency.

If the Court determines that Plaintiffs must more specifically allege the presentation, content, and timing of their government claim(s), Plaintiffs respectfully request leave to amend to do so. This case is at the pleadings stage; no prejudice to Defendant would result, and Rule 15 strongly favors resolving claims on the merits.

Defendant's request for dismissal with prejudice is particularly inappropriate because the Government Claims Act is not jurisdictional and does not bar suit where a plaintiff can amend to allege compliance.

California courts consistently hold that failure to plead compliance is a curable defect, not a basis for terminating claims outright. Moreover, the Act does not apply to Plaintiffs' federal § 1983 claims or to their requests for declaratory and injunctive relief under the California Constitution. Defendant's sweeping argument, therefore, overreaches and cannot support the drastic remedy it seeks.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

## VIII. MONROVIA HIGH SCHOOL AND ANY NON-SUABLE ENTITIES

Defendant briefly requests dismissal of "Monrovia High School" as a defendant. Plaintiffs do not intend to litigate over duplicative or non-suable entity labels where the District is before the Court and answerable for its school's actions. To the extent Monrovia High School is not a separate juridical entity under California law, Plaintiffs do not oppose its dismissal without prejudice, provided that such dismissal is expressly without prejudice to Plaintiffs' claims against Monrovia Unified School District and the individual defendants.

Such a limited dismissal would merely streamline the caption and would not affect the scope of liability, or the substantive claims asserted against Defendant and its employees.

## IX. LEAVE TO AMEND

Even if the Court agrees with Defendant on any aspect of its Rule 12 arguments, dismissal with prejudice would be inappropriate. The Ninth Circuit instructs that leave to amend should be "freely give[n]" when justice so requires, particularly where amendment could cure deficiencies in standing allegations, clarify the allocation of claims among plaintiffs, or more specifically allege Government Claims Act compliance.

Plaintiffs can readily:

1. Clarify which claims are asserted by the parents, the minor, or both;
2. Plead additional detail regarding the content of Defendant's student-athlete policies;
3. Describe the harms suffered by the parents in their own right; and

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED
MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

4. Allege compliance with the Government Claims Act as to state-law damages claims.

None of these issues justify cutting off Plaintiffs' claims at the threshold. The Ninth Circuit's liberal amendment policy reflects a strong preference for resolving cases on their merits rather than through technical pleading disputes. Any concerns the Court may have regarding the allocation of claims among Plaintiffs, the articulation of parental injuries, or the specificity of Government Claims Act allegations, can be readily addressed through amendment. Plaintiffs stand prepared to amend if and as necessary. Dismissal with prejudice would be inconsistent with Rule 15 and Ninth Circuit precedent.

/././

/././

/././

/././

/././

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

- 19-

## X. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Deny Defendant Monrovia Unified School District's Renewed Motion to Dismiss in its entirety;

2. In the alternative, deny the motion as to Plaintiffs' federal claims and their requests for declaratory and injunctive relief, and grant leave to amend as to any state-law claims the Court finds insufficiently pled; and

3. Dismiss Monrovia High School as a defendant without prejudice, solely as a duplicative entity, if the Court deems it non-suable.

Dated this January 8, 2025.

/s/ Gregory P. Goonan
Gregory P. Goonan (Cal Bar # 119821)
**THE AFFINITY LAW GROUP®**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Email: ggoonan@affinity-law.com

Lynda Sangmor (To Appear *Pro Hac Vice*)
Schalor Blackshear (To Appear *Pro Hac Vice*)
**LENTO LAW GROUP, P.C.**
Phoenix Corporate Tower
3003 N Central Avenue, Suite 685
Phoenix, AZ 85012
Telephone: (480) 745-5863
Facsimile: (856) 375-1010
Email: lynda.sangmor@llgnational.com
Email: siblackshear@lentolawgroup.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

The undersigned certifies that this memorandum contains 4,682 words, excluding the caption, tables, and this certification, and thus complies with the word limits of C.D. Cal. Local Rule 11-6.1.

Dated this January 8, 2025.

/s/ Gregory P. Goonan
Gregory P. Goonan (Cal Bar # 119821)
**THE AFFINITY LAW GROUP®**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
Email: ggoonan@affinity-law.com

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RENEWED MOTION TO DISMISS BY DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT

- 21-