**[Exempt From Filing Fee Government Code § 6103]**

FAGEN FRIEDMAN & FULFROST, LLP
Milton E. Foster III, SBN 250357
mfoster@f3law.com
April Noelle Grant, SBN 350124
agrant@f3law.com
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Phone: 951.215.4900
Fax: 951.215.4911

Attorneys for MONROVIA UNIFIED
SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUSTIN KILLEN and MERCEDES KILLEN, individually and as parents and guardians of J.K., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>MONROVIA HIGH SCHOOL, MONROVIA UNIFIED SCHOOL DISTRICT, JEFF LEE, ADRIAN AYALA, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-06829-FMO (ASx)<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S RENEWED MOTION TO DISMISS**<br><br>The Hon. Fernando M. Olguin<br><br>Trial Date:          January 26, 2027 |

*Fagen Friedman & Fulfrost, LLP*
*4160 Temescal Canyon Road, Suite 610*
*Corona, California 92883*
*Main 951.215.4900 • Fax 951.215.4911*

## I.     INTRODUCTION

Plaintiffs' Opposition confirms that dismissal is warranted.  The Complaint alleges nothing more than a disagreement with coaching decisions concerning varsity designation, leadership roles, and team recognition.  Those allegations do not implicate the Constitution.  Plaintiffs attempt to transform routine athletic judgments into federal claims by invoking generalized "policies," asserting parental advocacy interests, and labeling ordinary conduct as retaliation.  That effort fails under controlling pleading standards.

Rule 12 requires facts, not conclusions. *Bell Atlantic Corp. v. Twombly* and

*Ashcroft v. Iqbal* make clear that a plaintiff must plead facts establishing entitlement to relief in the complaint itself.  Plaintiffs instead rely on argument, speculation, and materials not pleaded.  That is insufficient as a matter of law.

Critically, Plaintiffs do not dispute the operative facts alleged in the Complaint.  J.K. was demoted from varsity at the beginning of his junior year.  *Compl.* ¶ 17.  His father complained afterward.  *Compl.* ¶ 23.  The Complaint does not allege that Defendants disciplined, excluded, threatened, silenced, or otherwise acted against either parent.   The Opposition does not cure these defects.  It merely recharacterizes the same allegations and advances legal theories that find no support in the pleadings.

Because the Complaint fails to establish standing, fails to allege a protected property or liberty interest, and fails to plausibly plead retaliation or any other constitutional violation, dismissal is required.

## II.    THE PARENT PLAINTIFFS STILL LACK ARTICLE III STANDING

### A.    The Complaint Alleges No Injury in Fact to Either Parent

Article III standing requires each plaintiff to allege a concrete, particularized injury suffered personally.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  The Complaint alleges none as to Justin Killen or Mercedes Killen.

The only factual allegation involving a parent is that Justin Killen complained to school officials.  *Compl.* ¶ 23.  Every alleged adverse action (demotion, exclusion from communications, exclusion from team events, loss of leadership roles) was directed at J.K. alone.  *Compl.* ¶¶ 17–18, 22, 26.  The Complaint does not allege that either parent was barred from meetings, denied access to school officials, retaliated against, or chilled from speaking.  In their opposition, Plaintiffs attempt to clarify the alleged retaliatory actions taken against the Parent Plaintiffs.  However, the cited conduct, Coach Lee "clos[ed] practices to parents" and "cancell[ed] key meetings," describes actions of general applicability that, by definition, cannot constitute retaliation against these Plaintiffs.

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S RENEWED MOTION TO DISMISS

Finally, Plaintiffs rely on boilerplate allegations that "Plaintiffs and J.K. have been damaged." *Compl*. ¶¶ 43, 50, 55, 61, 66, 73.  Those are legal conclusions, not facts establishing injury in fact.  *Ashcroft*, 556 U.S. at 678.

**B.    <u>Alleged Retaliation Against a Child Does Not Confer Standing on a Parent</u>**

Section 1983 authorizes relief only for violations of the plaintiff's own constitutional rights, not injuries allegedly suffered by others.  Plaintiffs argue that retaliation against J.K. constitutes a direct injury to the parents' First Amendment rights.  That theory is not pled and is legally defective. 42 U.S.C. § 1983 permits recovery only for deprivation of the plaintiff's own constitutional rights.  *Alderman v. United States*, 394 U.S. 165, 174 (1969).

The Complaint does not allege that either parent was punished, deterred, or silenced.  As pled, the complaint alleges only that J.K. experienced adverse treatment.  That is a classic derivative injury, which Article III and § 1983 do not recognize.

To the extent Plaintiffs attempt to proceed under a "family-unit" or third-party theory, they fail to satisfy the requirements of Article III standing. As a general rule, a plaintiff may not assert claims based on the legal rights or alleged injuries of third parties. Narrow exceptions exist only where, among other things, the third party faces a genuine obstacle or meaningful impediment to protecting his own interests. *Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994).

No such circumstances are present here. The Complaint expressly alleges that J.K. is capable of pursuing relief and, in fact, J.K. is already a named plaintiff asserting his own claims.  Because J.K. can and does seek redress directly, Plaintiffs cannot invoke third-party standing on his behalf.

Moreover, Article III requires that each plaintiff possess a concrete, personal stake in the outcome of the litigation.  *Id*.  The Parent Plaintiffs allege no independent injury that would be remedied by the requested relief.  They would

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

3

obtain no additional rights or legally cognizable benefit from adjudication of these claims.

Finally, even assuming that a constitutional violation occurred, any cognizable remedy would belong to J.K., not to his parents.  Because J.K. is already pursuing his own claims, the Parent Plaintiffs lack standing to assert duplicative claims premised solely on alleged injuries to him.

**C.    General Parental Liberty Interests Do Not Create Standing Here**

The Parent Plaintiffs invoke broad parental liberty interests in directing a child's education. The Complaint, however, does not allege interference with any core educational decision-making, such as enrollment, curriculum, custody, access to education, or student safety.  Construed in the light most favorable to Plaintiffs, the allegations amount only to dissatisfaction with athletic participation and coaching decisions.

Courts have consistently held that parental liberty interests do not extend to disagreements over extracurricular or athletic programming.  Such disputes do not implicate constitutionally protected rights and are not subject to judicial review under the Due Process Clause.  See, *Scott v. Kilpatrick,* 237 So.2d 652, 656 (Ala. 1970); *Whipple v. Oregon School Activities Ass'n,* 629 P.2d 384, 386 (Or. Ct.App. 1981)*; Menke v. Ohio High Sch. Athletic Ass'n,* 441 N.E.2d 620, 624 (Ohio Ct.App. 1981).)

Because the Complaint alleges no personal injury to either parent, all claims asserted by Justin Killen and Mercedes Killen must be dismissed under Rule 12(b)(1).

**III.    PLAINTIFFS FAIL TO STATE A PROCEDURAL DUE PROCESS CLAIM**

**A.    Plaintiffs Plead No Protected Property or Liberty Interest**

Plaintiffs expressly allege that J.K. "had a protected interest in participation in the Monrovia High School varsity water polo program." *Compl*. ¶ 39. That

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

4

allegation is legally incorrect.  There is no constitutionally protected property or liberty interest in varsity status, athletic participation, leadership roles, or team recognition.  *Ryan v. California Interscholastic Fed'n–San Diego Section*, 94 Cal.App.4th 1048, 1059–1060 (2001).

The Complaint confirms that the alleged deprivation is the loss of varsity designation and related privileges.  *Compl*. ¶¶ 17–18, 22, 39–40.  As a matter of law, that does not implicate due process protections.

**B.      Vague References to "Policies" Do Not Create a Federal Entitlement**

Plaintiffs attempt to avoid *Ryan* by alleging that "student-athlete policies require fair treatment, objective selection criteria, and provide students a right to appeal demotions." *Compl*. ¶ 25.  But the Complaint does not identify the policy language, where it appears, who adopted it, or how it limits discretion.  It pleads only conclusions.

A protected property interest arises only where government rules use ***mandatory language*** that significantly restrict decision-making.  *Shanks v. Dressel*, 540 F.3d 1082, 1090–1091 (9th Cir. 2008).  Aspirational notions of fairness and criteria do not create an entitlement.  Procedural guidelines do not transform a unilateral expectation into a protected property interest.  *Wedges/Ledges*, 24 F.3d at 62.

The Complaint also never identifies the standards Defendants allegedly failed to apply.  Plaintiffs do not plead what "objective selection criteria" existed, how they were violated, or how J.K. satisfied any mandatory standard.  Without the underlying rule, there can be no plausible "legitimate claim of entitlement." *Bell Atlantic Corp.*, 550 U.S. at 555.

**C.      The Handbook Sections Cited in the Opposition Do Not Support Plaintiffs' Theory**

Although not cited in the Complaint, Plaintiffs' Opposition relies on select

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

5

provisions from the District's annual handbook, including sections titled "Communication on Student Achievement," "Course Selection & Career Counseling," "Counseling Services," and a general "Complaint Process." Even if the Court considers these materials, they do not support Plaintiffs' claims.

None of the cited provisions addresses varsity placement, team selection, athletic participation, leadership designation, or any appeal process related to athletics. To the contrary, each provision is expressly limited to academic or student-support functions.

The "Communication on Student Achievement" section concerns the issuance of report cards, academic progress, and parent-teacher communication regarding coursework and proficiency. It does not reference athletics, extracurricular activities, or coaching decisions.

The "Course Selection & Career Counseling" provision governs assistance with academic course selection and career planning beginning in grade seven. It is expressly tied to classroom instruction and academic pathways, not athletic participation or team assignments.

The "Counseling Services" section similarly addresses access to school counselors for academic, attendance, and social-development needs. It does not purport to regulate athletic programs or constrain coaching discretion.

Finally, the cited "Complaint Process" applies exclusively to allegations of sexual harassment and prescribes reporting and investigation procedures for such claims. It does not create a general grievance or appeal mechanism for athletic disputes.

Thus, Plaintiffs' own cited materials underscore the defect in their pleading. They identify no rule, policy, or regulation that limits coaching discretion, guarantees varsity placement, mandates notice, or provides an appeal process for athletic decisions. At most, they rely on generalized academic and student-support provisions that are wholly unrelated to athletics.

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

6

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Plaintiffs must allege a protected property interest on the face of the Complaint and cannot be created through argument or after-the-fact reliance on inapplicable handbook provisions, Plaintiffs' due process theory fails as a matter of law.  The policies on which Plaintiffs rely do not regulate athletics, confer enforceable rights, or impose substantive limitations on coaching discretion.  As a result, the absence of a cognizable property interest is not a pleading deficiency that can be cured by amendment.

**D.      *Portman* Does Not Salvage Plaintiffs' Due Process Claim**

Plaintiffs cite *Portman v. County of Santa Clara* 995 F.2d 898, 904–905 (9th Cir. 1993) for the proposition that the existence of a property interest is "fact-intensive."  *Portman* does not support Plaintiffs' position.  Portman reiterates that the Due Process Clause does not create property rights, and that the threshold inquiry is whether the plaintiff has a legitimate claim of entitlement derived from federal law.

*Portman* does not allow plaintiffs to bypass that threshold inquiry by pleading unspecified policies and postponing the entitlement analysis.  Here, Plaintiffs plead no law, rule, or binding understanding that entitles a student to varsity designation or an appeal of coaching decisions.  Their allegations describe only a unilateral expectation, which *Portman* and *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972) make clear is insufficient.

**E.      No Denial of Constitutionally Required Process Is Alleged**

Even assuming an interest existed, the Complaint does not allege denial of constitutionally required process.  Plaintiffs do not allege that J.K. requested a hearing and was denied one.  They allege only that he was demoted "without explanation" and that administrators "failed to investigate." *Compl*. ¶¶ 17, 24, 40.

A failure to follow internal procedures does not itself violate due process.  Absent a protected interest, no process is constitutionally required.  Count I therefore fails as a matter of law.

7

## IV. PLAINTIFFS FAIL TO STATE A FIRST AMENDMENT RETALIATION CLAIM

The Complaint alleges that J.K. was demoted at the beginning of his junior year. *Compl*. ¶ 17.  It alleges that Justin Killen complained later.  *Compl*. ¶ 23. That sequencing defeats causation as to the demotion.

Plaintiffs attempt to rely on later allegations of "marginalization," but those allegations are conclusory.  The Complaint does not identify who took what action, when it occurred, or how the alleged conduct differed from the ordinary treatment of a junior-varsity player or any other team member.  *Compl*. ¶ 26. Nor does the Complaint allege facts showing a causal link between any protected speech and the challenged conduct.  Conclusory assertions that actions were taken "in retaliation" or "in direct response" are not entitled to the presumption of truth. *Ashcroft*, 556 U.S. at 678.

Temporal proximity alone is insufficient to plead retaliation.  *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995).  Allegations concerning routine coaching and team management decisions, without more, do not rise to the level of adverse action required to support a retaliation claim.

## V. THE CALIFORNIA CONSTITUTION CLAIM FAILS AND DAMAGES ARE UNAVAILABLE

Plaintiffs allege that Article I, §§ 2 and 7 of the California Constitution support an award of damages and injunctive relief.  *Compl*. ¶ 54.  That is incorrect. California courts do not recognize a private right of action for damages under these provisions. *Katzberg v. Regents of Univ. of Cal.*, 29 Cal.4th 300, 329–331 (2002).

Even as an equitable claim, Count III fails.  Equitable relief is available only where it would redress an actual or imminent violation of a substantive right. Plaintiffs have not plausibly alleged any underlying constitutional violation, federal or state.  Absent a cognizable right, declaratory or injunctive relief cannot stand.

Moreover, equitable relief requires redressability.  To maintain a claim for

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

8

declaratory or injunctive relief, a plaintiff must allege an injury that is actual or imminent, fairly traceable to the defendant's conduct, and likely to be redressed by the requested relief. *Lujan,* 504 U.S. at 560–561 (1992).  Courts do not issue equitable relief where the requested remedy would not meaningfully remedy the alleged injury or would merely declare wrongdoing in the abstract.

Here, Plaintiffs' allegations concern past, discretionary athletic decisions and do not identify any ongoing or imminent constitutional deprivation that could be remedied by prospective relief.  Because the Complaint fails to allege a redressable constitutional injury, Count III fails as a matter of law.

## VI.   PLAINTIFFS' STATE-LAW CLAIMS ARE BARRED BY FAILURE TO PLEAD GOVERNMENT CLAIMS ACT COMPLIANCE

California Government Code section 905 *et seq.* prescribes the procedures for bringing a suit against a public entity and its employees. These requirements are applicable to state law claims brought in federal court. *See Doe By and Through Doe v. Petaluma City School Dist.*, 830 F.Supp. 1560, 1568-1569, n.3 (N.D.Cal. 1993).  Before bringing a suit against a public entity, the Tort Claims Act **requires** the timely presentation of a written claim and a rejection in whole or part.  *D.K. ex rel. G.M. v. Solano Cnty. Off. of Educ.*, 667 F. Supp. 2d 1184, 1195 (E.D. Cal. 2009).  A plaintiff must plead compliance with the Tort Claims Act in any action that was subject to the claims presentation requirement.  *Dujardin v. Ventura Cty. Gen. Hosp.*, 69 Cal. App. 3d 350 (Ct. App. 1977).  The filing of a proper claim pursuant to Government Code section 910.4 is a condition precedent to the maintenance of an action against the state for damages caused by tort.  *Donohue v. State of California*, 178 Cal. App. 3d 795, 802 (Ct. App. 1986).  The purpose of the government tort claims statute is to place a public agency on notice of potential claims so that those claims can be investigated and, if appropriate, settled prior to the filing of a suit. *V.C. v. Los Angeles Unified Sch. Dist.*, 139 Cal. App. 4th 499, 507–508 (2006), *citing San Diego Unified Port Dist. v. Superior Court*, 197 Cal.

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

9

App. 3d 843, 847 (Ct. App. 1988).

Here, Plaintiffs seek damages under the California Constitution and state tort theories against the District, yet allege no compliance with the Government Claims Act. *Compl*., Prayer ¶ B, C, F.  Plaintiffs do not allege, and cannot allege, compliance with the Tort Claims Act because they failed to submit the required government claim prior to initiating this lawsuit.  Plaintiffs likewise fail to address in their opposition whether a government claim was filed, an omission that effectively concedes noncompliance.  This defect is fatal.  Plaintiffs' request for leave to amend does not defeat dismissal.  At a minimum, all state-law claims for money damages asserted in Counts III through VI must be dismissed.

## VII.   **CONCLUSION**

For the foregoing reasons, Defendant Monrovia Unified School District respectfully requests that the Court:

i)   Dismiss all claims asserted by Justin Killen and Mercedes Killen for lack of standing under Rule 12(b)(1).

ii)  Dismiss Count I for failure to state a procedural due process claim.

iii) Dismiss Count II for failure to state a First Amendment retaliation claim.

iv)  Dismiss Count III for failure to state a claim and because damages are unavailable under Katzberg.

v)   Dismiss Counts III through VI to the extent they seek money or damages for failure to plead Government Claims Act compliance.

In the alternative, order a more definite statement under Rule 12(e) identifying the specific policies, standards, and appeal rights Plaintiffs contend created entitlement, and identifying which plaintiff asserts which claim.

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

10

DATED:  January 15, 2026          FAGEN FRIEDMAN & FULFROST, LLP

By: _____
Milton E. Foster III
April Noelle Grant
Attorneys for MONROVIA UNIFIED
SCHOOL DISTRICT

953-104/9184191.2

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

11

**<u>PROOF OF SERVICE</u>**

**Killen, Justin v. Monrovia High School, et al.**
**Case No. 2:25-cv-06829-FMO (ASx)**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 4160 Temescal Canyon Road, Suite 610, Corona, CA 92883.

On January 15, 2026, I served true copies of the following document(s) described as **REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S RENEWED MOTION TO DISMISS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒　　**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 15, 2026, at Corona, California.

_____
Sara Rosas

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S RENEWED MOTION TO DISMISS

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

**SERVICE LIST**
**Killen, Justin v. Monrovia High School, et al.**
**Case No. 2:25-cv-06829-FMO (ASx)**

Lynda Sangmor                        Attorney for Plaintiffs
**LENTO LAW GROUP, P.C.**
Phoenix Corporate Tower
3003 N Central Avenue, Suite 685
Phoenix, AZ 85012
Telephone: (480) 745-5863
Facsimile: (856) 375-1010
lynda.sangmor@llgnational.com
siblackshear@lentolawgroup.com

Gregory P. Goonan                    Attorney for Plaintiffs
**THE AFFINITY LAW GROUP**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
ggoonan@affinity-law.com

13

REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S RENEWED MOTION TO DISMISS