[Exempt From Filing Fee Government Code § 6103]

FAGEN FRIEDMAN & FULFROST, LLP
Milton E. Foster III, SBN 250357
mfoster@f3law.com
April Noelle Grant, SBN 350124
agrant@f3law.com
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Phone: 951.215.4900
Fax: 951.215.4911

Attorneys for MONROVIA UNIFIED
SCHOOL DISTRICT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JUSTIN KILLEN and MERCEDES KILLEN, individually and as parents and guardians of J.K., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>MONROVIA HIGH SCHOOL, MONROVIA UNIFIED SCHOOL DISTRICT, JEFF LEE, ADRIAN AYALA, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-06829-FMO (ASx)<br><br>**EX PARTE APPLICATION OF DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT TO CONTINUE FACT DISCOVERY CUTOFF, RELATED CASE MANAGEMENT DEADLINES, AND TRIAL**<br><br>The Hon. Fernando M. Olguin<br><br>[Filed concurrently with Declaration of April Noelle Grant and *[Proposed]* Order]<br><br>Trial Date:          January 26, 2026 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Defendant MONROVIA UNIFIED SCHOOL DISTRICT ("District") respectfully applies ex parte for an order continuing the fact discovery cutoff and all remaining case management deadlines by approximately 120 days ("Application"). Specifically, the District requests that the fact discovery cutoff be continued from July 6, 2026, to November 3, 2026, and that the related deadlines for expert disclosures, expert discovery, dispositive motions, the final pretrial conference, and trial be continued accordingly.

Good cause exists under Federal Rule of Civil Procedure 16(b)(4).  The District timely filed a Motion to Dismiss that challenges every cause of action asserted in the Complaint.  The Motion has been fully briefed since January 15, 2026, and was taken under submission on January 22, 2026.  On June 25, 2026, the Court advised the parties that it would issue its ruling no later than July 31, 2026.  As a result, the current July 6, 2026, fact discovery cutoff will occur before the Court determines the operative pleadings that will govern the remainder of this litigation.

Until the Court rules on the Motion to Dismiss, the parties cannot reasonably tailor discovery to the claims and issues that will remain in the case, meaningfully evaluate liability or settlement, or conduct discovery that is proportional to the needs of the case.  Absent continuance, the parties will be required to complete fact discovery, participate in the mandatory settlement conference, and begin expert discovery before the Court determines which claims, if any, will proceed.

This Application is based upon this Ex Parte Application, the accompanying Memorandum of Points and Authorities, the Declaration of April Noelle Grant, Esq., all pleadings and papers on file in this action, and upon such further evidence and argument as the Court may consider.

DATED:  July 1, 2026                    FAGEN FRIEDMAN & FULFROST, LLP

By: _____
Milton E. Foster III
April Noelle Grant
Attorneys for MONROVIA UNIFIED
SCHOOL DISTRICT

EX PARTE APPLICATION OF DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT TO CONTINUE FACT DISCOVERY CUTOFF, RELATED CASE MANAGEMENT DEADLINES, AND TRIAL

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant Monrovia Unified School District ("District") respectfully requests a modest continuance of the fact discovery cutoff and related case management deadlines, including the trial date, by approximately 120 days.

Good cause exists because the District's pending Motion to Dismiss, which challenges every cause of action asserted in the Complaint, has been fully briefed and remains under submission. The Court has advised the parties that it expects to issue its ruling no later than July 31, 2026, after the current July 6, 2026 fact discovery cutoff and mandatory settlement conference. As a result, the parties are required to complete fact discovery, engage in settlement efforts, and begin expert discovery before the Court determines the operative pleadings that will govern the remainder of this litigation.

The Motion to Dismiss seeks to narrow the issues for litigation and define the scope of the case.  Until the Court rules, the parties cannot reasonably tailor discovery, evaluate potential liability, or meaningfully assess settlement because they do not know which claims and issues will remain.  Absent a continuance, the parties must conduct discovery as though every claim asserted in the Complaint will proceed through trial, resulting in potentially unnecessary litigation expense.

A brief continuance will permit the parties to conduct focused and proportional discovery after the Court has determined the operative pleadings, promote informed settlement discussions, conserve the resources of the parties and the Court, and further the just, speedy, and inexpensive determination of this action under the Federal Rules.

### II.   RELEVANT BACKGROUND

Plaintiffs Justin Killen, Mercedes Killen and J.K. ("Plaintiffs") filed their Complaint on July 25, 2025.  [ECF No. 1.]  The District timely filed its pending Motion to Dismiss on December 24, 2025.  [ECF No. 28.]  Plaintiff filed an

3

Opposition on January 8, 2026, and the District filed its Reply on January 15, 2026. [ECF Nos. 32 and 33, respectively.]  Accordingly, the Motion to Dismiss has been fully briefed since January 15, 2026, and was taken under submission on January 22, 2026. [ECF No 34.]

Pursuant to Local Rule 83-9.3, the parties thereafter filed a Joint Request for Decision on the Motion to Dismiss.  [ECF No. 37.]  On June 25, 2026, the Court issued a Minute Order advising the parties that it would issue its ruling no later than July 31, 2026.  [ECF No. 38.]

The pending Motion to Dismiss challenges every cause of action asserted in the Complaint and seeks to eliminate or substantially narrow the issues to be litigated.  Specifically, the Motion challenges the parent Plaintiffs' standing, the legal sufficiency of each federal and state cause of action, and the viability of all state-law claims based on Plaintiffs' failure to comply with the California Government Claims Act.  The Court's ruling therefore has the potential to significantly redefine the scope of this litigation by narrowing the claims, legal issues, parties, and discovery that will ultimately be required.

Until the Court determines which claims, if any, will proceed, the parties cannot reasonably tailor discovery to the issues actually in dispute, evaluate the scope of potential liability, or meaningfully assess the case for settlement.  Instead, the parties are required to proceed as though every claim and theory alleged in the Complaint will remain through trial, requiring discovery directed to issues that may ultimately be eliminated by the Court's ruling. Conducting discovery under those circumstances risks imposing substantial and unnecessary litigation expense that may prove entirely avoidable once the pleadings have been settled.

Pursuant to the Court's Scheduling and Case Management Order, fact discovery and the mandatory settlement conference must both be completed by July 6, 2026, and initial expert disclosures are due on July 20, 2026.  [ECF No. 30.]  As a result, the current fact discovery cutoff and mandatory settlement conference will

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

4

occur nearly four weeks before the Court's anticipated ruling on the Motion to Dismiss, with expert discovery commencing shortly thereafter. Absent a continuance, the parties will be required to complete fact discovery, participate in a mandatory settlement conference, and begin expert discovery before the Court determines which claims and issues, if any, will proceed in this action. Until the Court defines the operative pleadings, the parties cannot reasonably tailor discovery, meaningfully evaluate potential liability and settlement, or determine the scope of expert testimony that may ultimately be necessary.

On June 30, 2026, counsel for the District met and conferred with counsel for Plaintiffs regarding the requested continuance. (Declaration of April Noelle Grant ("Grant Decl.") ¶ 13.) Plaintiffs do not oppose this Application. (Grant Decl. ¶ 14.)

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The primary consideration in determining whether good cause exists is the diligence of the party seeking modification. (*Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 609 (9th Cir. 1992).) The good-cause inquiry focuses on whether the scheduling deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." (*Id.*)

In exercising its discretion under Rule 16(b)(4), the Court also considers the Federal Rules' overarching objective of securing the "just, speedy, and inexpensive determination of every action." (Fed. R. Civ. P. 1.) Accordingly, where a modest modification of the scheduling order will promote proportional discovery, conserve the resources of the parties and the Court, and facilitate the orderly resolution of the litigation, a finding of good cause is appropriate.

Here, good cause exists because the District has diligently complied with the Court's Scheduling Order and timely pursued its Motion to Dismiss. The need for a continuance arises not from any lack of diligence by the parties, but from the fact

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

5

that the Court's anticipated ruling on the fully briefed Motion to Dismiss will occur after the current fact discovery cutoff, creating a scheduling conflict that prevents the parties from conducting focused, proportional discovery based on the operative pleadings.

## IV. ARGUMENT

### A. Good Cause Exists Because the Court's Ruling on the Motion to Dismiss Will Define the Scope of the Litigation.

The District timely filed its Motion to Dismiss, which challenges every cause of action asserted in the Complaint. As discussed above, the Motion challenges the parent Plaintiffs' standing, the legal sufficiency of every federal and state cause of action, and the viability of all state-law claims under the California Government Claims Act. Accordingly, the Motion has the potential to substantially narrow, or eliminate, the claims, legal issues, parties, and discovery that will remain in this action.

The Motion has been fully briefed since January 15, 2026, and was taken under submission on January 22, 2026. On June 25, 2026, the Court issued a Minute Order advising the parties that it would issue its ruling no later than July 31, 2026. Accordingly, the Court's ruling will occur after the current July 6, 2026 fact discovery cutoff and mandatory settlement conference, and after the parties have begun preparing for expert discovery. Under the current Scheduling Order, the parties are therefore required to complete fact discovery, participate in a mandatory settlement conference, and begin expert discovery before the Court determines the operative pleadings that will govern the remainder of this litigation.

The purpose of the Motion to Dismiss extends beyond testing the legal sufficiency of the pleadings. It is intended to define the scope of the litigation by determining which claims and parties, if any, will proceed, thereby allowing discovery, expert preparation, and settlement efforts to focus on the issues actually remaining before the Court. It is also intended to define the scope of the litigation

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

6

before the parties incur the substantial expense of completing discovery, preparing experts, and evaluating the case for trial or settlement. Until the Court determines which claims, if any, will proceed, the operative pleadings remain unsettled, and the scope of necessary discovery cannot be reasonably determined. The Ninth Circuit has recognized that "[a] complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." (*Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).) Because the District's Motion to Dismiss challenges every cause of action asserted in the Complaint, the parties cannot know what allegations will define the permissible scope of discovery until the Court determines which claims, if any, survive dismissal.

This timing presents good cause under Rule 16(b)(4) to modify the Scheduling Order.

**B.      Without the Court's Ruling, the Parties Cannot Conduct Discovery That Is Proportional to the Needs of the Case.**

At present, this case is not yet at issue. The Court has not ruled on the District's Motion to Dismiss, which challenges every cause of action asserted in the Complaint, and the District's obligation to answer has not yet arisen. Consequently, the operative pleadings have not been established, and neither the Court nor the parties know which claims, defenses, parties, or factual allegations will remain in the litigation.

Because the Motion to Dismiss addresses every cause of action in the Complaint, the parties cannot reasonably tailor discovery to the claims and issues that will ultimately remain for litigation. As the Supreme Court has explained that discovery is limited to matters that "bear[] on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." (*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).) Until the Court determines the operative pleadings, the parties cannot know which issues are actually in the case

EX PARTE APPLICATION OF DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT TO CONTINUE FACT DISCOVERY CUTOFF, RELATED CASE MANAGEMENT DEADLINES, AND TRIAL

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

and therefore cannot reasonably tailor discovery to the claims that will ultimately proceed.

Instead, absent a continuance, the parties must proceed as though every claim, theory of liability, and factual allegation alleged in the Complaint will proceed through trial. That requires the parties to pursue broader written discovery, more extensive document collection and review, Rule 30(b)(6) preparation, depositions, third-party discovery, and other litigation efforts that may ultimately prove unnecessary once the Court defines the claims that remain.

Rule 26(b)(1) requires discovery to be relevant to the parties' claims and defenses and proportional to the needs of the case. Until the Court determines the operative pleadings, however, the parties cannot intelligently determine what discovery is proportional because the scope of the litigation remains uncertain. Accordingly, requiring the parties to complete fact discovery before the Court issues its ruling risks imposing substantial and unnecessary litigation costs on both sides and undermines the proportionality principles embodied in Rule 26.

## C. A Continuance Will Promote Judicial Economy and Facilitate Meaningful Evaluation of the Case.

The Court's ruling will significantly affect the parties' ability to evaluate liability, damages, litigation strategy, and settlement.

Until the Court determines which claims remain, neither party can meaningfully assess the scope of potential liability, determine what evidence will be required, evaluate settlement, or make informed decisions regarding expert retention, trial preparation, and litigation budgeting.

Likewise, judicial economy favors allowing discovery to proceed after the Court defines the scope of the litigation. A continuance will permit the parties to focus discovery on the claims that actually remain in the case, reducing unnecessary discovery disputes, limiting avoidable litigation expense, and promoting efficient case management consistent with Rules 1, 16, and 26.

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

8

A continuance will permit the parties to focus discovery on the claims that actually remain in the case, reduce unnecessary litigation expense, facilitate meaningful settlement discussions, and promote efficient case management consistent with Rules 1, 16, and 26.  This approach also aligns with the Court's Scheduling and Case Management Order, which emphasizes the "just, speedy, and inexpensive determination" of every action.

**D.** **Neither Party Will Be Prejudiced by the Requested Continuance, While Both Parties Will Be Prejudiced if the Requested Relief Is Denied.**

Granting the requested continuance will not prejudice either Plaintiff or the District. Instead, it will allow the parties to conduct discovery after the Court has determined the operative pleadings and identified the claims and issues that will proceed. Both parties will therefore have the full opportunity to conduct focused, proportional discovery directed to the operative complaint, rather than expending substantial time and resources on claims, theories, and factual allegations that may ultimately be dismissed.

Conversely, denying the requested continuance will prejudice both parties. Absent relief, the parties will be required to complete fact discovery, prepare for expert discovery, and participate in a mandatory settlement conference before the Court has ruled on the District's Motion to Dismiss. As a result, both parties will incur substantial and potentially unnecessary litigation expenses conducting discovery that may prove irrelevant once the Court defines the operative pleadings and the issues actually remaining in the case. Requiring the parties to litigate the case before it is fully at issue would undermine Rule 26's proportionality requirement and frustrate the efficient administration of this action.

**E.** **The Related Case Management Dates Should Also Be Continued.**

Because the current case schedule is built around the July 6, 2026 fact discovery cutoff, continuing only that deadline would compress the remaining

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

9

deadlines for expert disclosures, expert discovery, dispositive motions, settlement, pretrial filings, and trial preparation.  Under the Court's Scheduling and Case Management Order, fact discovery and the settlement conference must both be completed by July 6, 2026, and initial expert disclosures are due on July 20, 2026.

These deadlines will occur before the Court determines the operative pleadings that will govern the remainder of this litigation.  Consequently, the parties would be required to complete fact discovery, participate in a mandatory settlement conference, and begin expert discovery before knowing the scope of the claims and issues that will proceed.  Until the Court issues its ruling, the parties cannot meaningfully evaluate potential liability, assess litigation exposure, engage in informed settlement negotiations, determine the scope of necessary expert testimony, or tailor discovery and expert disclosures to the claims that remain in the action.  To preserve an orderly and workable case schedule, avoid unnecessary litigation expense, and ensure that discovery, expert disclosures, and settlement efforts are directed toward the claims that remain following the Court's ruling, the District respectfully requests that the Court continue all remaining case management deadlines by approximately 120 days, or by such other period as the Court deems appropriate.

The District does not seek this continuance because it has failed to diligently prosecute discovery or because it seeks to delay these proceedings.  Rather, the requested relief is necessitated by the unusual circumstance that the Court's anticipated ruling on a fully briefed Motion to Dismiss will occur after the current fact discovery cutoff and before several critical litigation deadlines.  A modest continuance will allow discovery, expert preparation, settlement efforts, and the remaining pretrial schedule to proceed in an orderly and proportional manner once the operative pleadings have been established.

/ / /

/ / /

EX PARTE APPLICATION OF DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT TO CONTINUE FACT DISCOVERY CUTOFF, RELATED CASE MANAGEMENT DEADLINES, AND TRIAL

## V.    CONCLUSION

For the foregoing reasons, the District respectfully requests that the Court grant this Ex Parte Application, continue the fact discovery cutoff, all remaining case management deadlines, and the trial date by approximately 120 days, or by such period as the Court deems appropriate, and grant such other and further relief as the Court deems just and proper.

DATED:  July 1, 2026                    FAGEN FRIEDMAN & FULFROST, LLP

By: _____
Milton E. Foster III
April Noelle Grant
Attorneys for MONROVIA UNIFIED
SCHOOL DISTRICT

953-104/9423185.1

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

EX PARTE APPLICATION OF DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT TO CONTINUE FACT DISCOVERY CUTOFF, RELATED CASE MANAGEMENT DEADLINES, AND TRIAL