**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN KILLEN and MERCEDES KILLEN, Individually and as Parents and Guardians of J.K. minor, | ) ) ) Case No. CV 25-6829 FMO (ASx) |
| Plaintiffs, | ) ) ORDER RE: MOTION TO DISMISS |
| v. | ) ) |
| MONROVIA HIGH SCHOOL, <u>et</u> <u>al.</u>, | ) ) |
| Defendants. | ) ) |

Having reviewed and considered all the briefing filed with respect to Monrovia Unified School District's ("the District" or "defendant") Renewed Motion to Dismiss (Dkt. 28, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, <u>see</u> Fed. R. Civ. P. 78(b); Local Rule 7-15; <u>Willis v. Pac. Mar. Ass'n</u>, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment. See <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served,

the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

Justin Killen and Mercedes Killen ("parent plaintiffs") brought this § 1983 action on behalf of themselves and purportedly on behalf of their minor child, J.K. (See Dkt. 1, Complaint at ¶¶ 1, 6, 14-35). However, parent plaintiffs have not sought appointment as guardians ad litem for J.K. (See, generally, Dkt.). Pursuant to Rule 17 of the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Id.; see also Local Rule 17-1.1 ("When the appointment of a guardian ad litem is required by [Rule 17(c)(2)], a relative or friend of the minor or incompetent person, . . . or other suitable person must file a Petition for the Appointment of a Guardian Ad Litem at the time of the minor's or incompetent person's first appearance."). Therefore, because J.K. is a minor, his ability to bring suit is contingent upon appointment by the court of a guardian ad litem.

As to defendants, the District is the only moving defendant here. (See Dkt. 28, Motion). Two additional school official defendants, Jeff Lee and Adrian Ayala, who are represented by the same counsel as the District, have neither joined the instant Motion nor filed a responsive pleading or otherwise appeared in this action. (See, generally, Dkt.). Defense counsel should promptly file a responsive pleading or motion by the deadline set forth below on behalf of defendants Jeff Lee and Adrian Ayala, or risk entry of default judgment against them.

As to the merits of parent plaintiffs' claims, the court will grant the District's Motion and dismiss the Complaint with leave to amend. In preparing the First Amended Complaint, parent plaintiffs should carefully evaluate the contentions set forth in defendant's Motion and the issues noted in this Order. For example, the District asserts that parent plaintiffs have not alleged an

injury in fact sufficient to confer standing because the "allegations describe injuries to J.K. alone, not to either parent." (See Dkt. 28, Motion at 10).  The court agrees.

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408, 133 S.Ct. 1138, 1146 (2013). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." Id. (internal quotation marks omitted).  "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).  Article III requires a plaintiff to show that he or she:  "(1) . . . has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc., 528 U.S. 167, 180-81, 120 S.Ct. 693, 704 (2000); Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 125, 134 S.Ct. 1377, 1386 (2014) ("The plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision.") (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992)).  "[A] plaintiff must demonstrate standing separately for each form of relief sought." Friends of the Earth, 528 U.S. at 185, 120 S.Ct. at 706.

Here, parent plaintiffs have failed to allege an injury in fact.  The Complaint alleges that only J.K. was demoted from the varsity water polo team, passed over for leadership roles, and subjected to exclusionary and retaliatory behavior.  (See Dkt. 1, Complaint at ¶¶ 17-27).  In other words, the Complaint fails to allege any facts showing that the parents themselves suffered any injury in fact.  (See, generally, Dkt. 1, Complaint); see, e.g., Raines v. Byrd, 521 U.S. 811, 819, 117 S.Ct. 2312, 2317 (1997) ("We have consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him."); Ellinghaus v. Educ. Testing Serv., 2016 WL 8711439, *4 (E.D.N.Y. 2016) ("While a parent may sue on behalf of her minor child, she may not assert claims in her

individual capacity where her complaint suggests that only her child's rights were violated."); Morgan v. City of New York, 166 F.Supp.2d 817, 819 (S.D.N.Y. 2001) (noting that the parent "lacks standing to bring claims under § 1983 based upon a deprivation of her daughter's constitutional rights") (internal citations omitted); E.M. v. California Dep't of Educ., 2025 WL 4065370, *3 (N.D. Cal. 2025) ("Parent Plaintiffs have not alleged any cognizable injury under § 1983 because they have not alleged that Defendants deprived them of their constitutional rights.") (emphasis in original).  Accordingly, to the extent parent plaintiffs seek relief for constitutional harms allegedly suffered only by their child, their claims are dismissed for lack of standing with leave to amend.

With respect to the due process claim, the court is skeptical that J.K. has a legally protected interest in participating in the Monrovia High School varsity water polo program.  See S.M.A. by Alford v. Modesto City Sch. Dist., 651 F.Supp.3d 1177, 1185 (E.D. Cal. 2023) (observing that courts have consistently held that "no protectable interest exists in a student's participation in school athletic programs"); Walsh v. Louisiana High Sch. Athletic Ass'n, 616 F.2d 152, 159 (5th Cir. 1980) ("A student's interest in participating in a single year of interscholastic athletics amounts to a mere expectation rather than a constitutionally protected claim of entitlement."); see also Ryan v. California Interscholastic Fed'n-San Diego Section, 94 Cal.App.4th 1048, 1061 (2001) (concluding that "the opportunity to participate in interscholastic athletic activities is a privilege, not a right or an entitlement of such dignity to warrant due process protection").  Nor have parent plaintiffs alleged any protectable liberty or property interest specific to them as parents.[1]  (See, generally, Dkt. 1, Complaint).  In short, parent plaintiffs' due process claim will be dismissed with leave to amend.[2]

---

[1]  Parent plaintiffs' unsupported assertions in their opposition that they have a liberty interest in "the right to communicate with school officials, to complain about unsafe or unfair conditions, and to participate in decisions affecting their child's education experience[,]" (Dkt. 32, Plaintiffs' Opposition to Renewed Motion to Dismiss ("Opp.") at 4), are conclusory and insufficient to allege a liberty or property interest.

[2]  The court will not assess the sufficiency of parent plaintiffs' state law claims until they can state a viable federal claim against any of the defendants.  See, e.g., EcoDisc Tech. AG v. DVD

Based on the foregoing, IT IS ORDERED THAT:

1.  The District's Motion to Dismiss **(Document No. 28)** is **granted** as set forth below.

2.  The Complaint **(Document No. 1)** is **dismissed with leave to amend**.

3.  Plaintiffs shall file a first amended complaint, attempting to cure the deficiencies set forth above, as well as the other alleged defects outlined in defendant's Motion, or a Notice of Intent to Stand on Original Complaint ("Notice of Intent"), no later than **July 16, 2026**.[3]  See WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1135-36 (9th Cir. 1997) ("Unless a plaintiff files in writing a notice of intent not to file an amended complaint, such dismissal order is not an appealable final decision.  In a typical case, filing of such notice gives the district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action, one that is clearly appealable.").  The court expects that defendants will agree to any amendments that will or attempt to cure the alleged defects.

4.  The first amended complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 25-6829 FMO (ASx).  In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their First Amended Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.  In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

---

Format/Logo Licensing Corp., 711 F.Supp.2d 1074, 1085 (C.D. Cal. 2010) ("The Court declines to address the merits of the state law claims until Plaintiff has pleaded a viable federal cause of action."); Carnero v. Wash. Mut., 2010 WL 1136384, *3 (N.D. Cal. 2010) ("Unless and until [Plaintiff] alleges a viable claim under federal law, the Court will decline to address her state law claims."); Dinius v. Perdock, 2011 WL 3566700, *9 (N.D. Cal. 2011) (same).

[3]  Plaintiffs should also file a Petition for the Appointment of a Guardian Ad Litem for J.K. at the time they file their First Amended Complaint.

5.  Plaintiffs are cautioned that failure to timely file a First Amended Complaint or Notice of Intent shall result in this action being dismissed without prejudice for failure to prosecute and failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

6.  Defendants shall file their Answer to the First Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **July 30, 2026**.

7.   In the event defendants wish to file another motion to dismiss, then counsel for the parties shall, on **July 23, 2026, at 10:00 a.m.**[4] meet and confer in person, via video, or telephonically to discuss defendants' motion to dismiss.  Defendants' motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion).  Failure to include such a declaration will result in the motion being denied.

Dated this 6th day of July, 2026.


                                                    /s/
                                            Fernando M. Olguin
                                    United States District Judge

---

[4]  Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.

6