**[Exempt From Filing Fee
Government Code § 6103]**

FAGEN FRIEDMAN & FULFROST, LLP
Milton E. Foster III, SBN 250357
mfoster@f3law.com
April Noelle Grant, SBN 350124
agrant@f3law.com
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Phone: 951.215.4900
Fax: 951.215.4911

Attorneys for MONROVIA UNIFIED
SCHOOL DISTRICT, JEFF LEE, and
ADRIAN AYALA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUSTIN KILLEN and MERCEDES KILLEN, individually and as parents and guardians of J.K., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>MONROVIA HIGH SCHOOL, MONROVIA UNIFIED SCHOOL DISTRICT, JEFF LEE, ADRIAN AYALA, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-06829-FMO (ASx)<br><br>[Assigned for All Purposes to: Hon. Fernando M. Olguin, Dept. 6D]<br><br>**DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>*[Filed concurrently with Declaration of April Noelle Grant in Support of Motion to Dismiss; and [Proposed] Order]*<br><br>DATE: August 27, 2026<br>TIME: 10:00 a.m.<br>DEPT.: 6D<br><br>Trial Date:       None Set |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 27, 2026, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Fernando M. Olguin, located in the First Street United States Courthouse, 350 W. 1st Street, Courtroom 6D, 6th Floor, Los Angeles, CA. 90012, Defendant MONROVIA

*Fagen Friedman & Fulfrost, LLP*
*4160 Temescal Canyon Road, Suite 610*
*Corona, California 92883*
*Main 951.215.4900 • Fax 951.215.4911*

HIGH SCHOOL, MONROVIA UNIFIED SCHOOL DISTRICT ("District") will and hereby does move this Court to dismiss Plaintiffs' First Amended Complaint.

This Renewed Motion is made upon the following grounds:

A. <u>FRCP Rule 12(b)(6)</u>: dismiss Plaintiffs JUSTIN KILLEN and MERCEDES KILLEN, individually and as parents and guardians of J.K., a minor, (collectively "Plaintiffs") Complaint ("Complaint") with prejudice under Federal Rule of Civil Procedure 12(b)(6) because:

1. The parent Plaintiffs, Justin and Mercedes Killen, lack standing and fail to allege any personal injury cognizable under federal or state law.

2. The Complaint fails to state facts sufficient to support any claim under 42 U.S.C. § 1983, the California Constitution, or California tort law.

3. All state-law claims are barred for failure to comply with the California Government Claims Act (Gov. Code § 810 et seq.).

This Renewed Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of April Noelle Grant filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED:  July 30, 2026                    FAGEN FRIEDMAN & FULFROST, LLP


By: _____
Milton Foster III
April Noelle Grant
Attorneys for MONROVIA UNIFIED
SCHOOL DISTRICT

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES............................................5

I.    INTRODUCTION .........................................................................8

II.   FACTUAL ALLEGATIONS (AS ALLEGED IN THE FIRST AMENDED COMPLAINT) ..............................................................9

III.  MEET AND CONFER.................................................................12

IV.   PLAINTIFFS FILED THE FIRST AMENDED COMPLAINT AFTER THE COURT-ORDERED DEADLINE ............................................13

V.    LEGAL STANDARD ................................................................13

      A.   Motion to Dismiss Under FRCP Rule 12(b)(6) ..................13

           1.   Failure to State a Claim ...........................................13

VI.   THE PARENT PLAINTIFFS LACK STANDING AND FAIL TO STATE A CLAIM IN THEIR INDIVIDUAL CAPACITIES.....................14

VII.  THE FIRST AMENDED COMPLAINT IMPERMISSIBLY RELIES ON COLLECTIVE GROUP PLEADING.........................................16

VIII. PLAINTIFFS FAIL TO STATE A CLAIM FOR FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983 .....................17

      A.   The FAC Alleges That the First Adverse Action Occurred Before Any Protected Activity.........................................18

      B.   The FAC Does Not Plausibly Allege That Any Subsequent Conduct Was Motivated by Plaintiffs' Protected Activity. ..................18

      C.   The FAC Does Not Plausibly Allege That Any Defendant Personally Retaliated Against J.K........................................19

IX.   PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE EQUAL PROTECTION CLAUSE. ..........................................19

      A.   Plaintiffs Fail to Identify Similarly Situated Student-Athletes.............20

      B.   Plaintiffs Fail to Allege Facts Demonstrating That the Challenged Decisions Lacked a Rational Basis..................................20

      C.   Plaintiffs Fail to State a Plausible Class-of-One Claim.......................21

X.    PLAINTIFFS FAIL TO STATE A CLAIM FOR MUNICIPAL LIABILITY UNDER *MONELL*..................................................22

      A.   Plaintiffs Fail to Plausibly Allege an Underlying Constitutional Violation..................................................22

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

3

B. Plaintiffs Fail to State a Plausible Failure-to-Train Claim. ...................22

C. Plaintiffs Fail to Plausibly Allege Ratification by a Final Policymaker.......................................................................................23

D. Plaintiffs Fail to Allege That Any District Policy Was the Moving Force Behind the Alleged Constitutional Violations. .............24

XI. PLAINTIFFS' FOURTH, FIFTH, AND SIXTH CLAIMS FOR RELIEF FAIL AS A MATTER OF LAW.........................................25

A. Plaintiffs Have Not Identified a Statutory Basis for Direct Liability Against the District. ..........................................................25

B. Plaintiffs Have Not Adequately Alleged Compliance with the California Government Claims Act. ................................................26

1. Plaintiffs Fail to State a Claim for Negligence.........................27

2. Plaintiffs Fail to State a Claim for Negligent Supervision and Negligent Training. .................................................28

3. Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress....................................................29

XII. THE INDIVIDUAL DEFENDANTS HAVE NOT BEEN SERVED OR APPEARED ......................................................................30

XIII. CONCLUSION .......................................................................30

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION
AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................*passim*

*Bd. of Cnty. Comm'rs v. Brown*,
   520 U.S. 397 (1997) ................................................................................24

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...........................................................................8, 13

*Christie v. Iopa*,
   176 F.3d 1231 (9th Cir. 1999) ..........................................................23, 24

*City of Canton v. Harris*,
   489 U.S. 378 (1989) ..........................................................................22, 23

*City of Cleburne v. Cleburne Living Ctr.*,
   473 U.S. 432 (1985) ................................................................................19

*City of Los Angeles v. Heller*,
   475 U.S. 796 (1986) ..........................................................................22, 23

*Connick v. Thompson*,
   563 U.S. 51 (2011) ..................................................................................23

*Engquist v. Oregon Department of Agriculture*,
   553 U.S. 591 (2008) ................................................................................21

*Gerhart v. Lake County*,
   637 F.3d 1013 (9th Cir. 2011) ................................................................20

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ................................................................14

*Lance v. Coffman*,
   549 U.S. 437 (2007) ................................................................................14

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ...........................................................................8, 14

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

5

*Monell v. Dep't of Soc. Servs.*,
436 U.S. 658 (1978) ............................................................................*passim*

*Pinard v. Clatskanie Sch. Dist. 6J*,
467 F.3d 755 (9th Cir. 2006) ...................................................................17

*Village of Willowbrook v. Olech*,
528 U.S. 562 (2000) .................................................................................20

**California Cases**

*C.A. v. William S. Hart Union High Sch. Dist.* (2012)
53 Cal.4th 861.........................................................................................25

*County of Santa Clara v. Atlantic Richfield Co.* (2006)
137 Cal.App.4th 292...............................................................................27

*Eastburn v. Regional Fire Protection Authority* (2003)
31 Cal.4th 1175.......................................................................................25

*Graham v. Kirkwood Meadows Pub. Util. Dist.*,
21 Cal. App. 4th 1631 (1994)..................................................................20

*Hughes v. Pair* (2009)
46 Cal.4th 1035.......................................................................................29

*Janken v. GM Hughes Electronics* (1996)
46 Cal.App.4th 55...................................................................................29

*Mosley v. San Bernardino City Unified Sch. Dist.* (2005)
134 Cal.App.4th 1260..............................................................................25

*Phillips v. TLC Plumbing, Inc.* (2009)
172 Cal.App.4th 1133..............................................................................28

*Ryan v. California Interscholastic Fed'n–San Diego Section* (2001)
94 Cal.App.4th 1048.................................................................................8

*State of California v. Superior Court (Bodde)* (2004)
32 Cal.4th 1234.......................................................................................26

*Thing v. La Chusa*,
48 Cal. 3d 644 (1989)..............................................................................15

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

6

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION
AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**Federal Statutes**

42 U.S.C.

§ 1983 ...................................................................................................*passim*

**California Statutes**

California Government Claims Act .................................................................9, 25, 26

Compliance with the Government Claims Act.......................................................26

Gov. Code
    § 815 .................................................................................................25, 26
    §§ 905, 910, 911.2, 945.4 ........................................................................26

Government Claims Act ...........................................................................25, 27

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION
AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs Justin Killen ("Justin"), Mercedes Killen ("Mercedes"), and J.K. ("J.K.") (collectively, "Plaintiffs") filed suit against Monrovia Unified School District ("District") and two of its employees.  The First Amended Complaint ("FAC") reads more like a grievance concerning coaching decisions and parental disagreement than a pleading alleging the violation of cognizable legal rights.  It fails to identify which plaintiff asserts which claims, what legal duty was breached, or which specific conduct by each Defendant violated a constitutional provision or statute.  As such, the FAC is precisely the type of vague and conclusory pleading the Supreme Court has cautioned against.  Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must allege sufficient factual matter to "raise a right to relief above the speculative level".  Instead, Plaintiffs rely on generalized allegations that J.K. was "demoted", "excluded", and "retaliated against", without alleging any legally protected entitlement to varsity status or athletic recognition.

At its core, the FAC challenges discretionary decisions made within a high school athletic program—decisions that do not implicate constitutional or statutory rights.  The United States Constitution does not confer upon a student a property or liberty interest in participation on a sports team, nor do parents possess a derivative constitutional right to challenge such decisions.  *Ryan v. California Interscholastic Fed'n–San Diego Section* (2001) 94 Cal.App.4th 1048, 1059–1060.

Moreover, Justin Killen and Mercedes Killen lack standing.  The FAC alleges no injury directed toward them individually, only alleged harms suffered by their son.  Nor have Plaintiffs cured the standing deficiencies previously identified by the Court.  A parent may not assert § 1983 claims based upon alleged violations of a child's constitutional rights, and a student may not premise a retaliation claim solely upon a parent's protected speech. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Their asserted interests are purely derivative of J.K.'s alleged injuries and

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

8

are insufficient as a matter of law.

Even apart from the standing defects, the FAC fails to state any plausible claim for relief. The alleged "demotion", "exclusion" and "failure to investigate" do not implicate a protected liberty or property interest or otherwise amount to a constitutional violation. The retaliation claim fails because the FAC alleges that the first adverse action preceded the alleged protected activity and pleads no facts supporting a retaliatory motive. The Equal Protection and *Monell* claims likewise fail to satisfy federal pleading standards. Finally, the state-law claims fail because Plaintiffs identify no statute authorizing direct liability against the District and do not adequately plead compliance with the California Government Claims Act.

In short, this case concerns dissatisfaction with a coach—not the deprivation of constitutional or statutory rights. Plaintiffs were previously afforded leave to amend after the Court identified deficiencies in the original pleading, yet those deficiencies remain. Because the FAC continues to rely on conclusory allegations rather than plausible facts establishing liability, the District respectfully requests that the Court dismiss the FAC with prejudice.

## II.    FACTUAL ALLEGATIONS (AS ALLEGED IN THE FIRST AMENDED COMPLAINT)

The Complaint was filed by J.K., a student-athlete, and his parents, Justin Killen and Mercedes Killen. Plaintiffs allege that Monrovia High School Principal, co-Defendant Adrian Ayala ("Ayala"), and water polo coach, co-Defendant Jeff Lee ("Lee"), retaliated against J.K. and failed to address a hostile athletic environment.

According to the Complaint, Plaintiff J.K. is a 17-year-old senior at Monrovia High School who has played water polo since the summer before his freshman year and "advanced from [junior varsity] ("JV") to varsity based on merit." *First Amended Complaint* filed on July 17, 2026 [Doc. 42] ("*FAC*") ¶ 14.

At the start of J.K.'s junior year, Coach Lee became head coach of the boys' water polo team. *FAC* ¶ 14. Plaintiffs allege that, following Coach Lee's

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

9

appointment, J.K. experienced abrupt and unexplained changes in team placement and treatment. *FAC* ¶ 14. Plaintiffs allege that Coach Lee demoted J.K. to JV without explanation. *FAC* ¶ 14. Although demoted, J.K. allegedly continued to play in varsity games but was "denied recognition, leadership opportunities, and benefits associated with varsity status." *FAC* ¶ 14.

Plaintiffs further allege that Coach Lee required all athletes to purchase uniforms through specific vendors, allegedly creating financial burdens on families with the implication that athletes who did not comply would not play. *FAC* ¶ 15. Plaintiffs assert that Coach Lee closed practices to parents and cancelled the fall preseason parent meeting. *FAC* ¶ 16. Plaintiffs further allege that Coach Lee publicly stated, "while in the presence of school administrators, that he would not communicate with parents." *FAC* ¶ 16. Coach Lee is also alleged to have transported students, including minors, "without required supervision or school authorization", which Plaintiffs characterize as violating safety protocols contained in the District's Annual Parent Information & Notification Handbook. *FAC* ¶ 17.

Plaintiffs further allege that Coach Lee was observed on multiple occasions in the pool with students without a lifeguard present, which Plaintiffs contend violated the District's Comprehensive School Safety Plan. *FAC* ¶ 19.

Plaintiff Justin, allegedly made "multiple complaints" to school officials, including Ayala, regarding unsafe conditions, discretionary treatment and retaliatory conduct. *FAC* ¶ 20. Plaintiffs assert that the Monrovia High School "administrators failed to investigate or intervene, allowing the misconduct to continue. *FAC* ¶ 20. They further allege that other administrators, including the Athletic Directors and District-level officials, knew of Coach Lee's conduct. *FAC* ¶ 23.

Plaintiffs further allege that, shortly after Justin's complaints, J.K. experienced retaliatory actions, including marginalization from team activities, removal from team communications, exclusion from team events, disparate treatment compared to similarly situated athletes, and denial of leadership

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

10

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

opportunities he had previously earned, purportedly in retaliation for the protected speech by J.K.'s parents. *FAC ¶ 24-25*.

Beyond J.K.'s individual experience, Plaintiffs describe what they call a "broader pattern of arbitrary favoritism and retaliation within the program". *FAC ¶ 27*. They claim that "[o]ther athletes experienced similar targeting and exclusion." *FAC ¶ 27*. Plaintiffs assert that Ulysses Aguila, a senior and former JV captain, was repeatedly demoted without explanation, excluded from recognition, and subjected to intimidation by favored players. Plaintiffs further allege that Ulysses's mother later submitted a complaint to the District. *FAC ¶ 27*.

Plaintiffs assert prior student recognitions had been removed from the team's social media page without explanation. *FAC ¶ 29*. They claim that several players "expressed fear of retaliation if they or their parents raised concerns." *FAC ¶ 30*. Plaintiffs further allege that J.K. was subjected to continued retaliation, hostility, and disparaging comments by teammates during class time even after he left the team until teacher Mr. Menlove became aware of the situation. *FAC ¶ 31-32*.

Plaintiffs claim that "[i]nformation from other schools further illustrates the broader concerns surrounding Defendant Lee's conduct and the environment within Monrovia High School boys' water polo program." *FAC ¶ 34*. Plaintiffs allege "coaches from opposing schools expressed disapproval of Coach Lee's conduct to parent-coach Krista Luiten," noting patterns of overly aggressive play, unsportsmanlike conduct, and poor-sideline management. *FAC ¶ 34*.

Plaintiffs allege Coach Lee's placement decisions did not align with player "skill, experience, or prior leadership roles." *FAC ¶ 36*. Plaintiffs further allege that the District failed to enforce its own policies and handbooks and that "[a]dministrators failed to intervene, failed to enforce safety protocols, and failed to ensure compliance with required communication and complaint-handling procedures." *FAC ¶ 39*.

Plaintiffs claim that J.K. "suffered significant emotional distress, anxiety,

11

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

reputational harm, and the loss of educational and athletic opportunities" as a result of Defendants' conduct. *FAC* ¶ 41. Plaintiffs claim that J.K.'s "academic performance and overall well-being were negatively impacted." *FAC* ¶ 42.

Based on these allegations, Plaintiffs assert claims for First Amendment retaliation, Equal Protection, municipal liability under *Monell*, negligence, negligent supervision and training, and intentional infliction of emotional distress.

## III. <u>MEET AND CONFER</u>

Pursuant to Local Rule 7-3, Defendant Monrovia Unified School District met and conferred in good faith with counsel for Plaintiffs regarding the grounds for this Motion. (Declaration of April Noelle Grant ("Grant Decl."), ¶¶ 2-6.)

On July 23, 2026, counsel participated in a telephonic conference for twenty-three (23) minutes pursuant to the Court's Order. During the conference, Defendant's counsel outlined the legal and factual deficiencies identified in Plaintiffs' First Amended Complaint ("FAC"). (Grant Decl. ¶ 2-3.)

At the conclusion of the conference, Plaintiffs' counsel did not respond to any of the deficiencies, advised that she would consider the issues raised, and notify the District whether Plaintiffs intended to further amend the FAC or stand on the operative pleading. (Grant Decl., ¶ 4.) On July 24, 2026, Plaintiffs' counsel confirmed by email that Plaintiffs would not further amend the FAC. (*Id*.)

Later that same day, the District's counsel sent Plaintiffs' counsel a detailed letter further outlining the legal deficiencies in the FAC, together with the statutory and case authority supporting the District's anticipated Motion to Dismiss, and requested that Plaintiffs reconsider their decision not to amend. (Grant Decl., ¶ 5 & Ex. B.) On July 27, 2026, after reviewing Defendant's correspondence, Plaintiffs' counsel confirmed that Plaintiffs would stand on the FAC. (Grant Decl., ¶ 6 & Ex. C.)

Despite Defendant's good-faith efforts to resolve the issues raised in this Motion without Court intervention, the parties were unable to reach a resolution.

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION
AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendant has therefore satisfied the meet-and-confer requirements of Local Rule 7-3.  (Grant Decl., ¶ 7.)

## IV. <u>PLAINTIFFS FILED THE FIRST AMENDED COMPLAINT AFTER THE COURT-ORDERED DEADLINE</u>

On July 6, 2026, the Court sustained the District's Motion to Dismiss and granted Plaintiffs leave to amend and ordered that any First Amended Complaint be filed no later than July 16, 2026.  Plaintiffs did not comply with that deadline. Plaintiffs filed the First Amended Complaint on July 17, 2026, a day later.

Plaintiffs failed to comply with the Court's scheduling order and, despite being afforded leave to amend, failed to cure the deficiencies clearly identified by the Court in its previous order regarding the District's motion to dismiss on the original complaint.  As discussed below, the First Amended Complaint still fails to state a claim.

## V. <u>LEGAL STANDARD</u>

### A. <u>Motion to Dismiss Under FRCP Rule 12(b)(6)</u>

#### 1. **Failure to State a Claim**

Federal Rule of Civil Procedure ("FRCP"), Rule 8(a)(2), requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief" that gives the defendant "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To meet this requirement, the complaint must be supported by sufficient factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  FRCP Rule 12(b)(6) authorizes a motion to dismiss for failure to comply with Rule 8(a)(2).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic*, *supra*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, *supra*, 556 U.S. at 678.  Complaints that merely recite

13

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

the elements of a claim are insufficient. *Id.* The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## VI.    THE PARENT PLAINTIFFS LACK STANDING AND FAIL TO STATE A CLAIM IN THEIR INDIVIDUAL CAPACITIES

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases and controversies. Accordingly, every plaintiff must establish standing by demonstrating: (1) an injury in fact; (2) a causal connection between the injury and the challenged conduct; and (3) a likelihood that the injury will be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Lance v. Coffman*, 549 U.S. 437, 439 (2007). An injury in fact must be concrete, particularized, and actual or imminent—it cannot be conjectural, hypothetical, or merely derivative of another person's alleged injury. *Lujan*, 504 U.S. at 560.

The Court previously concluded that Plaintiffs Justin and Mercedes failed to allege facts establishing an individualized constitutional injury and dismissed their federal claims with leave to amend. Despite that opportunity, the FAC again alleges injuries suffered exclusively by J.K. and fails to identify any independent constitutional injury sustained by either parent.

Throughout the FAC, the alleged constitutional injuries are directed exclusively toward J.K. Plaintiffs allege that J.K. was demoted from the varsity water polo team, excluded from team communications and activities, denied recognition and leadership opportunities, subjected to intimidation and a hostile team environment, and ultimately forced to leave the program. (*FAC* ¶¶ 14, 24, 41–42.) The FAC further alleges that J.K. suffered emotional distress, anxiety, reputational harm, and the loss of educational and athletic opportunities as a result of Defendants' conduct. (*FAC* ¶¶ 41–42.)

14

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Although the FAC alleges that Justin complained to District administrators regarding J.K.'s treatment, it identifies no retaliatory or adverse action directed toward either Justin or Mercedes.  Instead, the FAC alleges only that J.K. experienced the asserted adverse consequences following those complaints.  (*FAC* ¶¶ 14, 41–42.)  The FAC contains no factual allegations that either parent was denied a constitutional right, excluded from any District program, retaliated against in his or her own capacity, or otherwise suffered a concrete and particularized injury independent of J.K.'s alleged injuries.

Nor do Plaintiffs identify any statutory or constitutional basis permitting Justin or Mercedes to recover in their individual capacities based upon alleged violations of J.K.'s rights.  The FAC asserts claims under 42 U.S.C. § 1983, but § 1983 provides a cause of action only to persons deprived of their own constitutional rights.  The FAC likewise identifies no state statute authorizing the parents to recover damages or equitable relief based solely upon the alleged deprivation of their child's rights.

The same applies to the state-law claims.  Plaintiffs' negligence, negligent supervision and training, and intentional infliction of emotional distress claims likewise allege injuries only to J.K. California does not recognize a parent's independent claim for emotional distress arising solely from alleged mistreatment of a child absent circumstances not alleged here.  *Thing v. La Chusa*, 48 Cal. 3d 644, 667-68 (1989).  Because the FAC alleges no direct injury to either parent, they likewise lack standing to pursue the state-law claims in their individual capacities.

Finally, the FAC contains no factual allegations demonstrating that Mercedes personally engaged in any protected activity or suffered any adverse action.  Aside from identifying her as J.K.'s parent and a named plaintiff, the FAC does not allege that she made any complaints, communicated with District personnel, participated in the events giving rise to this action, or was otherwise involved in the alleged misconduct.  Accordingly, the FAC fails to allege that Mercedes suffered any injury

15

in fact or any violation of her own constitutional rights.

Because the FAC alleges only injuries to J.K. and identifies no individualized injury suffered by Justin or Mercedes, they lack standing to pursue either the federal or state-law claims in their individual capacities.  Accordingly, all claims asserted by Justin and Mercedes should be dismissed.

## VII.   THE FIRST AMENDED COMPLAINT IMPERMISSIBLY RELIES ON COLLECTIVE GROUP PLEADING

Federal Rule of Civil Procedure 8 requires a complaint to provide each defendant with fair notice of the claims asserted against it and the factual basis for those claims.  To survive a motion to dismiss, a complaint must plead sufficient factual matter to permit the Court to draw the reasonable inference that **each** defendant is liable for the misconduct alleged.  *Ashcroft*, 556 U.S. at 678.  "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676.

Despite being afforded leave to amend, Plaintiffs again rely on collective allegations against Defendants rather than identifying the conduct attributable to each Defendant.  Instead, Plaintiffs repeatedly allege throughout the FAC that Defendants collectively retaliated against J.K., denied him equal protection, ignored complaints, failed to investigate, permitted unsafe conditions, inadequately supervised the athletic program, violated District policies, and caused Plaintiffs' alleged injuries.  The FAC does not distinguish among the District, Principal Ayala, and Coach Lee or identify which Defendant engaged in the challenged conduct.

This defect is particularly significant because the FAC asserts claims against both individual defendants and the District, each of which requires different factual allegations and legal standards.  The FAC nevertheless repeatedly alleges, without distinction, that Defendants retaliated against J.K., ignored complaints, ratified Defendant Lee's conduct, failed to train employees, failed to supervise the athletic

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

16

program, and intentionally inflicted emotional distress.  These allegations improperly blur the distinction between individual liability and municipal liability by attributing all alleged conduct collectively to every Defendant, without identifying which Defendant made the challenged coaching decisions, which Defendant allegedly received or ignored parental complaints, which Defendant purportedly retaliated against J.K., or which actions are alleged to constitute an official District policy or custom.

As a result, the federal claims fail to plausibly allege the essential elements of any claim against any particular Defendant. This same pleading defect permeates Plaintiffs' state-law claims, which likewise fail to distinguish among the conduct allegedly attributable to the District, Principal Ayala, and Coach Lee.

This defect is not merely one of form.  By failing to identify which Defendant engaged in the challenged conduct, the FAC does not permit the Court to draw the reasonable inference that any particular Defendant is liable for the alleged constitutional violations.  *Ashcroft*, 556 U.S. at 678.  Because the FAC relies on impermissible collective pleading rather than alleging facts demonstrating how each Defendant is liable under the legal standard applicable to that Defendant, it fails to satisfy Rules 8(a) and 12(b)(6).  Accordingly, dismissal is warranted.

## VIII.  PLAINTIFFS FAIL TO STATE A CLAIM FOR FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983

To state a claim for First Amendment retaliation under 42 U.S.C. § 1983, a plaintiff must plausibly allege that: (1) he engaged in constitutionally protected activity; (2) the defendant took adverse action against him that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the protected activity was a substantial or motivating factor behind the adverse action. *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006).  Despite being granted leave to amend, Plaintiffs still fail to plausibly allege that protected activity was a substantial or motivating factor behind any adverse action.

17

**A.**     **The FAC Alleges That the First Adverse Action Occurred Before Any Protected Activity.**

Plaintiffs allege that J.K. suffered retaliation after Justin complained to District administrators regarding Defendant Lee's treatment of J.K.  However, Plaintiffs' own factual allegations establish that the first adverse action occurred before any protected activity took place.  The claimed retaliation merely reflects the consequences of J.K.'s demotion to the junior varsity team, not new adverse actions taken in response to Plaintiffs' alleged protected activity.

Specifically, the FAC alleges that Defendant Lee demoted J.K. from the varsity water polo team without explanation while continuing to require him to participate in varsity matches, thereby denying him recognition, leadership opportunities, and the benefits associated with varsity status.  (*FAC* ¶ 14.)  The FAC further alleges that Justin subsequently complained to Lee, Ayala, and other District administrators regarding J.K.'s treatment.  (FAC ¶¶ 20–26.)  Because the alleged demotion preceded the protected complaints, the FAC's own allegations foreclose any plausible inference that the demotion was motivated by, or taken in retaliation for, Plaintiffs' protected activity.  *Id*.

**B.**     **The FAC Does Not Plausibly Allege That Any Subsequent Conduct Was Motivated by Plaintiffs' Protected Activity.**

The FAC likewise fails to allege facts demonstrating that any actions occurring after the parents' complaints were motivated by retaliatory animus.  Instead, Plaintiffs allege that, following J.K.'s assignment to the junior varsity team, he was denied recognition, leadership opportunities, varsity communications, and other benefits associated with varsity participation.  These allegations do not plausibly establish independent adverse actions.  Rather, they are the natural and foreseeable consequences of the demotion. (*FAC* ¶ 14.)

Once Plaintiffs' own allegations establish that the varsity demotion preceded any protected activity, the subsequent loss of varsity communications, leadership

18

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

opportunities, recognition, and other varsity-related benefits cannot independently establish retaliation because each necessarily flowed from that original coaching decision. Plaintiffs allege no facts demonstrating retaliatory animus beyond temporal proximity. Temporal proximity alone cannot establish causation where the FAC itself alleges that the first adverse action preceded the protected activity. (*FAC* ¶¶ 14, 24, and 25.)

### C.    The FAC Does Not Plausibly Allege That Any Defendant Personally Retaliated Against J.K.

The FAC repeatedly attributes the alleged retaliatory conduct to Defendants collectively rather than identifying which Defendant committed each alleged retaliatory act. As discussed above, § 1983 liability is personal, and Plaintiffs must plead facts demonstrating each Defendant's individual participation in the alleged constitutional violation. *Ashcroft*, 556 U.S. at 676. Because the FAC fails to identify which Defendant allegedly engaged in the challenged retaliatory conduct, it fails to state a plausible First Amendment retaliation claim against any Defendant.

Accordingly, the First Claim for Relief should be dismissed because the FAC fails to plausibly allege that Plaintiffs' protected activity preceded the challenged conduct, fails to allege that such activity was a substantial or motivating factor in any adverse action, and fails to identify each Defendant's personal participation in the alleged retaliation.

### IX.    PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE EQUAL PROTECTION CLAUSE.

The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Where, as here, Plaintiffs do not allege discrimination based upon membership in a protected class, they must plead a viable "class-of-one" claim by alleging that: (1) J.K. was intentionally treated differently from others who were similarly situated in all material respects; and (2) there was no rational basis

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

19

for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Gerhart v. Lake County*, 637 F.3d 1013, 1022 (9th Cir. 2011). The FAC fails to satisfy either requirement.

Although Plaintiffs added factual allegations, they still do not identify similarly situated athletes or facts demonstrating the absence of a rational basis.

### A.    Plaintiffs Fail to Identify Similarly Situated Student-Athletes.

The FAC repeatedly alleges that Defendant Lee favored other student-athletes and treated J.K. differently than "favored athletes." (FAC ¶¶ 60-66.) However, Plaintiffs never identify those athletes or allege facts demonstrating that they were similarly situated to J.K. in all material respects. The FAC contains no factual allegations regarding the alleged athletes' qualifications, experience, performance, leadership, attendance, or other factors relevant to coaching decisions.

Instead, Plaintiffs rely on generalized assertions that unnamed athletes received preferential treatment without alleging facts demonstrating that those athletes were similarly situated to J.K. in all material respects.

### B.    Plaintiffs Fail to Allege Facts Demonstrating That the Challenged Decisions Lacked a Rational Basis.

Even assuming J.K. was treated differently, the FAC fails to plausibly allege that the challenged decisions lacked any conceivable rational basis. "The inquiry under the rational basis test is whether the policy bears 'some rational relationship to a conceivable legitimate state purpose.'" *Graham v. Kirkwood Meadows Pub. Util. Dist.*, 21 Cal. App. 4th 1631, 1646 (1994).

The FAC repeatedly characterizes Defendant Lee's actions as "arbitrary", "retaliatory", or the product of "favoritism". These, however, are legal conclusions rather than factual allegations. The FAC does not plead facts demonstrating that J.K.'s placement on the junior varsity team, his exclusion from leadership opportunities, or the other challenged decisions could not reasonably have been based upon legitimate coaching considerations, including athletic ability,

20

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

performance, effort, leadership, team chemistry, attendance, attitude, or the strategic needs of the team.

Rather than alleging facts demonstrating the absence of a rational basis, Plaintiffs simply disagree with Defendant Lee's coaching decisions.  Such disagreement does not give rise to a constitutional claim.  The Equal Protection Clause prohibits irrational discrimination, not disagreements over discretionary coaching judgments.

### C.      Plaintiffs Fail to State a Plausible Class-of-One Claim.

The deficiencies in the FAC are particularly significant because Plaintiffs appear to assert a class-of-one Equal Protection claim based entirely upon discretionary coaching decisions.

The Supreme Court has recognized that class-of-one claims are generally ill-suited to challenges involving inherently discretionary governmental decision-making. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 603-04 (2008).  As the Court explained, many governmental decisions necessarily involve individualized, subjective judgments that permit different treatment among individuals without giving rise to an Equal Protection violation.

Although *Engquist* arose in the public employment context, its reasoning is instructive here.  The decisions challenged in the FAC (including varsity placement, assignment of leadership opportunities, participation in team communications, and recognition within an extracurricular athletic program) are precisely the type of individualized coaching judgments that require subjective evaluations of player ability, effort, attitude, leadership, and the needs of the team.  The Equal Protection Clause does not constitutionalize every disagreement with such discretionary decisions.

The Equal Protection claim likewise relies on impermissible group pleading.  For the reasons discussed in Section VII, the FAC fails to identify which Defendant intentionally treated J.K. differently from similarly situated students.  This pleading

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

21

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION
AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

defect provides an independent basis for dismissal.

Accordingly, because the FAC fails to identify similarly situated athletes, fails to plausibly allege the absence of a rational basis for the challenged decisions, and impermissibly attributes the alleged conduct to Defendants collectively, the Second Claim for Relief should be dismissed.

## X.    PLAINTIFFS FAIL TO STATE A CLAIM FOR MUNICIPAL LIABILITY UNDER *MONELL*.

A municipality may not be held liable under 42 U.S.C. § 1983 solely because it employs an alleged tortfeasor.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Instead, a plaintiff must plausibly allege that an official policy, longstanding custom, decision of a final policymaker, or deliberately indifferent failure to train was the moving force behind the alleged constitutional violation.  *Id.* at 694; *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

### A.    Plaintiffs Fail to Plausibly Allege an Underlying Constitutional Violation.

The FAC fails to plausibly allege any violation of J.K.'s constitutional rights. As discussed above, Plaintiffs fail to state viable claims for First Amendment retaliation or Equal Protection, and therefore fail to allege the underlying constitutional violation necessary to support municipal liability under *Monell*. Instead, Plaintiffs repeatedly conclude that Defendants violated J.K.'s constitutional rights without alleging facts sufficient to support those legal conclusions. Because Plaintiffs have failed to plausibly allege an underlying constitutional violation, their *Monell* claim necessarily fails as a matter of law. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

### B.    Plaintiffs Fail to State a Plausible Failure-to-Train Claim.

Plaintiffs also allege that the District inadequately trained employees regarding retaliation, student supervision, complaint handling, aquatic safety, transportation, and constitutional rights.  (FAC ¶¶ 77-78.)

22

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

A failure-to-train theory requires facts demonstrating deliberate indifference, ordinarily shown through a pattern of similar constitutional violations placing the municipality on notice that additional training is necessary. *City of Canton*, 489 U.S. at 388-89; *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

The FAC alleges no prior similar incidents, no facts describing the District's training program, no explanation of how that training was deficient, and no factual basis showing that District policymakers were deliberately indifferent. Plaintiffs also fail to allege that any identified training deficiency was the moving force behind a constitutional violation. Nor does the FAC plausibly connect the alleged training deficiencies to any constitutional violation. Plaintiffs' claims arise from Coach Lee's discretionary decisions regarding team placement, leadership opportunities, and team participation—not from inadequate training concerning aquatic safety, transportation, or complaint procedures.

### C.    Plaintiffs Fail to Plausibly Allege Ratification by a Final Policymaker.

Plaintiffs allege that Principal Ayala and other District administrators had actual notice of Coach Lee's conduct, and administrators ratified the actions by failing to investigate or adequately respond to parental complaints. (FAC ¶¶ 79–81.) These allegations fail to state a claim for municipal liability.

As an initial matter, because the FAC fails to plausibly allege an underlying constitutional violation, there is no unconstitutional conduct capable of being ratified. See *Heller*, 475 U.S. at 799. Even assuming a constitutional violation had been adequately alleged, ratification requires facts showing that an official with final policymaking authority had knowledge of the alleged constitutional violation and affirmatively approved both the subordinate's decision and the basis for that decision. *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). Allegations that administrators failed to investigate complaints, intervene, or discipline an employee do not, without more, establish ratification.

23

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION
AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Moreover, the FAC does not identify any official possessing final policymaking authority who allegedly approved Coach Lee's conduct or the alleged constitutional basis for that conduct.  At most, the FAC alleges acquiescence or inaction, neither of which constitutes ratification under *Christie.*  Instead, Plaintiffs refer generally to "District administrators" and Defendants without alleging that any final policymaker affirmatively adopted the challenged conduct as District policy. Such allegations are insufficient to impose municipal liability under *Monell*.

**D.    Plaintiffs Fail to Allege That Any District Policy Was the Moving Force Behind the Alleged Constitutional Violations.**

Finally, even assuming Plaintiffs adequately alleged an official policy, custom, failure to train, or ratification (which they have not), the FAC fails to plausibly allege that any municipal action caused the alleged constitutional violations. *Bd. of Cnty.  Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Throughout the FAC, Plaintiffs attribute the alleged wrongdoing to Coach Lee's discretionary coaching decisions concerning varsity placement, leadership opportunities, and team participation.  The FAC pleads no facts connecting those individualized decisions to any District policy or longstanding custom.  Instead, Plaintiffs simply conclude that District policies caused the alleged constitutional violations.

Moreover, the FAC repeatedly attributes the challenged conduct to Defendants collectively, conflating Coach Lee's alleged actions with municipal liability.  Because *Monell* liability cannot rest on respondeat superior, allegations concerning an individual employee's conduct, without factual allegations tying that conduct to municipal action, are insufficient as a matter of law.

Accordingly, Plaintiffs have failed to plausibly allege an official policy or custom, deliberate indifference sufficient to support a failure-to-train claim, ratification by a final policymaker, or that any municipal action was the moving force behind the alleged constitutional violations.  The Third Claim for Relief

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

24

should therefore be dismissed.

## XI. PLAINTIFFS' FOURTH, FIFTH, AND SIXTH CLAIMS FOR RELIEF FAIL AS A MATTER OF LAW.

Despite being afforded leave to amend, Plaintiffs still identify no statute authorizing direct liability against the District.  Counts IV through VI fail for three independent reasons: (1) Plaintiffs identify no statute authorizing direct liability against the District; (2) they fail to adequately plead Government Claims Act compliance; and (3) they fail to allege facts establishing the elements of negligence, negligent supervision and training, or intentional infliction of emotional distress.

### A. Plaintiffs Have Not Identified a Statutory Basis for Direct Liability Against the District.

Unlike private litigants, public entities are not subject to common law tort liability.  The California Government Claims Act provides that, "[e]xcept as otherwise provided by statute," a public entity "is not liable for an injury", whether arising out of an act or omission of the public entity, its employees, or any other person.  (Gov. Code, § 815)  As the California Supreme Court has explained, the Government Claims Act abolished common-law governmental tort liability, and all government tort liability must be based on statute. *Eastburn v. Regional Fire Protection Authority* (2003) 31 Cal.4th 1175, 1183.  Accordingly, a plaintiff seeking to impose liability upon a public entity must identify a specific statutory basis authorizing that liability.  *C.A. v. William S. Hart Union High Sch. Dist.* (2012) 53 Cal.4th 861, 868; *Mosley v. San Bernardino City Unified Sch. Dist.* (2005) 134 Cal.App.4th 1260, 1263.)  The FAC does not satisfy this requirement.

Although Plaintiffs assert claims for negligence, negligent supervision and negligent training, and intentional infliction of emotional distress, the FAC does not identify any statute authorizing the District's direct liability for those common-law torts.  Instead, Plaintiffs repeatedly allege that the District failed to investigate complaints, supervise its athletic program, prevent retaliation, adequately train

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

employees, enforce student safety, communicate with parents, and follow its own policies and procedures.  (FAC ¶¶ 17-40, 68-98.)  These allegations, however, describe alleged breaches of internal policies and generalized duties, not duties imposed by statute.

Indeed, the FAC repeatedly relies upon the District's Annual Parent Information & Notifications Handbook, Comprehensive School Safety Plan, Uniform Complaint Procedures, anti-bullying policies, anti-hazing policies, and other internal administrative procedures as the purported source of the District's duties.  (FAC ¶¶ 17-40.)  While such policies may govern the District's internal operations, they do not create an independent statutory basis for public entity liability under Government Code § 815.  Likewise, Plaintiffs' allegations that the District owed duties to maintain a safe athletic environment, investigate complaints, supervise coaches, provide equitable treatment, and protect students from emotional harm are insufficient absent identification of a statute authorizing tort liability for the alleged breaches.

Because the FAC fails to identify any statute authorizing the District's liability for the asserted common-law causes of action, the Fourth, Fifth, and Sixth Claims for Relief fail as a matter of law.

**B.  Plaintiffs Have Not Adequately Alleged Compliance with the California Government Claims Act.**

Plaintiffs' state-law claims are independently barred because the FAC fails to adequately allege compliance with the California Government Claims Act.

Before filing an action for money damages against a public entity, a plaintiff *must timely present a written claim* to the public entity and plead compliance with the claim-presentation requirements.  (Gov. Code, §§ 905, 910, 911.2, 945.4.) Compliance with the Government Claims Act is an element of every state-law cause of action against a public entity and must be pleaded with particularity.  *State of California v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, 1243-1245.

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

26

The FAC alleges, in conclusory fashion, that Plaintiffs complied with the Government Claims Act.  (FAC ¶ 111.)  However, it contains no factual allegations identifying when the claim was presented, to whom it was submitted, the substance of the claim, or when it was rejected.  Such conclusory allegations are insufficient to plead compliance with the Government Claims Act.

In addition, the Fourth, Fifth, and Sixth Claims for Relief are independently subject to dismissal, as discussed below:

### 1.    Plaintiffs Fail to State a Claim for Negligence.

To state a claim for negligence, Plaintiffs must allege facts establishing: (1) the existence of a legal duty; (2) breach of that duty; (3) causation; and (4) damages. *County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 318. The FAC fails to plausibly allege these elements or identify any statutory duty giving rise to the District's alleged duty of care.

Plaintiffs allege that the District owed J.K. duties to supervise Defendant Lee, maintain a safe athletic environment, investigate complaints, protect students from bullying and retaliation, enforce District policies, and provide equitable treatment to student-athletes. (FAC ¶¶ 88-90.)  These allegations merely recite legal conclusions concerning the existence of a duty without identifying facts demonstrating how the District allegedly breached a legally cognizable duty owed to J.K.

Nor does the FAC plausibly allege causation.  Plaintiffs repeatedly conclude that the District's alleged failures caused J.K.'s emotional distress and other injuries, yet they plead no facts demonstrating how any specific act or omission by the District (as opposed to Defendant Lee's alleged coaching decisions) proximately caused those injuries.  Instead, the FAC impermissibly attributes all alleged conduct to Defendants collectively without distinguishing between the actions of Defendant Lee, Principal Ayala, and the District.

Accordingly, the FAC alleges only generalized duties, conclusory assertions of breach, and unsupported allegations of causation that are insufficient to state a

27

plausible negligence claim.  The Fourth Claim for Relief should therefore be dismissed pursuant to Rule 12(b)(6).

### 2. Plaintiffs Fail to State a Claim for Negligent Supervision and Negligent Training.

An employer may be liable for negligent supervision only where it knew or should have known that an employee was unfit or posed a particular risk of harm and nevertheless failed to take reasonable corrective action.  CACI No. 426; *Phillips v. TLC Plumbing, Inc.* (2009) 172 Cal.App.4th 1133, 1139.  The FAC fails to plausibly allege either negligent supervision or negligent training.

First, Plaintiffs do not allege facts demonstrating that the District knew or should have known that Defendant Lee was unfit to coach or posed a particular risk of causing the injuries alleged in the FAC. Allegations that parents' complaints regarding discretionary coaching decisions do not plausibly establish that the District knew Coach Lee posed a foreseeable risk of committing the constitutional or tortious conduct alleged in the FAC.

Second, the negligent training allegations are wholly conclusory.  Plaintiffs allege that the District failed to adequately train employees regarding student safety, aquatic supervision, transportation, anti-bullying procedures, complaint handling, retaliation, and constitutional rights.  (FAC ¶¶ 95-98.)  However, the FAC does not identify the District's existing training, explain how that training was deficient, identify any specific training that should have been provided, or allege facts demonstrating that any purported training deficiency caused the injuries alleged. The FAC does not plausibly explain how additional training concerning aquatic safety, transportation procedures, or complaint handling would have prevented those alleged injuries.

Finally, as with the remaining causes of action, Plaintiffs repeatedly allege that Defendants collectively failed to supervise and train employees without identifying which Defendant engaged in the alleged conduct or distinguishing

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

28

between the liability of the District and the conduct of the individually named Defendants.  Such collective pleading is insufficient to state a plausible claim.

Accordingly, Plaintiffs have failed to plead facts establishing that the District knew or should have known Defendant Lee posed a foreseeable risk of harm or that any alleged deficiency in training caused Plaintiffs' injuries.  The Fifth Claim for Relief should therefore be dismissed pursuant to Rule 12(b)(6).

### 3.    Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress.

To state a claim for intentional infliction of emotional distress ("IIED"), Plaintiffs must allege: (1) extreme and outrageous conduct by the defendant; (2) intent to cause, or reckless disregard of the probability of causing, emotional distress; (3) severe emotional distress; and (4) causation.  *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050.  The FAC fails to plausibly allege the first two elements.

Plaintiffs' allegations arise entirely from discretionary coaching decisions regarding team placement, leadership opportunities, participation in extracurricular athletics, and the District's response to parental complaints.  Even accepting those allegations as true, such decisions do not constitute conduct so extreme and outrageous as to exceed all bounds of that usually tolerated in a civilized community.  *Id*.  At their core, Plaintiffs challenge discretionary judgments concerning team management and the District's response to complaints.  Such decisions, even if mistaken, unfair, or improperly motivated, do not constitute the type of outrageous conduct necessary to support an IIED claim.  *Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 80.

Other than conclusionary allegations, the FAC likewise fails to allege facts demonstrating that any Defendant intended to cause J.K. severe emotional distress or acted with conscious disregard of the probability of causing such distress. Rather, Plaintiffs repeatedly conclude that Defendants acted intentionally without pleading facts supporting that conclusion.  Such threadbare recitals of the elements

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

29

are insufficient under *Iqbal*.

Additionally, Plaintiffs once again attribute the alleged outrageous conduct to Defendants collectively without identifying which Defendant engaged in which conduct or distinguishing between Defendant Lee's alleged actions and those of the District. This collective pleading is insufficient to establish liability against any particular Defendant.

Accordingly, because the FAC does not plausibly allege extreme and outrageous conduct, the requisite intent, or facts supporting causation, Plaintiffs have failed to state a claim for intentional infliction of emotional distress. The Sixth Claim for Relief should therefore be dismissed pursuant to Rule 12(b)(6).

## XII. THE INDIVIDUAL DEFENDANTS HAVE NOT BEEN SERVED OR APPEARED

The District respectfully advises that its counsel represents only the District and not the individually named defendants. The District was not authorized to accept service on their behalf, and neither individual defendant has appeared or waived service. Accordingly, their time to respond has not commenced under Rules 4(e) and 12(a)(1)(A)(i). The District therefore respectfully requests that the Court clarify that District counsel is not required to respond on behalf of parties it does not represent. This motion is made solely on behalf of the District and does not constitute an appearance by either individual defendant.

## XIII. CONCLUSION

For the foregoing reasons, Defendant Monrovia Unified School District respectfully requests that the Court grant its Motion to Dismiss the First Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

Despite being afforded an opportunity to amend after the Court specifically identified the deficiencies in the original pleading, Plaintiffs have failed to cure those deficiencies. Further amendment would therefore be futile. The First Amended Complaint continues to rely upon conclusory allegations, impermissible

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

30

collective pleading, and legal conclusions unsupported by sufficient factual allegations. Plaintiffs have failed to plausibly allege standing on behalf of Justin Killen and Mercedes Killen, failed to state viable claims under 42 U.S.C. § 1983 for First Amendment retaliation, Equal Protection, or municipal liability under *Monell*, and have likewise failed to state any viable state-law cause of action against the District.

Accordingly, Defendant respectfully requests that the Court dismiss the First Amended Complaint with prejudice as to Defendant Monrovia Unified School District and grant such other and further relief as the Court deems just and proper.

DATED: July 30, 2026          FAGEN FRIEDMAN & FULFROST, LLP

By: _____
Milton Foster III
April Noelle Grant
Attorneys for MONROVIA UNIFIED
SCHOOL DISTRICT

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

31

The undersigned, counsel of record for Monrovia Unified School District, certifies that this brief contains 6,882 words, which complies with the word limit of L.R. 11-6.1.

DATED:  July 30, 2026                    FAGEN FRIEDMAN & FULFROST, LLP


By: _____
Milton Foster III
April Noelle Grant
Attorneys for MONROVIA UNIFIED
SCHOOL DISTRICT

953-104/9128816.1

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

32

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION
AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

**Killen, Justin v. Monrovia High School, et al.**
**Case No. 2:25-cv-06829-FMO (ASx)**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Riverside, State of California.  My business address is 4160 Temescal Canyon Road, Suite 610, Corona, CA 92883.

On July 30, 2026, I served true copies of the following document(s) described as **DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION AND RENEWED MOTION TO DISMISS FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒   **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address srosas@f3law.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 30, 2026, at Corona, California.

_____
Sara Rosas

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

**SERVICE LIST**
**Killen, Justin v. Monrovia High School, et al.**
**Case No. 2:25-cv-06829-FMO (ASx)**

Lynda Sangmor                                    Attorney for Plaintiffs
Schalor Blackshear
**LENTO LAW GROUP, P.C.**
Corporate Office
Phoenix Corporate Tower
3003 N Central Avenue, Suite 685
Phoenix, AZ 85012
Telephone: (480) 745-5863
Facsimile: (856) 375-1010
lynda.sangmor@llgnational.com
siblackshear@lentolawgroup.com


Gregory P. Goonan                                Attorney for Plaintiffs
**THE AFFINITY LAW GROUP**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
ggoonan@affinity-law.com


953-104/9453377.2

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION
AND RENEWED MOTION TO DISMISS