[Exempt From Filing Fee Government Code § 6103]

FAGEN FRIEDMAN & FULFROST, LLP
Milton E. Foster III, SBN 250357
mfoster@f3law.com
April Noelle Grant, SBN 350124
agrant@f3law.com
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Phone: 951.215.4900
Fax: 951.215.4911

Attorneys for MONROVIA UNIFIED
SCHOOL DISTRICT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JUSTIN KILLEN and MERCEDES KILLEN, individually and as parents and guardians of J.K., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>MONROVIA HIGH SCHOOL, MONROVIA UNIFIED SCHOOL DISTRICT, JEFF LEE, ADRIAN AYALA, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-06829-FMO (ASx)<br><br>[Assigned for All Purposes to: Hon. Fernando M. Olguin, Dept. 6D]<br><br>**DECLARATION OF APRIL NOELLE GRANT IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>*[Filed concurrently with Defendant Monrovia Unified School District's Notice of Motion and Motion to Dismiss First Amended Complaint; and [Proposed] Order]*<br><br>DATE:  August 27, 2026<br>TIME:   10:00 a.m.<br>DEPT.:  6D<br><br>Trial Date:        None Set |

**DECLARATION OF APRIL NOELLE GRANT**

I, April Noelle Grant, declare as follows:

1.      I am an attorney who is duly admitted to practice before this Court.  I am an associate with Fagen Friedman & Fulfrost, LLP ("Firm"), attorneys of record for MONROVIA UNIFIED SCHOOL DISTRICT ("District").  If called as a

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2.    On July 23, 2026, counsel for Plaintiffs and I participated in a telephonic meet-and-confer conference pursuant to the Court's Order. During the conference, I outlined the legal and factual grounds upon which Defendant Monrovia Unified School District intended to file a Motion to Dismiss the First Amended Complaint ("FAC").  The discussion included:

    a.    Plaintiffs Justin and Mercedes Killen's lack of standing to assert claims under 42 U.S.C. § 1983;

    b.    Plaintiffs' failure to adequately plead a First Amendment retaliation claim, including the absence of facts establishing a causal connection between the alleged protected activity and the purported adverse actions;

    c.    Plaintiffs' failure to state an Equal Protection claim by identifying similarly situated comparators or alleging intentional disparate treatment without a rational basis;

    d.    Plaintiffs' failure to plead facts sufficient to establish municipal liability under Monell, including the absence of allegations establishing an official policy, custom, practice, failure to train, or ratification that was the moving force behind the alleged constitutional violations;

    e.    Plaintiffs' failure to state claims for negligence, negligent supervision and training, and intentional infliction of emotional distress by adequately pleading the essential elements of those causes of action;

    f.    Plaintiffs' failure to adequately plead compliance with the California Government Claims Act;

    g.    Plaintiffs' reliance on impermissible group pleading that failed to

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DECLARATION OF APRIL NOELLE GRANT IN SUPPORT OF RENEWED MOTION TO DISMISS

distinguish the conduct attributable to each Defendant;

h. the need to amend the FAC to reflect that Plaintiff J.K. has reached the age of majority and is no longer proceeding through his parents as guardians ad litem; and

i. the status of service of process on the individually named Defendants.

3. The conference lasted approximately twenty-three (23) minutes.

4. At the conclusion of the conference, Plaintiffs' counsel, Lynda Sangmor, did not respond to any of the deficiencies, stated that she would consider the issues raised, and advise me by the close of business on Friday, July 24, 2026, whether Plaintiffs intended to stand on the FAC or file a further amended complaint. On July 24, 2026, Ms. Sangmor emailed me stating that Plaintiffs would not further amend the FAC. A true and correct copy of that email is attached hereto as **Exhibit A.**

5. Later that same day, I sent Ms. Sangmor a detailed letter further explaining the legal deficiencies in the FAC, including the statutory and case authority supporting Defendant's intended Motion to Dismiss, and requested that Plaintiffs reconsider their decision not to amend. A true and correct copy of my email transmitting the letter, together with the letter itself, is attached hereto as **Exhibit B.**

6. On July 27, 2026, after reviewing my correspondence, Ms. Sangmor responded by email and confirmed that Plaintiffs would stand on the operative First Amended Complaint. A true and correct copy of that email is attached hereto as **Exhibit C.**

7. I have met and conferred in good faith with Plaintiffs' counsel regarding the grounds for Defendant Monrovia Unified School District's forthcoming Motion to Dismiss, as required by Local Rule 7-3. Despite those efforts, the parties were unable to resolve the issues raised in the motion.

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

3

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 30th day of July 2026, in Riverside, California.

By: _____
April Noelle Grant

953-104/9453377.2

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

4

DECLARATION OF APRIL NOELLE GRANT IN SUPPORT OF RENEWED MOTION TO DISMISS

## PROOF OF SERVICE

**Killen, Justin v. Monrovia High School, et al.**
**Case No. 2:25-cv-06829-FMO (ASx)**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 4160 Temescal Canyon Road, Suite 610, Corona, CA 92883.

On July 30, 2026, I served true copies of the following document(s) described as **DECLARATION OF APRIL NOELLE GRANT IN SUPPORT OF RENEWED MOTION TO DISMISS FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address srosas@f3law.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 30, 2026, at Corona, California.

_____
Sara Rosas

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DECLARATION OF APRIL NOELLE GRANT IN SUPPORT OF RENEWED MOTION TO DISMISS

**SERVICE LIST**
**Killen, Justin v. Monrovia High School, et al.**
**Case No. 2:25-cv-06829-FMO (ASx)**

Lynda Sangmor                          Attorney for Plaintiffs
Schalor Blackshear
**LENTO LAW GROUP, P.C.**
Corporate Office
Phoenix Corporate Tower
3003 N Central Avenue, Suite 685
Phoenix, AZ 85012
Telephone: (480) 745-5863
Facsimile: (856) 375-1010
lynda.sangmor@llgnational.com
siblackshear@lentolawgroup.com

Gregory P. Goonan                      Attorney for Plaintiffs
**THE AFFINITY LAW GROUP**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
ggoonan@affinity-law.com

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DECLARATION OF APRIL NOELLE GRANT IN SUPPORT OF RENEWED MOTION TO DISMISS

# EXHIBIT A

| | |
|---|---|
| **From:** | Lynda Sangmor |
| **To:** | April Noelle Grant |
| **Subject:** | Killen vs MUSD et al. -- 03582 |
| **Date:** | Friday, July 24, 2026 1:35:00 PM |
| **Attachments:** | image.png |

**\*\*EXTERNAL EMAIL\*\***

Dear April,

Thank you for the meet and confer call yesterday. I am glad we had a chance to talk about the First Amended Complaint and go over its shortcomings.

I, however, do not think I will be amending the Complaint a second time. You may file your responsive pleading by July 30th.

Thanks,

**Lynda Sangmor**
Managing Attorney, Maryland & DC
lynda.sangmor@llgnational.com

CORPORATE OFFICE
*Phoenix Corporate Tower*
3003 N Central Avenue - Suite 685
Phoenix, AZ 85012

THE LAW TEAM WITH NATIONAL REACH
AND LOCAL PRESENCE



**LLG**
**National Law Group**
www.llgnational.com

Atlanta • Cherry Hill • Chicago • Dallas • Detroit • El Paso • Flint
Los Angeles • Mobile • New York • Philadelphia • Phoenix • Princeton
Puerto Plata • Salt Lake City • San Juan • Washington

CONFIDENTIALITY NOTICE: The information contained in this e-mail message is privileged and confidential, and intended only for the use of the individual(s) and/or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance of the contents of the e-mail materials is strictly prohibited and review by any individual other than the intended recipient shall not constitute waiver of the attorney/client privilege. If you have received this transmission in error, please immediately notify the Sender identified above by telephone to arrange for the return of the materials. Thank you.

# EXHIBIT B



4160 Temescal Canyon Road, Suite 610
Corona, CA 92883
Main: 951.215.4900
Fax: 951.215.4911
www.f3law.com

April Noelle Grant
Direct Dial: (951)215-4950
agrant@f3law.com

July 24, 2026

Via Email:
lynda.sangmor@llgnational.com
ggoonan@affinity-law.com


Lynda Sangmor
Managing Attorney, Maryland & DC
Lento Law Group, P.C.
3003 N Central Avenue, Suite 685
Phoenix, AZ 85012

Re:   **Killen, et al. v. Monrovia Unified School District**
      Case No. 2:25-CV-06829-FMO-ASx
      *Meet and Confer re: Motion to Dismiss and Motion to Strike First Amended Complaint*

Dear Ms. Sangmor:

We write on behalf of the Monrovia Unified School District ("District") with respect to the First Amended Complaint filed by Justin Killen, Mercedes Killen, and J.K., minor, (collectively "Plaintiffs") on July 17, 2026 ("FAC").  This letter serves as our meet and confer in good faith prior to filing a motion to dismiss and/or motion to strike pursuant to Local Rule 7-3 and Federal Rule of Civil Procedure, Rule 12.  We believe the FAC is subject to a motion to dismiss and/or motion to strike for the reasons set forth below.

**This letter confirms our discussion on July 23, 2026, and addresses the issues identified during the District's review of the First Amended Complaint. Please let me know if you would like to discuss any of these points further or require any clarification.**

**As you previously indicated that you do not intend to file a Second Amended Complaint, please advise my office no later than Monday, July 27, 2026, whether, after reviewing the issues raised in this letter, you have reconsidered your position or instead intend to stand on the First Amended Complaint. If you would like to discuss this matter further, I am available at 10:00 a.m. on Tuesday, July 28, 2026. If that time is not convenient, please let me know a time on Tuesday that works better for you.**

I.      **MOTION TO DISMISS**

July 24, 2026
Page 2

As an initial matter, FAC is vulnerable to a Motion under FRCP Rule 12(e) for a more definite statement. The FAC is vague wherein it fails to clarify which of the numerous plaintiffs are pursuing each of the claims for relief. Without more clarity, the FAC is so vague that the District cannot reasonably determine which Plaintiffs have standing.

Apart from the lack of clarity, the Complaint is deficient as it fails to state facts supporting many of the claims for relief. A complaint must provide "factual allegations" that "raise a right to relief above the speculative level" to the "plausible" level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Complaint falls short as laid out below.

### A. Parent Plaintiffs Lack Standing and Cannot Maintain Claims in their Individual Capacities

As discussed in Judge Olguin's Order re: Motion to Dismiss dated July 6, 2026 ("Order"), the FAC names Justin Killen and Mercedes Killen, in addition to their minor son, J.K., as plaintiffs. However, the allegations in the FAC still describe only injuries suffered by J.K. The FAC contains no factual allegation of any direct harm to either parent. Accordingly, the claims asserted by Mr. and Ms. Killen must be dismissed.

Under 42 U.S.C. § 1983, a parent may assert only claims based upon the deprivation of his or her own constitutional rights, not injuries allegedly suffered by a child. Standing requires a plaintiff to establish (1) an injury in fact; (2) a causal connection between the injury and the challenged conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lance v. Coffman* (2007) 549 U.S. 437, 439; *Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555, 560. An injury in fact must be concrete, particularized, and actual or imminent—not conjectural or derivative. Lujan, 504 U.S. at 560.

The FAC fails to satisfy these requirements as to Plaintiffs Justin and Mercedes Killen. Throughout the FAC, the alleged constitutional injuries are directed exclusively toward J.K. Plaintiffs allege that J.K. was demoted from the varsity water polo team, excluded from team communications and activities, denied leadership opportunities and recognition, subjected to intimidation, and ultimately withdrew from the program. (FAC ¶¶ 14-24, 59-66, 104-109.) Likewise, the alleged damages consist of J.K.'s emotional distress, anxiety, withdrawal from activities, reputational harm, and diminished educational and athletic opportunities. (FAC ¶¶ 70, 85, 92, 101, 109.)

Although the FAC alleges that Justin Killen made complaints to school officials regarding J.K.'s treatment (FAC ¶¶ 22-24, 30-36), it does not identify any adverse action directed toward Justin or Mercedes personally. Instead, the FAC alleges only that J.K. suffered adverse consequences after those complaints were made. (FAC ¶¶ 32-39, 65, 84.) The FAC contains no factual allegations that either parent was excluded from District programs, denied any constitutional

July 24, 2026
Page 3

right, retaliated against in their own capacity, or otherwise suffered a concrete and particularized injury independent of J.K.'s alleged injuries.

Because the parents' alleged injuries are entirely derivative of the alleged injuries to J.K., they lack standing to pursue claims under 42 U.S.C. § 1983 in their individual capacities. See *Lance*, 549 U.S. at 439; *Lujan*, 504 U.S. at 560. Unless Plaintiffs can allege facts demonstrating that Justin and Mercedes Killen each suffered an individualized constitutional injury fairly traceable to Defendants' conduct, the District will seek dismissal of their federal claims.

### 1.    No Protected Property or Liberty Interest

Parents do not possess a personal property or liberty interest in their child's participation in an extracurricular athletic program or in the school's coaching decisions.  The Fourteenth Amendment protects only clearly defined liberty or property interests, and none exists in a student's placement on a sports team.  Any parental interest in their child's athletic participation is not an individual entitlement but an indirect concern flowing from the student's own experience. Accordingly, the due-process claim cannot be maintained by either parent.

### 2.    No Standing for State-Law Tort Claims

The negligence and emotional-distress claims for relief (Counts Four–Six) also fail as to Justin and Mercedes Killen. California does not recognize recovery for emotional distress experienced by a parent based solely on perceived mistreatment of a child absent contemporaneous awareness of a physical injury. (*Thing v. La Chusa* (1989) 48 Cal.3d 644, 667-668.)  The Complaint alleges only emotional and reputational harm to J.K., not any physical injury witnessed by the parents. Thus, no bystander or derivative tort theory exists.

### 3.    No Statutory Right of Action for Parents

The FAC does not identify any statute that grants parents an independent cause of action based on the alleged deprivation of their child's rights. Because the FAC alleges no individualized injury to Justin or Mercedes Killen, they lack both statutory authority and standing to seek damages or equitable relief in their own right.

### 4.    Complaint Alleges No Conduct Directed at the Parents

Every alleged act described in the FAC, such as demotion, exclusion from communications, retaliation, and emotional harm, pertains exclusively to J.K.'s experience as a student-athlete. The pleading identifies no act by Coach Lee, Principal Ayala, or the District directed at either Justin Killen or Mercedes Killen individually.  As such, they lack any independent basis for recovery under either federal or state law.

July 24, 2026
Page 4


Because all of the alleged conduct concerns J.K. and not his parents, and because the FAC does not identify any individual Claim for Relief available to Justin or Mercedes Killen under the U.S. Constitution, the California Constitution, or state tort law, it appears that they lack standing to assert individual claims.  Unless Plaintiffs can provide a statutory or constitutional basis supporting the parents' independent recovery, the District will move to dismiss all claims brought by them in their individual capacities, leaving J.K. as the sole proper plaintiff.

Plaintiffs assert six claims for relief, including alleged violations of 42 U.S.C. § 1983 (procedural due process and First Amendment retaliation), the California Constitution, and several tort claims. Yet the pleading relies almost entirely on conclusory statements that J.K. was "demoted," "excluded," or "retaliated against" without factual detail identifying what statutory duty was breached, what process was denied, or how any defendant personally violated the law. (*Careau & Co. v. Sec. Pac. Bus. Credit, Inc*. (1990) 222 Cal.App.3d 1371, 1390.)  Absent those specifics, the Complaint fails to state any viable claim.

### B.        The FAC Impermissibly Relies on Collective Group Pleading

The FAC repeatedly attributes alleged misconduct to "Defendants" collectively without identifying which Defendant engaged in the alleged conduct. Throughout the FAC, Plaintiffs allege that "Defendants" retaliated against J.K., discriminated against him, failed to investigate complaints, permitted unsafe conditions, ignored District policies, and caused Plaintiffs' alleged injuries. (See, e.g., FAC ¶¶ 24, 32, 62, 65, 89-91, 97-98, 104-109.) However, the FAC fails to distinguish among the District, the individual defendants, or any other Defendant, or to identify the specific actions each allegedly took.

This type of collective pleading is insufficient to state a claim under Rule 8. To survive a motion to dismiss, a complaint must plead sufficient factual matter to permit the Court to draw a reasonable inference that **each defendant** is liable for the misconduct alleged. *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678. Because liability under 42 U.S.C. § 1983 is personal, a plaintiff must allege facts showing each defendant's individual participation in the alleged constitutional violation. *Ashcroft*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Here, Plaintiffs repeatedly allege wrongdoing by "Defendants: as a group without specifying which Defendant made the challenged decisions, received or ignored complaints, engaged in retaliatory conduct, or otherwise participated in the alleged constitutional or state-law violations. These generalized allegations fail to provide each Defendant with fair notice of the claims asserted against him or it and the factual basis for those claims.

Accordingly, Plaintiffs should amend the FAC to identify, with specificity, the conduct allegedly attributable to each Defendant. Unless Plaintiffs cure this deficiency by pleading each

July 24, 2026
Page 5

Defendant's alleged conduct separately, the District will seek dismissal of the FAC for failure to satisfy the pleading requirements of Rules 8(a) and 12(b)(6).

### C. Plaintiff's First Claim for Relief Fails to State a Claim for Retaliation under 42 U.S.C. § 1983.

To state a claim for retaliation under the First Amendment pursuant to 42 U.S.C. § 1983, a plaintiff must allege: (1) he engaged in constitutionally protected activity; (2) the defendant took adverse action against him that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the protected activity was a substantial or motivating factor for the defendant's adverse action. (*Pinard v. Clatskanie Sch. Dist. 6J* (9th Cir. 2006) 467 F.3d 755, 770.)

### 1. Plaintiffs Fail to Allege That Any Adverse Action Was Caused by Protected Activity

The FAC alleges that J.K. was retaliated against after his parents complained to District officials regarding his treatment on the varsity water polo team. However, Plaintiffs' own allegations establish that the principal adverse action—the decision to demote J.K. from the varsity team— occurred before any protected activity took place.

Specifically, paragraph 14 alleges:

> "Defendant Lee demoted J.K. to JV without explanation, while still requiring him to participate in varsity matches. J.K. was denied recognition, leadership opportunities, and the benefits associated with varsity status."

The FAC alleges that complaints to District administrators occurred only after this demotion. Because the alleged protected activity post-dates the initial adverse action, it cannot plausibly have been a substantial or motivating factor in that decision. See *Pinard*, 467 F.3d at 770. Nor does the FAC plausibly allege that any subsequent actions were retaliatory. Instead, the alleged denial of recognition, leadership opportunities, and other benefits naturally flowed from J.K.'s placement on the junior varsity team. Once J.K. was no longer a varsity player, he would not be eligible for opportunities reserved for varsity athletes. The FAC therefore fails to allege facts demonstrating that these subsequent events were independent retaliatory acts rather than the ordinary consequences of the earlier coaching decision.

Conclusory allegations that Defendants acted in retaliation are insufficient. A plaintiff must allege facts supporting a plausible inference that the protected activity itself motivated the challenged conduct. *Ashcroft,* 556 U.S. at 678.

July 24, 2026
Page 6

> **2.      Plaintiffs Fail to Allege Facts Demonstrating a Causal Connection Between the Protected Activity and the Alleged Retaliation**

Beyond the chronology of events, the FAC contains no factual allegations supporting a reasonable inference that Plaintiffs' complaints were a substantial or motivating factor in any challenged action. The FAC identifies no retaliatory statements, admissions, or conduct suggesting retaliatory animus by any Defendant following Plaintiffs' complaints. Instead, Plaintiffs rely on conclusory assertions that Defendants retaliated against J.K., without alleging facts supporting that conclusion.

Absent factual allegations establishing that protected speech motivated the alleged adverse actions, Plaintiffs fail to state a plausible First Amendment retaliation claim under § 1983. Accordingly, Count I fails to state a claim upon which relief may be granted. Unless Plaintiffs can allege additional facts establishing that constitutionally protected activity preceded the challenged conduct and was a substantial or motivating factor in Defendants' actions, the District will move to dismiss the First Claim for Relief.

> **D.      Plaintiffs' Second Claim for Relief Fails to State a Claim for Violation of the Equal Protection Clause Under 42 U.S.C. § 1983.**

To state a claim under the Equal Protection Clause, a plaintiff must plausibly allege that the government intentionally treated him differently from others who are similarly situated without a rational basis for doing so. (*Village of Willowbrook v. Olech* (2000) 528 U.S. 562, 564.) Where, as here, Plaintiffs do not allege discrimination based upon membership in a protected class, they must plead a viable "class-of-one" claim by identifying similarly situated individuals who were intentionally treated more favorably and alleging that there was no rational basis for the difference in treatment. (*Gerhart v. Lake County* (9th Cir. 2011) 637 F.3d 1013, 1022.)

> **1.      Plaintiffs Fail to Identify Similarly Situated Student-Athletes**

The FAC repeatedly alleges that "favored athletes" received preferential treatment. (FAC ¶¶ 60-66.) However, Plaintiffs never identify who these athletes are or allege facts demonstrating that they were similarly situated to J.K. in all material respects.

The FAC does not allege the athletes' respective grade levels, positions, experience, performance evaluations, attendance, disciplinary history, leadership qualifications, or any other facts that would permit a meaningful comparison. Instead, Plaintiffs rely upon conclusory allegations that unnamed athletes were treated more favorably. Such generalized assertions are insufficient to state an Equal Protection claim under Rule 8. See *Ashcroft,* 556 U.S. at 678.

> **2.      Plaintiffs Fail to Allege Facts Demonstrating That Defendants Acted Without a Rational Basis**

July 24, 2026
Page 7

Plaintiffs likewise fail to allege facts showing that the challenged coaching decisions lacked any conceivable rational basis.

Although the FAC repeatedly characterizes Defendants' decisions as "arbitrary", "favoritism", or "without merit", those are legal conclusions rather than factual allegations. Plaintiffs do not allege facts showing that J.K.'s varsity placement, leadership opportunities, or team responsibilities could not reasonably have been based upon legitimate coaching considerations such as athletic performance, leadership, team chemistry, attendance, effort, attitude, or strategic needs.

Instead, Plaintiffs merely disagree with Defendant Lee's coaching decisions. Such disagreement does not establish a violation of the Equal Protection Clause.

### 3.    Plaintiffs Fail to State a Viable Class-of-One Claim

To the extent Plaintiffs assert a class-of-one Equal Protection claim, the allegations are particularly deficient because the challenged conduct consists entirely of discretionary coaching decisions.

The Supreme Court has recognized that class-of-one claims are generally inappropriate where the challenged governmental action involves discretionary, subjective decision-making. *Engquist v. Oregon Department of Agriculture* (2008) 553 U.S. 591, 603-04. As the Court explained, many governmental decisions necessarily involve individualized judgments, and treating similarly situated individuals differently does not, by itself, establish an Equal Protection violation.

The decisions challenged in the FAC (including varsity placement, leadership opportunities, team communications, recognition, and participation in extracurricular activities) are precisely the type of subjective coaching determinations that require individualized assessments of player ability, effort, leadership, attitude, and the overall needs of the team. Plaintiffs' disagreement with those discretionary decisions does not transform them into constitutional violations. Moreover, many of the alleged adverse actions are simply the natural consequences of J.K.'s assignment to the junior varsity team. Once J.K. was no longer a varsity player, it is not unreasonable that he would no longer receive varsity recognition, varsity leadership opportunities, or other benefits associated with varsity participation.

Accordingly, the FAC fails to allege facts plausibly demonstrating that Defendants intentionally treated J.K. differently from similarly situated athletes without a rational basis.

Because Plaintiffs fail to allege facts showing that J.K. was intentionally treated differently from similarly situated student-athletes or that any such differential treatment lacked a rational basis, Plaintiffs have failed to state a plausible claim for violation of the Equal Protection Clause.

July 24, 2026
Page 8

Accordingly, unless Plaintiffs can allege additional facts curing these deficiencies, the District will move to dismiss Count Two of the First Amended Complaint.

> **E.      Plaintiffs' Third Claim for Relief Fails to State a Claim for Municipal Liability Under *Monell*.**

A municipality cannot be held liable under 42 U.S.C. § 1983 solely because it employs an alleged tortfeasor. Rather, municipal liability exists only where the execution of an official policy, longstanding custom, or decision by a final policymaker is the "moving force" behind the ***alleged constitutional violation***. *Monell v. Department of Social Services* (1978) 436 U.S. 658, 691-94. A plaintiff must plead sufficient factual matter to plausibly establish the existence of such a policy or custom; conclusory allegations are insufficient. *AE ex rel. Hernandez v. County of Tulare* (9th Cir. 2012) 666 F.3d 631, 637.

> **1.      Plaintiffs Fail to Allege an Official Policy or Longstanding Custom**

The FAC alleges that the District maintained customs of ignoring complaints, permitting favoritism, inadequately supervising coaches, and failing to enforce District policies. (FAC ¶¶ 74-76, 82-83.) However, these allegations merely recite the elements of a *Monell* claim without pleading supporting facts.

Plaintiffs identify only a single dispute involving J.K.'s placement on the boys' water polo team. The FAC contains no factual allegations establishing a widespread practice, repeated constitutional violations, or a longstanding custom attributable to the District. Allegations concerning one coach, one athletic program, and one student's experience do not plausibly establish the existence of a District-wide policy or custom.

Moreover, allegations that other parents complained about Defendant Lee or believed favoritism existed do not demonstrate the existence of an official municipal policy. At most, the FAC alleges isolated incidents involving a single coach, which are insufficient to establish municipal liability under *Monell*.

> **2.      Plaintiffs Fail to State a Failure-to-Train Claim**

Plaintiffs also allege that the District failed to train coaches and administrators regarding retaliation, equal treatment, student safety, communications, and complaint procedures. (FAC ¶¶ 77-78.)

A municipality's failure to train its employees gives rise to liability only where the failure amounts to deliberate indifference to the rights of persons with whom the employees come into contact. *City of Canton v. Harris* (1989) 489 U.S. 378, 388. Ordinarily, deliberate indifference requires allegations demonstrating a pattern of ***similar constitutional violations*** that placed the

July 24, 2026
Page 9

municipality on notice that additional training was necessary. *Connick v. Thompson* (2011) 563 U.S. 51, 62.

The FAC identifies no prior similar incidents, no facts regarding the District's training program, and no factual basis demonstrating that additional training was obviously necessary. Instead, Plaintiffs simply conclude that more training should have been provided. Such conclusory allegations are insufficient to state a plausible failure-to-train claim.

### 3. Plaintiffs Fail to Adequately Allege Ratification

The FAC further alleges that Principal Ayala and other administrators ratified Defendant Lee's conduct by failing to investigate or intervene following complaints. (FAC ¶¶ 79-81.) Ratification requires more than a failure to discipline an employee or respond favorably to a complaint. Rather, a plaintiff must allege that an official with final policymaking authority made a deliberate choice to approve both the challenged conduct and the basis for that conduct. *Christie v. Iopa* (9th Cir. 1999) 176 F.3d 1231, 1239.

The FAC alleges only that administrators failed to investigate or take corrective action after receiving complaints. It does not allege facts demonstrating that any final policymaker affirmatively approved Defendant Lee's alleged constitutional violations or adopted his reasoning as District policy. Allegations of inaction alone do not constitute ratification.

### 4. Plaintiffs Fail to Allege That Any District Policy Was the Moving Force Behind a Constitutional Violation

Finally, even assuming the existence of a policy, custom, failure to train, or ratification, Plaintiffs fail to plausibly allege that any such municipal action was the moving force behind the alleged constitutional violations. *Board of County Commissioners v. Brown* (1997) 520 U.S. 397, 404. Instead, the FAC attributes the challenged conduct primarily to Defendant Lee's discretionary coaching decisions. Plaintiffs do not allege facts demonstrating a direct causal connection between any identified District policy and the alleged retaliation or unequal treatment. Absent factual allegations establishing this causal nexus, municipal liability cannot be imposed under *Monell*.

Accordingly, Plaintiffs have failed to plead facts sufficient to establish municipal liability under 42 U.S.C. § 1983. Unless Plaintiffs can allege additional facts identifying an official policy or longstanding custom, demonstrating deliberate indifference, establishing ratification by a final policymaker, and showing that such municipal action was the moving force behind the alleged constitutional violations, the District will move to dismiss Count III of the First Amended Complaint.

July 24, 2026
Page 10

II.    **Plaintiffs' Fourth, Fifth, and Sixth Claims for Relief Fail to State Claims Against the District Because Plaintiffs Have Not Identified Any Statutory Basis for Public Entity Liability**

Plaintiffs' Fourth, Fifth, and Sixth Claims for Relief assert state-law causes of action against the District for negligence, negligent supervision and training, and intentional infliction of emotional distress. However, the FAC fails to identify any statute authorizing direct tort liability against the District for the alleged conduct.

The Government Claims Act provides that, absent express statutory authority, a public entity cannot be held liable for injury arising from an act or omission of the public entity, its employee, or any other person. (Gov. Code, § 815, subd. (a); see also *C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 868; *Mosley v. San Bernardino City Unified School Dist.* (2005) 134 Cal.App.4th 1260, 1263.) It is well established that "a public entity cannot be held liable for common law negligence." (*McCarty v. State of California Dept. of Transportation* (2008) 164 Cal.App.4th 955, 977; see also *Torres v. Dept. of Corrections & Rehabilitation* (2013) 217 Cal.App.4th 844, 850.)

Although the FAC substantially expands its factual allegations, it does not cure this fundamental pleading defect. Instead, Plaintiffs repeatedly allege that the District failed to investigate complaints, supervise athletic programs, enforce safety procedures, communicate with parents, prevent favoritism, and comply with its own internal policies, including the Annual Parent Information & Notifications Handbook, Comprehensive School Safety Plan, Uniform Complaint Procedures, bullying and hazing policies, and other District administrative procedures. (FAC ¶¶ 17-40, 76-83.) These allegations, however, concern purported violations of internal policies and administrative guidelines, not duties imposed by statute.

Similarly, Plaintiffs repeatedly assert that the District owed duties to maintain a safe athletic environment, ensure equitable treatment in extracurricular activities, investigate complaints, supervise students, provide mental-health support, and enforce District rules. (FAC ¶¶ 68, 76, 82.) Yet the FAC never identifies any statute creating these duties or authorizing a private right of action for damages against the District based upon the alleged failures. Internal policies, handbooks, complaint procedures, and administrative regulations do not, standing alone, create a statutory basis for public entity liability under Government Code section 815.

Nor does the FAC identify any statute authorizing direct liability against the District for Plaintiffs' negligence or intentional tort claims. To the extent Plaintiffs seek to impose liability based upon alleged violations of common-law duties or the District's own policies, such allegations are insufficient as a matter of law.

July 24, 2026
Page 11


Unless Plaintiffs can identify a statute authorizing public entity liability and plead facts satisfying the elements of that statutory basis, the District will move to dismiss the Fourth, Fifth, and Sixth Claims for Relief.

### A. Plaintiffs Have Not Adequately Alleged Compliance with the California Government Claims Act

Plaintiffs' Fourth, Fifth, and Sixth Claims for Relief assert state-law causes of action against the District. As a prerequisite to maintaining those claims, Plaintiffs must timely present a written claim to the public entity and plead compliance with the California Government Claims Act. (Gov. Code, §§ 905, 910, 911.2, 945.4.)

Although paragraph 111 of the FAC alleges that Plaintiffs "presented a government claim to the District pursuant to Government Code sections 905, 910, and 911.2," the FAC contains no factual allegations regarding the claim itself, including when it was presented, by whom it was presented, or the District's response. More significantly, during the parties' meet-and-confer discussions, the District requested a copy of the alleged government claim because it has no record of receiving one. Plaintiffs' counsel advised that they do not possess a copy of the claim.

Accordingly, the FAC's allegation of Government Claims Act compliance appears unsupported by any factual allegations or documentation. If Plaintiffs contend they complied with the Government Claims Act, they should amend the FAC to allege facts demonstrating compliance and produce the claim or other documentation supporting that allegation. If no claim was presented, Plaintiffs should amend the FAC accordingly.

Unless Plaintiffs can allege facts establishing compliance with the California Government Claims Act, the District will seek dismissal of the Fourth, Fifth, and Sixth Claims for Relief.

### B. Plaintiffs' Fourth Claim for Relief Fails to State a Claim for Negligence

A cause of action for negligence requires facts establishing the existence of a legal duty, breach, causation, and damages. *County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 318. Because this action is asserted against a public entity, Plaintiffs must plead every fact essential to statutory liability with particularity. *Searcy v. Hemet Unified School Dist.* (1986) 177 Cal.App.3d 792, 798; *Peter W. v. San Francisco Unified School Dist.* (1976) 60 Cal.App.3d 814, 819; *Lopez v. Southern California Rapid Transit Dist.* (1985) 40 Cal.3d 780, 795.

The FAC does not satisfy this pleading standard. Plaintiffs broadly allege that Defendants owed duties to maintain a safe athletic environment, properly supervise students, enforce District safety protocols, prevent bullying and intimidation, communicate with parents, investigate complaints, and ensure compliance with the District's Annual Parent Information & Notifications Handbook. (FAC ¶¶ 88-91.) However, the FAC does not identify the statutory source of these

July 24, 2026
Page 12

alleged duties or plead facts establishing how any particular Defendant breached a legally cognizable duty owed to J.K.

Likewise, Plaintiffs allege that Defendants permitted unsafe aquatic practices without a lifeguard present, allowed unauthorized transportation of students in personal vehicles, failed to investigate complaints, failed to intervene following parental complaints, and failed to enforce District policies. (FAC ¶¶ 89-91.) Yet the FAC does not allege when these events occurred, which Defendant was responsible for each alleged omission, what information was communicated to District personnel, which District employee allegedly had notice of the complained-of conduct, what corrective action was required under the circumstances, or how any alleged failure proximately caused J.K.'s claimed injuries. Instead, the FAC relies upon generalized assertions that the District failed to supervise its athletic program and enforce its internal policies.

Moreover, the FAC alleges that J.K. suffered emotional distress, reputational harm, withdrawal from activities, and diminished educational and athletic opportunities. (FAC ¶ 92.) However, it does not plead facts demonstrating that these alleged injuries were proximately caused by any negligent act or omission of the District, as opposed to discretionary coaching decisions regarding varsity placement, leadership opportunities, or participation in extracurricular activities.

These allegations consist of little more than legal conclusions unsupported by well-pleaded facts. The FAC fails to allege with the requisite specificity the existence of a legally cognizable duty, the factual basis for any breach, or how any alleged breach proximately caused J.K.'s claimed injuries. Accordingly, the Fourth Claim for Relief fails to allege facts sufficient to constitute a cause of action for negligence and is subject to dismissal.

> **C.    Plaintiffs' Fifth Claim for Relief Fails to State a Claim for Negligent Supervision and Negligent Training**

These allegations remain insufficient. A claim for negligent supervision requires facts showing that: (1) an employee was unfit or incompetent to perform the work for which the employee was hired; (2) the employer knew or should have known of the employee's unfitness or incompetence and that such unfitness created a particular risk of harm; (3) the employee's unfitness or incompetence caused the plaintiff's injury; and (4) the employer's negligence in supervising or retaining the employee was a substantial factor in causing the injury. (See CACI No. 426; *Phillips v. TLC Plumbing, Inc.* (2009) 172 Cal.App.4th 1133, 1139, 1142.)

The FAC does not allege facts demonstrating that Defendant Lee was unfit or incompetent to serve as a coach, nor does it allege facts showing that the District knew or should have known of any such unfitness before the alleged conduct. Instead, Plaintiffs rely on generalized allegations that the District received complaints regarding Defendant Lee's coaching decisions and

July 24, 2026
Page 13

interactions with students and parents. (FAC ¶¶ 79, 97, 100.) The FAC does not identify the nature of those complaints, when they were made, who received them, what information was communicated to District administrators, or how those complaints placed the District on notice that Defendant Lee posed a particular risk of the injuries alleged. Allegations that parents disagreed with Defendant Lee's coaching decisions or complained about his interactions with students are insufficient, without more, to establish notice of an employee's alleged unfitness.

The negligent training allegations are likewise conclusory. Plaintiffs allege that the District should have provided additional training regarding student supervision, aquatic safety, transportation, complaint handling, First Amendment protections, and equitable treatment. (FAC ¶ 98.) However, the FAC does not identify what training the District actually provided, what additional training was allegedly required, why the existing training was deficient, or what facts placed the District on notice that additional training was necessary. Nor does the FAC allege facts demonstrating how any specific deficiency in training caused Plaintiffs' alleged injuries. Rather, Plaintiffs simply conclude that additional training should have been provided without pleading facts supporting that conclusion.

Moreover, the alleged training deficiencies bear little or no relationship to the injuries alleged in the FAC. Plaintiffs' claimed injuries arise from Defendant Lee's alleged retaliation against J.K., including his placement on the junior varsity team, exclusion from team communications and activities, denial of leadership opportunities, and the District's response to parental complaints. (FAC ¶¶ 14-39, 97-101.) Yet Plaintiffs contend the District should have provided additional training on subjects such as aquatic safety, student transportation, and complaint handling. (FAC ¶ 98.) The FAC does not explain how any alleged deficiency in these areas of training caused or contributed to the alleged retaliation, emotional distress, reputational harm, or loss of athletic opportunities. Absent factual allegations connecting the purported training deficiencies to the injuries actually alleged, Plaintiffs fail to plausibly plead that any lack of training was a substantial factor in causing their damages.

Finally, the FAC fails to plausibly allege causation. The allegations arise primarily from Defendant Lee's discretionary coaching decisions regarding team placement, leadership opportunities, participation in extracurricular activities, and interactions with J.K. and his parents. Plaintiffs do not allege facts demonstrating that any failure to supervise or train (as opposed to disagreement with Defendant Lee's discretionary coaching decisions) was a substantial factor in causing the alleged injuries. Accordingly, the Fifth Claim for Relief fails to plead facts sufficient to state a claim.

### D.   Plaintiffs' Sixth Claim for Relief Fails to State a Claim for Intentional Infliction of Emotional Distress

The FAC likewise fails to state a claim for intentional infliction of emotional distress ("IIED"). As an initial matter, Plaintiffs do not identify any statute authorizing direct liability against the

July 24, 2026
Page 14

District for this common-law tort. Public entities are not liable for common-law torts absent express statutory authorization. (Gov. Code, § 815, subd. (a).)

Moreover, to state a claim for IIED, Plaintiffs must allege: (1) extreme and outrageous conduct by the defendant; (2) intent to cause, or reckless disregard of the probability of causing, emotional distress; (3) severe emotional distress; and (4) causation. (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050.)

The FAC fails to allege conduct that rises to the level of "extreme and outrageous" conduct required to state an IIED claim. Plaintiffs principally allege that Defendant Lee demoted J.K. from the varsity water polo team, denied him leadership opportunities, excluded him from certain team communications and activities, and that District administrators failed to adequately investigate complaints or intervene. (FAC ¶¶ 104-107.) Even accepting these allegations as true, they concern discretionary coaching decisions and administrative responses to parental complaints. Such allegations do not exceed "all bounds of that usually tolerated in a civilized community." (*Hughes*, 46 Cal.4th at 1051.) As California courts have recognized, there can be no recovery for "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." (*Yurick v. Superior Court* (1989) 209 Cal.App.3d 1116, 1128.)

Nor does the FAC adequately allege that any Defendant acted with the intent to cause emotional distress or with reckless disregard of the probability of causing such distress. Instead, Plaintiffs rely upon conclusory assertions that Defendants acted maliciously or intentionally, without pleading specific facts supporting those legal conclusions. The FAC likewise fails to allege facts demonstrating that the challenged conduct was undertaken for the purpose of inflicting severe emotional distress, rather than as part of discretionary coaching or administrative decision-making.

Finally, although Government Code section 815.2 permits a public entity to be held vicariously liable for the tortious conduct of its employees acting within the scope of their employment, such derivative liability exists only if an employee has committed an actionable tort. Because the FAC fails to adequately allege an IIED claim against any individual Defendant, it likewise fails to establish derivative liability against the District under section 815.2.

Accordingly, unless Plaintiffs plead facts demonstrating that an identified Defendant engaged in extreme and outrageous conduct with the requisite intent or reckless disregard, the District will move to dismiss the Sixth Claim for Relief.

## III.   <u>MOTION TO STRIKE</u>

Federal Rule of Civil Procedure 12(f) authorizes the Court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The

July 24, 2026
Page 15

purpose of the rule is to eliminate unnecessary or improper allegations that have no possible bearing on the subject matter of the litigation.

### A.    Improper Request for Attorneys' Fees

Plaintiffs seek attorneys' fees pursuant to 42 U.S.C. § 1988 and "applicable state law." (FAC, Prayer ¶ 112(f).) Section 1988 authorizes an award of attorneys' fees only to a prevailing party on certain federal civil rights claims. It does not provide a basis for recovering attorneys' fees on Plaintiffs' state-law causes of action, including negligence, negligent supervision and training, and intentional infliction of emotional distress. Nor does the FAC identify any state statute authorizing an award of attorneys' fees on those claims.

Accordingly, the prayer should be amended to clarify that any request for attorneys' fees is limited to those claims, if any, for which such fees are expressly authorized by statute. To the extent Plaintiffs seek attorneys' fees on their state-law causes of action absent statutory authorization, that request is immaterial and should be stricken.

### B.    Legally Unsupported Requests for Injunctive and Declaratory Relief

Plaintiffs request injunctive relief requiring the District to adopt additional policies and training for staff and seek a declaration that Defendants violated Plaintiffs' constitutional rights. (FAC, Prayer ¶¶ 112(d)-(e).)

However, the FAC alleges only past conduct arising from events during the 2023-2024 boys' water polo season. Plaintiffs do not allege any ongoing constitutional violation, continuing policy affecting J.K., or likelihood of future harm that would warrant prospective injunctive relief. Likewise, declaratory relief is appropriate only where an actual controversy exists regarding present or future rights, not merely to adjudicate liability for completed past conduct.

Because the FAC alleges only completed historical events, Plaintiffs have not pleaded a basis for either injunctive or declaratory relief. The District therefore requests that the Court strike paragraphs 112(d) and 112(e) of the Prayer for Relief.

### C.    Improper Request for Punitive Damages Against the District

Although the Prayer seeks punitive damages only against the individual Defendants (FAC, Prayer ¶ 112(c)), the FAC repeatedly refers collectively to "Defendants" without distinguishing between the individual Defendants and the District. To the extent Plaintiffs seek or intend to seek punitive damages against the District, such relief is barred as a matter of law. (Gov. Code, § 818.)

Accordingly, the District requests that Plaintiffs clarify that their request for punitive damages is asserted solely against the individual Defendants and not against the District.

July 24, 2026
Page 16

#### D.    Derivative Parental Claims

The FAC continues to assert claims on behalf of Justin and Mercedes Killen without alleging that either parent suffered an independent constitutional deprivation or other legally cognizable injury. Instead, the alleged injuries arise from the District's treatment of J.K.

To the extent the FAC seeks damages on behalf of the parent Plaintiffs based solely upon alleged injuries to J.K., those allegations are legally insufficient. Accordingly, the District requests that Plaintiffs strike all references to "Plaintiffs" collectively where the FAC purports to assert claims or recover damages on behalf of Justin and Mercedes Killen without alleging individualized injury.

### IV.    Additional Issues

In addition to the foregoing pleading deficiencies, the parties discussed the following matters:

#### A.    Guardian ad Litem:

The District advised Plaintiffs' counsel that J.K. reached the age of majority in April 2025. Accordingly, J.K. no longer requires a guardian ad litem, and the FAC should be amended to reflect that he is now appearing in his own capacity.

#### B.    Service of Individual Defendants:

The District advised Plaintiffs' counsel that the individually named Defendants are no longer employed by the District and have not been personally served. Accordingly, service upon the District or its counsel does not constitute service upon those individual Defendants, and Plaintiffs remain responsible for effecting service in accordance with Federal Rule of Civil Procedure 4.

### V.    Conclusion

Defendants request that you amend the Complaint in a manner consistent with the foregoing objections to obviate the need to file a motion to dismiss, motion to strike, or motion for judgment on the pleadings.

July 24, 2026
Page 17

Sincerely,

FAGEN FRIEDMAN & FULFROST, LLP

April Noelle Grant

cc:     Gregory Goonan

953-104/9445870.1

# EXHIBIT C

| From: | Lynda Sangmor |
|---|---|
| To: | April Noelle Grant |
| Cc: | ggoonan; Daniella Sihombing; Milton E. Foster |
| Subject: | Re: Killen vs MUSD et al. -- 03582 |
| Date: | Monday, July 27, 2026 3:03:50 PM |
| Attachments: | image001.png |
| | image002.png |
| | image.png |

**EXTERNAL EMAIL**

April,

Thank you for your letter confirming the details of our conversation on July 23, 2026. I reviewed the issues raised. However, we intend to stand on the first amended complaint.

Thank you,


**Lynda Sangmor**
Managing Attorney, Maryland & DC
lynda.sangmor@llgnational.com


CORPORATE OFFICE
*Phoenix Corporate Tower*
3003 N Central Avenue - Suite 685
Phoenix, AZ 85012


THE LAW TEAM WITH NATIONAL REACH
AND LOCAL PRESENCE



Atlanta • Cherry Hill • Chicago • Dallas • Detroit • El Paso • Flint
Los Angeles • Mobile • New York • Philadelphia • Phoenix • Princeton
Puerto Plata • Salt Lake City • San Juan • Washington

CONFIDENTIALITY NOTICE: The information contained in this e-mail message is privileged and confidential, and intended only for the use of the individual(s) and/or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance of the contents of the e-mail materials is strictly prohibited and review by any individual other than the intended recipient shall not constitute waiver of the attorney/client privilege. If you have received this transmission in error, please immediately notify the Sender identified above by telephone to arrange for the return of the materials. Thank you.


**From:** April Noelle Grant <agrant@f3law.com>
**Sent:** Friday, July 24, 2026 4:20 PM
**To:** Lynda Sangmor <lynda.sangmor@llgnational.com>
**Cc:** ggoonan <ggoonan@affinity-law.com>; Daniella Sihombing <dsihombing@f3law.com>; Milton E. Foster <mfoster@f3law.com>
**Subject:** RE: Killen vs MUSD et al. -- 03582

Lynda,

This letter confirms our discussion on July 23, 2026, and memorializes the issues we discussed regarding the District's review of the First Amended Complaint, including the statutory and case authority supporting the District's position. After reviewing the issues raised in this letter, please let me know if you require any further clarification regarding the District's intended grounds for its motion to dismiss.

As you previously indicated that you do not intend to file a Second Amended Complaint, please advise my office no later than Monday, July 27, 2026, whether you have reconsidered your position or instead intend to stand on the First Amended Complaint. I am available to discuss this matter on Tuesday, July 28, 2026, at 10:00 a.m. If that time is not convenient, please let me know another time on Tuesday that works for you. If you do not wish to discuss the matter further, please reply to this email confirming your intent to stand on the First Amended Complaint.

Thank you,



**April Noelle Grant**
Direct: (951) 215-4950 | Mobile: (310) 849-3708
Email: agrant@f3law.com | Web: www.f3law.com
Please consider the environment before printing this email.

CONFIDENTIALITY NOTICE TO RECIPIENT(S): This e-mail communication and any attachment(s) may contain information that is confidential and/or privileged by law and is meant solely for the intended recipient(s).  Unauthorized use, review, duplication, disclosure or interception of this e-mail is strictly prohibited and may violate applicable laws including the Electronic Communications Privacy Act.  If you received this e-mail in error please notify us immediately of the error by return e-mail and please delete this message and any attachment(s) from your system. Thank you in advance for your cooperation.

---

**From:** Lynda Sangmor <lynda.sangmor@llgnational.com>
**Sent:** Friday, July 24, 2026 1:35 PM
**To:** April Noelle Grant <agrant@f3law.com>
**Subject:** Killen vs MUSD et al. -- 03582

**EXTERNAL EMAIL**
Dear April,

Thank you for the meet and confer call yesterday. I am glad we had a chance to talk about the First Amended Complaint and go over its shortcomings.

I, however, do not think I will be amending the Complaint a second time. You may file your responsive pleading by July 30th.

Thanks,

**Lynda Sangmor**
Managing Attorney, Maryland & DC
lynda.sangmor@llgnational.com

CORPORATE OFFICE
*Phoenix Corporate Tower*
3003 N Central Avenue - Suite 685
Phoenix, AZ 85012

THE LAW TEAM WITH NATIONAL REACH
AND LOCAL PRESENCE



www.llgnational.com

Atlanta • Cherry Hill • Chicago • Dallas • Detroit • El Paso • Flint
Los Angeles • Mobile • New York • Philadelphia • Phoenix • Princeton
Puerto Plata • Salt Lake City • San Juan • Washington

CONFIDENTIALITY NOTICE: The information contained in this e-mail message is privileged and confidential, and intended only for the use of the individual(s) and/or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance of the contents of the e-mail materials is strictly prohibited and review by any individual other than the intended recipient shall not constitute waiver of the attorney/client privilege. If you have received this transmission in error, please immediately notify the Sender identified above by telephone to arrange for the return of the materials. Thank you.