[Exempt From Filing Fee Government Code § 6103]

FAGEN FRIEDMAN & FULFROST, LLP
Milton E. Foster III, SBN 250357
mfoster@f3law.com
April Noelle Grant, SBN 350124
agrant@f3law.com
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Phone: 951.215.4900
Fax: 951.215.4911

Attorneys for Adrian Ayala and Jeff Lee

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

JUSTIN KILLEN and MERCEDES KILLEN, individually and as parents and guardians of J.K., a minor,

Plaintiffs,

vs.

MONROVIA HIGH SCHOOL, MONROVIA UNIFIED SCHOOL DISTRICT, JEFF LEE, ADRIAN AYALA, and DOES 1 throught 10, inclusive,

Defendants.

CASE NO. 2:25-cv-06829-FMO (ASx)

[Assigned for All Purposes to:
Hon. Fernando M. Olguin, Dept. 6D]

**SPECIALLY APPEARING DEFENDANTS ADRIAN AYALA AND JEFF LEE'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INSUFFICIENCY OF SERVICE OF PROCESS (FRCP 12(B)(5)**

*[Filed concurrently with Declaration of April Noelle Grant; Declaration of Vanessa Landesfeind; Declaration of Adrian Ayala; Declaration of Jeff Lee; and [Proposed] Order]*

DATE: September 10, 2026
TIME: 10:00 a.m.
DEPT.: 6D

Trial Date: None Set

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 10, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Fernando M. Olguin, United States District Judge, in Courtroom 6D of the above-entitled Court, located at 350 West First Street, Los Angeles, California 90012, Defendants Adrian

Ayala and Jeff Lee ("Individual Defendants") will, and hereby do, move this Court for an Order dismissing Plaintiffs' claims against them pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m).

This Motion is based on the grounds that Plaintiffs failed to effect valid service of process upon Moving Defendants within the time prescribed by Federal Rule of Civil Procedure 4(m). Plaintiffs' attempted substitute service did not comply with Federal Rule of Civil Procedure 4(e) and California Code of Civil Procedure section 415.20(b), and Plaintiffs have not demonstrated good cause or any other basis warranting an extension of time to effect service.

This Motion is made following the Court's Order Re: Renewed Motion to Dismiss (Dkt. 46), directing defense counsel to either re-file the motion to dismiss on behalf of all Defendants or file an answer on behalf of the individual Defendants.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the Declarations of April Noelle Grant, Vanessa Landesfeind, Adrian Ayala, and Jeff Lee and exhibits thereto, all pleadings and papers on file in this action, any matters of which the Court may take judicial notice, and such further oral and documentary evidence as may be presented at or before the hearing.

Pursuant to Local Rule 7-3, counsel for Moving Defendants met and conferred with Plaintiffs' counsel in a good-faith effort to resolve the issues raised by this Motion but were unable to reach a resolution.

DATED: August 7, 2026

FAGEN FRIEDMAN & FULFROST, LLP

By: ______________________
Milton E. Foster III
April Noelle Grant
Attorneys for Adrian Ayala and Jeff Lee

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. MEET AND CONFER ........ 2

III. SUMMARY OF RELEVANT FACTS ........ 3

IV. LEGAL STANDARD ........ 4

A. Rule 12(b)(5) ........ 4

B. Rule 4(m) ........ 5

V. ARGUMENT ........ 5

A. Plaintiffs Failed to Effect Valid Service Upon Defendants Ayala and Lee. ........ 5

B. Plaintiffs Failed to Timely Serve Defendants Ayala and Lee as Required by Rule 4(m). ........ 7

C. Plaintiffs Cannot Demonstrate Good Cause, and the Court Should Decline to Exercise Its Discretion to Extend the Rule 4(m) Deadline. ........ 7

D. Defense Counsel's Prior Filings Do Not Cure Plaintiffs' Failure to Timely Effect Service or Excuse Their Lack of Diligence. ........ 8

VI. CONCLUSION ........ 10

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion presents a straightforward question under Federal Rules of Civil Procedure 4(e), 4(m), and 12(b)(5): whether Plaintiffs timely effected valid service of process upon Defendants Adrian Ayala and Jeff Lee (collectively "Individual Defendants"). They did not.

Plaintiffs commenced this action on July 25, 2025, and therefore had until October 23, 2025, to serve each Defendant. Rather than personally serving Mr. Ayala and Mr. Lee or otherwise effecting service in accordance with Federal Rule of Civil Procedure 4(e) and California law, Plaintiffs attempted substitute service on the Individual Defendants: Mr. Ayala and Mr. Lee at Monrovia Unified School District's ("District") administrative offices. Plaintiffs' own proofs of service and accompanying declarations of due diligence demonstrate that their service efforts as to the individual Defendants were directed exclusively to that single business address.

At the time of the attempted substitute service, however, neither Mr. Ayala nor Mr. Lee remained employed by the District, both having separated from District employment by the conclusion of the 2024–2025 school year. As a result, the District's administrative offices were not the individual Defendants' usual place of business within the meaning of California Code of Civil Procedure § 415.20(b), and Plaintiffs' attempted substitute service did not effect valid service upon either Individual Defendant.

The record further demonstrates that Plaintiffs made no additional effort to serve Mr. Ayala or Mr. Lee before the Rule 4(m) deadline expired. Plaintiffs likewise did not seek an extension of time under Rule 4(m), file amended proofs of service, or otherwise attempt to cure the service defect after the deadline passed. Instead, the issue remained unaddressed and remains unresolved until the Court questioned why the individual Defendants had not appeared in the action nearly one

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

year after the Complaint was filed.

To date, Plaintiffs have not demonstrated that Defendants Ayala and Lee have been properly served in accordance with Rule 4. Because Plaintiffs failed to timely effect valid service and cannot establish the diligence necessary to demonstrate good cause under Rule 4(m), the claims against Defendants Ayala and Lee should be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m).

## II. MEET AND CONFER

Pursuant to Local Rule 7-3 and the Court's July 31, 2026 Order (Dkt. 46), counsel for Individual Defendants met and conferred in good faith with counsel for Plaintiffs regarding the grounds for this Motion. (Declaration of April Noelle Grant ("Grant Decl."), ¶¶ 2–6.)

On August 6, 2026, counsel participated in a telephonic meet and confer for approximately three minutes. (Grant Decl., ¶¶ 2–3.) During the conference, defense counsel explained the deficiencies in Plaintiffs' attempted service upon Defendants Ayala and Lee and the basis for the anticipated motion under Federal Rules of Civil Procedure 12(b)(5) and 4(m). (Id.)

Plaintiffs' counsel did not substantively respond to the service deficiencies during the conference but advised that she would consider the issues raised and inform defense counsel by noon on August 7, 2026, whether Plaintiffs would voluntarily dismiss Defendants Ayala and Lee. (Grant Decl., ¶ 4.) On August 7, 2026, Plaintiffs' counsel confirmed by email that Plaintiffs would not dismiss the Individual Defendants and to file a responsively pleading accordingly. (*Id.*)

Despite defense counsel's good-faith efforts to resolve the issues raised in this Motion without Court intervention, the parties were unable to reach a resolution. Defendants have therefore satisfied the meet-and-confer requirements of Local Rule 7-3. (Grant Decl., ¶ 5.)

/ / /

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

## III. SUMMARY OF RELEVANT FACTS

Plaintiffs commenced this action on July 25, 2025, by filing their Complaint against the District, Adrian Ayala, and Jeff Lee. (Dkt. 1.)

On October 10, 2025, Plaintiffs and the District entered into a stipulation extending only the District's deadline to respond to the Complaint because the District had retained new counsel after the original response deadline had passed. (Dkt. 10.) The stipulation applied solely to the District and did not extend the time for Mr. Ayala or Mr. Lee to respond to the Complaint.

On October 22, 2025, Plaintiffs filed proofs of service and accompanying declarations of due diligence for the District, Mr. Ayala, and Mr. Lee. (Dkts. 13–15.) The proofs of service state that Plaintiffs purported to effect substitute service on the Individual Defendants on October 21, 2025, by leaving copies of the summons and Complaint with Esmeralda Hernandez at 325 East Huntington Drive, Monrovia, California 91016, the District's administrative offices.

The accompanying declarations of due diligence likewise reflect that Plaintiffs' service efforts as to all three Defendants were directed exclusively to the District's administrative offices. The declarations do not identify any attempt to serve Mr. Ayala or Mr. Lee at a residence or any location other than the District's administrative offices. Nor do they identify any additional attempt to serve either individual after October 21, 2025.

At the time Plaintiffs attempted substitute service, however, neither Mr. Ayala nor Mr. Lee remained employed by the District, both having separated from District employment by the conclusion of the 2024–2025 school year. (Declaration of Vanessa Landesfeind ("Landesfeind Decl."), ¶¶ 4, 6; Declaration of Adrian Ayala ("Ayala Decl.") ¶ 3; Declaration of Jeff Lee ("Lee Decl.") ¶ 3.) At no time did either Individual Defendant authorize Esmeralda Hernandez or the District to accept service on their behalf. (Ayala Decl. ¶ 4; Lee Decl. ¶ 4.)

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs were required to

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

serve each Defendant no later than October 23, 2025. Plaintiffs filed no amended proofs of service, no supplemental declarations of due diligence, and no other filing demonstrating any additional effort to effect service upon Mr. Ayala or Mr. Lee before or after the Rule 4(m) deadline expired.

On December 24, 2025, the District filed its Motion to Dismiss the Complaint. (Dkt. 28.) On July 6, 2026, the Court granted the District's motion with leave to amend. (Dkt. 41.) In its Order, the Court questioned why Defendants Ayala and Lee had not appeared in the action. Thereafter, during the parties' July 23, 2026 meet and confer regarding Plaintiffs' First Amended Complaint, Plaintiffs first inquired regarding the appearance of the individual Defendants.

To date, Plaintiffs have not filed proofs of valid service upon Defendants Ayala or Lee, nor have Plaintiffs otherwise demonstrated that either individual has been served in accordance with Federal Rule of Civil Procedure 4. Neither Mr. Ayala nor Mr. Lee has appeared in this action.

## IV. LEGAL STANDARD

### A. Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) authorizes a defendant to move to dismiss an action for insufficient service of process. Once the sufficiency of service is challenged, the plaintiff bears the burden of establishing that service was valid under Federal Rule of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Rule 4(e) governs service upon individuals within a judicial district of the United States. Service may be accomplished by: (1) following the law of the state in which the district court is located or where service is made; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion residing there; or (4) delivering the summons and complaint to an agent authorized by appointment or by law to receive service of

process. Fed. R. Civ. P. 4(e).

Because this action is pending in California, Plaintiffs were also required to comply with California law governing substitute service. California Code of Civil Procedure § 415.20(b) permits substitute service upon an individual only after the exercise of reasonable diligence in attempting personal service and only by leaving the summons and complaint at the individual's usual place of business, usual place of abode, usual mailing address (other than a United States Postal Service post office box), or other location authorized by statute, followed by mailing a copy to that same location. Cal. Civ. Proc. Code § 415.20(b).

**B. <u>Rule 4(m)</u>**

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve each defendant within ninety days after filing the complaint. If service is not completed within that period, the Court must dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff demonstrates good cause for failing to timely effect service, the Court must extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

Good cause requires diligence in attempting timely service. Attorney inadvertence, mistake, ignorance of the Rules, or lack of diligence does not constitute good cause. *Id.*; *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987).

Even absent good cause, the Court retains discretion to extend the time for service. *In re Sheehan*, 253 F.3d at 512–13. In exercising that discretion, courts consider the totality of the circumstances, including the plaintiff's diligence in attempting service and the procedural posture of the case.

## V. ARGUMENT

### A. Plaintiffs Failed to Effect Valid Service Upon Defendants Ayala and Lee.

Plaintiffs bear the burden of establishing that service of process was valid.

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

*Brockmeyer v. May*, 383 F.3d at 801. They cannot satisfy that burden here.

Plaintiffs' own proofs of service and accompanying declarations of due diligence establish that Plaintiffs attempted substitute service upon Defendants Adrian Ayala and Jeff Lee at the District's administrative offices, the same location where Plaintiffs attempted service upon the District. (Dkts. 13–15.) The declarations likewise demonstrate that Plaintiffs' service efforts as to the individual Defendants were directed exclusively to that single business address. The record contains no evidence that Plaintiffs attempted service upon either Defendant at any other location.

California Code of Civil Procedure § 415.20(b) authorizes substitute service only by leaving the summons and complaint at the defendant's usual place of business, usual place of abode, usual mailing address (other than a United States Postal Service post office box), or another location authorized by the statute, followed by mailing a copy to that same location. Cal. Civ. Proc. Code § 415.20(b).

Plaintiffs did not comply with those requirements. At the time substitute service was attempted, neither Mr. Ayala nor Mr. Lee remained employed by the District, both having separated from District employment by the conclusion of the 2024–2025 school year. (Landesfeind Decl., ¶¶ 4, 6.) Accordingly, the District's administrative offices were not the "usual place of business" of either Defendant within the meaning of section 415.20(b). Plaintiffs therefore failed to effect valid substitute service upon either individual Defendant.

The record further demonstrates that Plaintiffs' service efforts never extended beyond the District's administrative offices. Plaintiffs' own declarations of due diligence identify no effort to serve either Defendant at another location and no additional attempts before or after October 21, 2025. Thus, Plaintiffs have failed to demonstrate compliance with Rule 4(e) or California Code of Civil Procedure § 415.20(b).

Because Plaintiffs have not established valid service upon Defendants Ayala

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

and Lee, dismissal under Federal Rule of Civil Procedure 12(b)(5) is warranted.

**B. <u>Plaintiffs Failed to Timely Serve Defendants Ayala and Lee as Required by Rule 4(m).</u>**

Federal Rule of Civil Procedure 4(m) required Plaintiffs to serve each Defendant within ninety days after filing the Complaint. Plaintiffs filed the Complaint on July 25, 2025. Accordingly, Plaintiffs were required to effect valid service no later than October 23, 2025.

Plaintiffs failed to do so. Their attempted substitute service on October 21, 2025, did not constitute valid service under Rule 4(e) and California law. After that attempt, Plaintiffs made no additional effort to effect service before the Rule 4(m) deadline expired.

The issue remains unresolved today. In ruling on the District's Motion to Dismiss, the Court questioned why Defendants Ayala and Lee had not appeared in the action. (Dkt. 41.) Thereafter, during the parties' July 23, 2026 meet and confer, Plaintiffs inquired for the first time regarding the appearance of the individual Defendants.

To date, Plaintiffs have not filed proofs of valid service, nor have they otherwise demonstrated that Defendants Ayala and Lee have been served in accordance with Rule 4. Plaintiffs therefore failed to comply with Rule 4(m).

**C. <u>Plaintiffs Cannot Demonstrate Good Cause, and the Court Should Decline to Exercise Its Discretion to Extend the Rule 4(m) Deadline.</u>**

A plaintiff seeking a mandatory extension under Rule 4(m) bears the burden of demonstrating good cause. *In re Sheehan*, 253 F.3d at 512. Good cause requires diligence in attempting timely service. Attorney inadvertence, mistake, or ignorance of the Rules does not constitute good cause. *Townsel*, 820 F.2d at 320.

Plaintiffs cannot satisfy that standard. Plaintiffs' own service papers demonstrate that their efforts to serve Defendants Ayala and Lee were limited to a

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

single location: the District's administrative offices. After the October 21, 2025 substitute-service attempt, Plaintiffs filed no amended proofs of service, no supplemental declarations of due diligence, and no other filing reflecting any additional effort to effect service before the Rule 4(m) deadline expired.

Nor did Plaintiffs seek an extension of time under Rule 4(m). They did not advise the Court that service upon the individual Defendants remained incomplete, request leave to complete service, or otherwise seek relief after the ninety-day deadline expired. Instead, Plaintiffs proceeded with this litigation for months without establishing personal jurisdiction over Mr. Ayala or Mr. Lee.

Although the Court retains discretion to extend the Rule 4(m) deadline absent good cause, the circumstances presented here do not warrant such relief. Plaintiffs had the full ninety-day period prescribed by Rule 4(m) to effect service, yet the only service efforts reflected in the record were directed to a location that was not the individual Defendants' usual place of business. Plaintiffs thereafter undertook no additional efforts to cure the defect and did not address the issue.

Under these circumstances, Plaintiffs have demonstrated neither good cause nor any equitable basis for a discretionary extension. The claims against Defendants Ayala and Lee should therefore be dismissed without prejudice pursuant to Rules 12(b)(5) and 4(m).

### D. <u>Defense Counsel's Prior Filings Do Not Cure Plaintiffs' Failure to Timely Effect Service or Excuse Their Lack of Diligence.</u>

Plaintiffs may contend that the District's motion to dismiss somehow excused their failure to timely serve Defendants Ayala and Lee because the motion's caption inadvertently identified undersigned counsel as representing all Defendants. Any such argument fails as a matter of law.

First, the Rule 4(m) deadline expired on October 23, 2025. The District's initial motion to dismiss was not submitted until December 1, 2025 (Dkt. 24), and that filing was rejected by the Clerk. The operative motion to dismiss was

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

subsequently filed on December 24, 2025. (Dkt. 28.) Accordingly, both filings occurred well after Plaintiffs' deadline to effect service had expired. Neither filing can retroactively excuse Plaintiffs' failure to comply with Rule 4(m) or establish the diligence necessary to demonstrate good cause.

Second, the parties' October 10, 2025 stipulation extending the deadline to respond to the Complaint applied only to the District. (Dkt. 10.) The stipulation did not include Defendants Ayala or Lee, did not constitute an appearance on their behalf, and did not waive any defense available under Federal Rule of Civil Procedure 12(b), including insufficient service of process.

Third, an inadvertent identification of counsel in the caption of a filing does not create personal jurisdiction over defendants who have not been properly served. Personal jurisdiction is obtained through valid service of process or a defendant's waiver of service, not through a clerical error in a pleading. See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (explaining that service of process is the mechanism by which a defendant is brought under the court's authority); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987) (holding that a federal court ordinarily lacks personal jurisdiction over a defendant who has not been properly served).

Most importantly, the dispositive issue before the Court is not whether defense counsel inadvertently identified the individual Defendants in a filing months after the Rule 4(m) deadline had expired. The issue is whether Plaintiffs timely effected valid service upon Defendants Ayala and Lee within the ninety-day period prescribed by Rule 4(m). Plaintiffs did not. Nor did Plaintiffs seek an extension of time, attempt to cure the defective service, or otherwise demonstrate the diligence required to establish good cause. An inadvertent captioning error occurring after the Rule 4(m) deadline cannot alter that analysis.

/ / /

/ / /

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

## VI. CONCLUSION

Plaintiffs failed to effect valid service upon Defendants Adrian Ayala and Jeff Lee within the ninety-day period prescribed by Federal Rule of Civil Procedure 4(m). Plaintiffs' own proofs of service and declarations of due diligence establish that their service efforts were confined to the District's administrative offices, which were not the individual Defendants' usual place of business at the time service was attempted. Plaintiffs thereafter made no additional effort to effect valid service, sought no extension of time under Rule 4(m), and have not demonstrated good cause or any equitable basis warranting a discretionary extension.

Accordingly, Defendants Adrian Ayala and Jeff Lee respectfully request that the Court grant this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m); dismiss Plaintiffs' claims against Defendants Adrian Ayala and Jeff Lee without prejudice for insufficient service of process and failure to timely effect service; decline to grant Plaintiffs any additional extension of time to effect service; and grant such other and further relief as the Court deems just and proper.

DATED: August 7, 2026

FAGEN FRIEDMAN & FULFROST, LLP

By: ______________________

April Noelle Grant
Attorneys for Adrian Ayala and Jeff Lee

The undersigned, counsel of record for Adrian Ayala and Jeff Lee, certifies that this brief contains 2,908 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 7, 2026

FAGEN FRIEDMAN & FULFROST, LLP

By: ______________________

Milton Foster III
April Noelle Grant
Attorneys for Adrian Ayala and Jeff Lee

953-104/9468504.1

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911