Lynda Sangmor (Pro Hac Vice)
**LLG NATIONAL LAW GROUP, P.C.**
Phoenix Corporate Tower
3003 N Central Avenue, Suite 685
Phoenix, AZ 85012
Telephone: (480) 745-5863
Facsimile: (856) 375-1010
Email: lynda.sangmor@llgnational.com

Gregory P. Goonan (Cal Bar # 119821)
**THE AFFINITY LAW GROUP®**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
Email: ggoonan@affinity-law.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JUSTIN KILLEN and MERCEDES KILLEN, individually and as parents and guardians of J.K., a minor,<br><br>*Plaintiffs*,<br><br>vs.<br><br>MONROVIA HIGH SCHOOL, MONROVIA UNIFIED SCHOOL DISTRICT, JEFF LEE, ADRIAN AYALA, and DOES 1 through 10, inclusive,<br><br>*Defendants*. | Case No. 2:25-cv-06829-FMO (ASx)<br><br>Hon. Fernando M. Olguin<br><br>**PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTIONS TO DISMISS** |

Plaintiff J.K., appearing through his duly-appointed Guardian ad Litem, submits this Consolidated Opposition to Defendants' Rule 12(b)(6) Motions to Dismiss and respectfully shows the Court as follows.

## INTRODUCTION

Defendants' motions to dismiss rely on a narrow reading of the First Amended Complaint ("FAC") and overlook the detailed factual allegations already pled. The FAC alleges a coherent and plausible narrative of retaliation, selective enforcement, and deliberate indifference within the Monrovia High School boys' water polo program. Defendants' arguments mischaracterize the factual record, disregard reasonable inferences, and improperly demand evidentiary detail not required at the pleading stage.

Even if the Court finds any portion of the FAC insufficient, dismissal is not warranted. Leave to amend should be granted under Rule 15(a)(2), and Plaintiff is prepared to file a Second Amended Complaint that addresses each perceived defect identified in Defendants' motions. Accordingly, the motions should be denied, or, in the alternative, Plaintiff should be granted leave to amend.

In addition, Defendants' own sworn declarations submitted with their motions reinforce the plausibility of the allegations in the FAC. Those declarations confirm that multiple complaints were received, that administrators were aware of concerns regarding the boys' water polo program, and that no investigation or corrective action was undertaken. Rather than undermining Plaintiff's claims, Defendants' declarations corroborate the FAC's narrative of notice, indifference, and retaliatory treatment. At the pleading stage, these admissions further support denial of the motions or, at minimum, the granting of leave to amend.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. The Court must accept all factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir.

2008). A claim is plausible when the facts alleged allow the Court to reasonably infer liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Dismissal is disfavored where amendment could cure any deficiency. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). If the Court identifies any defect, Plaintiff respectfully requests leave to amend.

## ARGUMENT

### A. Plaintiff Has Standing and Properly Appears Through His Guardian ad Litem

Defendants' standing argument rests on a misreading of the First Amended Complaint. The FAC alleges injuries suffered by J.K., a minor, and expressly states that he appears through his duly-appointed Guardian ad Litem pursuant to Federal Rule of Civil Procedure 17(c). That is the correct procedural posture for a minor asserting federal civil-rights claims. Courts routinely permit minors to proceed through guardians ad litem, and dismissal on this basis is unwarranted. See *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (amended pleadings supersede prior pleadings and cure structural defects).

To the extent the Court desires additional clarity, Plaintiff is prepared to amend to expressly remove the parents as named plaintiffs and proceed solely through the Guardian ad Litem. Any perceived defect is easily curable and does not justify dismissal.

### B. The FAC Adequately Alleges Protected Speech and Association Under the First Amendment

Defendants argue that J.K. did not personally engage in protected speech and that complaints submitted by his parents cannot support a First Amendment retaliation claim. This argument fails for multiple reasons.

First, the FAC alleges that J.K. personally communicated concerns about unfair treatment, unsafe conditions, and retaliatory conduct to school officials. These communications address matters of public concern, including student safety, bullying, hazing, misuse of authority, and violations of District-mandated policies. Speech on such topics is protected under the First Amendment. See *Pickering v. Bd. of Educ.*, 391 U.S. 563, 571–72 (1968) (speech addressing school operations and safety is a matter of public concern).

Second, even if J.K.'s parents submitted the initial complaints, the First Amendment protects students from retaliation based on their association with protected speakers. The Supreme Court has long recognized that retaliation for association violates the First Amendment. *Healy v. James*, 408 U.S. 169, 181 (1972); *Roberts v. U.S. Jaycees*, 468 U.S. 609, 622 (1984). The FAC alleges that Defendants targeted J.K. because of the advocacy undertaken on his behalf. That is independently actionable.

Third, the FAC alleges a clear sequence of adverse actions following protected speech. J.K. was demoted without explanation, removed from team communications, excluded from team events, denied leadership opportunities, and subjected to intimidation by favored players. These actions would deter a person of ordinary firmness from continuing to engage in protected speech, satisfying the adverse-action requirement. See *Coszalter v. City of Salem*, 320 F.3d 968, 976 (9th Cir. 2003).

Fourth, the FAC alleges strong temporal proximity. The adverse actions occurred "within days" of the protected complaints. Temporal proximity alone can establish causation at the pleading stage. *Allen v. Iranon*, 283 F.3d 1070, 1077 (9th Cir. 2002). The FAC also alleges retaliatory motive, including abrupt changes in treatment, a pattern of retaliation against other

athletes whose parents raised concerns, undue parental influence, and the District's refusal to investigate. These allegations easily satisfy Rule 12(b)(6).

If the Court requires additional factual detail, Plaintiff is prepared to amend to expand the allegations regarding J.K.'s personal communications and the retaliatory motive tied to his association with protected advocacy.

**C. The FAC States a Plausible Equal Protection Claim**

Defendants argue that the FAC fails to allege similarly situated comparators or intentional disparate treatment. The FAC alleges both.

The FAC identifies favored athletes who were similarly situated to J.K. in age, team level, experience, eligibility for leadership roles, and participation in the same athletic program. These allegations satisfy the Ninth Circuit's requirement that comparators be "similarly situated in all material respects." *Kassab v. San Diego Police Dep't*, 453 F. App'x 630, 632 (9th Cir. 2011).

The FAC also alleges intentional disparate treatment. Favored athletes received leadership roles regardless of merit, were shielded from accountability, and benefited from undue parental influence over Coach Lee. In contrast, J.K. was demoted without explanation, excluded from team communications and events, denied recognition and leadership opportunities, and subjected to intimidation by favored players. These allegations plausibly allege intentional discrimination.

The FAC further alleges arbitrary favoritism and selective enforcement. It describes inconsistent and unexplained team placements, removal of student recognitions from social media, closed practices, intimidation among players, mismanagement resulting in forfeited games, and administrative indifference despite repeated notice. These facts support a reasonable inference that J.K. was treated differently for reasons unrelated to legitimate coaching rationale.

Finally, the FAC includes corroboration from multiple sources, including parent complaints, athlete statements, staff observations, external coaches, and performance data. This level of factual detail exceeds what Rule 8 requires.

If the Court requires additional specificity, Plaintiff is prepared to amend to expand comparator allegations and clarify disparate treatment.

**D. The FAC Adequately Pleads Monell Liability**

Defendants argue that the FAC fails to allege a municipal policy, custom, or practice. The FAC alleges all three.

The FAC alleges a longstanding custom and practice of ignoring complaints, failing to investigate misconduct, failing to enforce safety protocols, failing to supervise athletic programs, failing to maintain required documentation, and failing to intervene despite actual notice. A pattern of similar constitutional violations is sufficient to plead a custom. *Hunter v. County of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011).

The FAC also alleges deliberate indifference. Administrators received multiple complaints, acknowledged receiving complaints in sworn declarations, refused to investigate, refused to meet with parents, failed to enforce mandatory policies, and stated that complaints "did not require investigation." These allegations plausibly allege deliberate indifference. See *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992).

The FAC alleges ratification. Ratification occurs when a policymaker approves a subordinate's unconstitutional conduct. *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). The FAC alleges that Principal Ayala refused to investigate, District-level officials ignored complaints, administrators admitted they declined to act, and no corrective action was taken despite repeated notice. These allegations plausibly allege ratification.

The FAC also alleges failure to train. It describes violations of safety protocols, supervision requirements, communication policies, complaint-handling procedures, and mental-health support obligations. Failure to train is actionable where it reflects deliberate indifference. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

In addition, Defendants' own declarations further support the Monell allegations by confirming that administrators received multiple complaints, were aware of concerns regarding the boys' water polo program and nevertheless declined to investigate or intervene. A municipality's failure to act despite actual notice is a well-recognized basis for establishing both a longstanding custom and deliberate indifference. The declarations corroborate the FAC's allegations that District officials knowingly permitted unsafe, retaliatory, and discriminatory conditions to persist. At the pleading stage, these admissions reinforce the plausibility of Plaintiff's Monell claims and independently warrant denial of dismissal or, at minimum, leave to amend.

If the Court requires additional detail, Plaintiff is prepared to amend to expand Monell allegations and incorporate additional factual support.

**E. The FAC States Plausible Claims Under California Law**

Defendants also move to dismiss Plaintiff's state-law claims, arguing that the FAC does not allege a duty, breach, or causation, and that the emotional-distress allegations are insufficient. These arguments overlook the factual detail pled and misapply California law.

**1. Negligence and Negligent Supervision**

Under California law, schools owe students a duty to provide a safe educational environment, adequate supervision, and protection from reasonably foreseeable harm. *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 869–70 (2012). This duty extends to the

conduct of coaches and administrators, and liability may arise where a district fails to supervise employees or enforce mandatory safety protocols.

The FAC alleges that MUSD failed to enforce its own safety policies, failed to supervise Coach Lee, failed to investigate repeated complaints, and failed to intervene despite actual notice of unsafe aquatic practices, intimidation, retaliation, and violations of District-mandated procedures. These allegations plausibly allege breach of duty.

The FAC also alleges causation. J.K. suffered emotional distress, anxiety, withdrawal from activities, reputational harm, and loss of educational and athletic opportunities as a direct result of Defendants' conduct and the District's failure to intervene. At the pleading stage, these allegations are sufficient. See *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1142 (2016) (causation adequately pled where harm is a foreseeable result of defendant's conduct).

If the Court requires additional factual detail, Plaintiff is prepared to amend to expand allegations regarding foreseeability, supervisory failures, and policy violations.

**2. Intentional Infliction of Emotional Distress**

To state an IIED claim, Plaintiff must allege (1) extreme and outrageous conduct, (2) intent or reckless disregard, (3) severe emotional distress, and (4) causation. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009).

The FAC alleges conduct that is far beyond ordinary coaching decisions. It describes intimidation of minors, retaliatory demotions, exclusion from team communications, removal of earned recognitions, hostility continuing after J.K. left the team, and deliberate administrative indifference despite repeated notice. California courts recognize that abuse of authority over minors can constitute outrageous conduct. *See C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 869–70 (2012).

The FAC also alleges severe emotional distress, including anxiety, sleep loss, withdrawal from social and athletic activities, academic impact, and persistent fear of retaliation. These allegations satisfy the requirement of severe distress at the pleading stage. *See KOVR-TV, Inc. v. Superior Court*, 31 Cal. App. 4th 1023, 1030 (1995).

If the Court requires additional specificity, Plaintiff is prepared to amend to expand the emotional-distress allegations and clarify the causal connection between Defendants' conduct and J.K.'s harm.

**3. Compliance with the Government Claims Act**

Defendants argue that Plaintiff failed to comply with the Government Claims Act. The FAC alleges compliance. At the pleading stage, this allegation is sufficient. *See State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1245 (2004) (plaintiff must allege compliance; detailed proof is not required at the pleading stage).

If the Court requires additional detail, Plaintiff can amend to attach or incorporate the claim documentation.

**F. Leave to Amend Should Be Granted**

Even if the Court determines that any portion of the First Amended Complaint is insufficient, dismissal is not appropriate because any perceived defect can be cured through amendment. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "shall be freely given when justice so requires," and the Ninth Circuit applies this standard with "extreme liberality." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal without leave to amend is proper only when amendment would be futile. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

Here, amendment would not be futile. Plaintiff can readily clarify standing posture, expand allegations regarding protected speech and association, add additional comparator detail, and further develop Monell allegations based on facts already known to the parties. Plaintiff has already prepared a comprehensive proposed Second Amended Complaint that addresses each perceived defect identified in Defendants' motions. The availability of these additional allegations confirms that amendment is both feasible and appropriate.

Because the FAC presents a plausible factual narrative and any remaining issues can be cured through amendment, dismissal with prejudice is unwarranted. If the Court finds any deficiency, Plaintiff respectfully requests leave to amend.

## CONCLUSION

Defendants' motions ask the Court to dismiss claims that are supported by detailed factual allegations, reasonable inferences, and well-established legal principles. The First Amended Complaint sets forth a coherent narrative of retaliation, unequal treatment, and deliberate indifference within the Monrovia High School boys' water polo program. At this stage, Plaintiff is entitled to have those allegations accepted as true and to proceed to discovery. The FAC satisfies the pleading standards under Rule 8 and Rule 12(b)(6), and dismissal is unwarranted.

Even if the Court identifies any deficiency in the FAC, dismissal with prejudice would be improper. Under Rule 15(a)(2) and Ninth Circuit precedent, leave to amend should be freely granted. Plaintiff can readily cure any perceived defect, and a proposed Second Amended Complaint has already been prepared that addresses each issue raised in Defendants' motions. Amendment would not be futile.

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' motions to dismiss in their entirety. In the alternative, Plaintiff requests leave to amend.

Respectfully Submitted,

Dated this August 19, 2026.

/s/ Lynda Sangmor_

Lynda Sangmor (Pro Hac Vice)
**LLG NATIONAL LAW GROUP, P.C.**
Phoenix Corporate Tower
3003 N Central Avenue, Suite 685
Phoenix, AZ 85012
Telephone: (480) 745-5863
Facsimile: (856) 375-1010
Email: lynda.sangmor@llgnational.com

*Attorney for Plaintiffs*