**[Exempt From Filing Fee Government Code § 6103]**

FAGEN FRIEDMAN & FULFROST, LLP
Milton E. Foster III, SBN 250357
mfoster@f3law.com
April Noelle Grant, SBN 350124
agrant@f3law.com
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Phone: 951.215.4900
Fax: 951.215.4911

Attorneys for ADRIAN AYALA and JEFF LEE

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

JUSTIN KILLEN and MERCEDES KILLEN, individually and as parents and guardians of J.K., a minor,

Plaintiffs,

vs.

MONROVIA HIGH SCHOOL, MONROVIA UNIFIED SCHOOL DISTRICT, JEFF LEE, ADRIAN AYALA, and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 2:25-cv-06829-FMO (ASx)

The Hon. Fernando M. Olguin

**SPECIALLY APPEARING DEFENDANTS ADRIAN AYALA AND JEFF LEE'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INSUFFICIENCY OF PROCESS (FRCP 12(b)(5))**

Trial Date: None Set

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The specially appearing Defendants Adrian Ayala ("Ayala") and Jeff Lee ("Lee") (collectively, "Individual Defendants") moved under Rules 12(b)(5) and 4(m), not Rule 12(b)(6). Their motion showed that (a) Plaintiffs attempted substitute service only at the District's administrative office on October 21, 2025; (b) neither Ayala nor Lee worked there at that time; (c) the recipient was not authorized to accept service for either man; (d) Plaintiffs attempted no other service; and (e) the October 23, 2025 deadline expired without valid service or a request for more time.

Plaintiffs' consolidated Opposition ("Opposition") does not address any of the issues raised in Ayala and Lee's Motion to Dismiss ("Motion"). It repeatedly calls both motions "Rule 12(b)(6) motions," discusses the merits of the FAC, and says nothing about Rule 4(e), Rule 4(m), Rule 12(b)(5), California Code of Civil Procedure section 415.20(b), the proofs of service, reasonable diligence, good cause, or a discretionary extension. Plaintiffs also fail to submit any evidence supporting valid service of Ayala or Lee. They therefore have not carried their burden to establish valid service. The Court should grant the motion, quash the attempted service, and dismiss the claims against Ayala and Lee without prejudice.

## II. ARGUMENT

### A. Plaintiffs Do Not Oppose the Rule 12(b)(5) and Rule 4(m) Motion.

Once service is challenged, Plaintiffs (not the Individual Defendants) bear the burden to establish that service complied with Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Plaintiffs' Opposition neither acknowledges that burden nor offers any argument or evidence that Ayala or Lee were validly served. That failure is dispositive on its own: because Plaintiffs submitted no proof of valid service, they cannot carry their burden, and the motion should be granted without regard to anything in the Individual Defendants' declarations. Plaintiffs' silence independently supports the same result under Local Rule 7-12, which permits the

Court to deem the failure to oppose a motion as consent to granting it. Although Plaintiffs filed a document labeled a consolidated opposition, it offers no opposition at all to the Motion.

In any event, even crediting the declarations, they do not help Plaintiffs meet their burden and Plaintiffs mischaracterize them. The Ayala, Lee, and Vanessa Landesfeind ("Landesfeind") declarations establish only that Ayala and Lee had separated from District employment before October 21, 2025, and that neither authorized the District or Esmeralda Hernandez to accept service. The declarations do not "confirm that multiple complaints were received," admit a refusal to investigate, or address corrective action. (See Opp. 2:16-24.) Those merits assertions are both irrelevant to service and unsupported by the cited evidence.

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

### B. <u>Plaintiffs Submit No Evidence of Valid Service.</u>

Rule 4(e) permits service by personal delivery, abode service, delivery to an authorized agent, or a method allowed by California law. Fed. R. Civ. P. 4(e). California substitute service requires reasonable diligence in first attempting personal service and delivery at the defendant's dwelling, usual place of abode, usual place of business, or usual mailing address, followed by mailing. Cal. Civ. Proc. Code § 415.20(b).

The uncontroverted record shows that personal service was not even attempted. Plaintiffs' proofs and due-diligence declarations show attempts only at one address, which is the District office. The evidence establishes that this was not either Individual Defendant's usual place of business when service was attempted. Hernandez was not an authorized agent. Plaintiffs identify no attempt at a dwelling, abode, current workplace, or usual mailing address and no later cure. Actual awareness of a lawsuit, even if shown, is not a substitute for service or waiver. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987).

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

**C. Plaintiffs Show Neither Good Cause Nor a Basis for a Discretionary Extension.**

The original Complaint was filed July 25, 2025, making service due October 23, 2025. Fed. R. Civ. P. 4(m). Considering Ayala and Lee were named in the original Complaint, both of the Individual Defendants should have been served by that date. Plaintiffs made one defective substitute-service attempt two days before that deadline, did nothing after it, and never requested an extension. A mandatory extension requires good cause, which ordinarily demands diligence; inadvertence, mistake, ignorance of the rule, or lack of diligence does not suffice. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); *Townsel v. Contra Costa County*, 820 F.2d 319, 320 (9th Cir. 1987). The Opposition does not attempt to show good cause.

The Court has discretion to extend time absent good cause, but Plaintiffs identify no equitable reason to do so. See *In re Sheehan*, 253 F.3d at 512–13. More than ten months passed between the deadline and the Opposition. Plaintiffs did not cure service even after the Court questioned why Ayala and Lee had not appeared. They do not claim any circumstance that would warrant relief. On this record, an extension would reward prolonged inaction rather than serve Rule 4(m)'s purpose.

**D. Leave to Amend Does Not Cure Defective Service.**

The Opposition's discussion of standing, retaliation, equal protection, *Monell* liability, and state law does not answer whether the Court acquired personal jurisdiction over Ayala and Lee. "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Brothers*, 526 U.S. at 350. The Individual Defendants appeared specially to preserve that objection; they did not waive it by filing the present Rule 12(b)(5) motion.

Nor would a Second Amended Complaint retroactively validate the October 2025 attempt or establish good cause for missing the Rule 4(m) deadline. Plaintiffs' request for leave to add merits allegations addresses Rule 12(b)(6), not service.

Because the appropriate Rule 4(m) disposition is dismissal without prejudice, the Opposition's discussion of whether merits amendments would be futile is beside the point.

## III. CONCLUSION

The Opposition does not meet Plaintiffs' burden to prove valid service, show good cause, or justify a discretionary extension. Plaintiffs never requested an extension and identify no circumstance warranting additional time after more than ten months of inaction. The Court should grant the motion, quash the attempted service, dismiss the claims against Adrian Ayala and Jeff Lee without prejudice under Rules 12(b)(5) and 4(m), and decline to grant any further extension of the service deadline.

DATED: August 26, 2026 FAGEN FRIEDMAN & FULFROST, LLP

By: [signature]
Milton E. Foster III
April Noelle Grant
Attorneys for ADRIAN AYALA and JEFF LEE

953-104/9500658.1

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

# PROOF OF SERVICE

**Killen, Justin v. Monrovia High School, et al.**
**Case No. 2:25-cv-06829-FMO (ASx)**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 4160 Temescal Canyon Road, Suite 610, Corona, CA 92883.

On August 27, 2026, I served true copies of the following document(s) described as **SPECIALLY APPEARING DEFENDANTS ADRIAN AYALA AND JEFF LEE'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INSUFFICIENCY OF PROCESS (FRCP 12(b)(5))** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address srosas@f3law.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 27, 2026, at Corona, California.

Sara Rosas

**SERVICE LIST**
**Killen, Justin v. Monrovia High School, et al.**
**Case No. 2:25-cv-06829-FMO (ASx)**

Lynda Sangmor
Schalor Blackshear
**LENTO LAW GROUP, P.C.**
Corporate Office
Phoenix Corporate Tower
3003 N Central Avenue, Suite 685
Phoenix, AZ 85012
Telephone: (480) 745-5863
Facsimile: (856) 375-1010
lynda.sangmor@llgnational.com
siblackshear@lentolawgroup.com

Attorney for Plaintiffs

Gregory P. Goonan
**THE AFFINITY LAW GROUP**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
ggoonan@affinity-law.com

Attorney for Plaintiffs

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911