[Exempt From Filing Fee Government Code § 6103]

FAGEN FRIEDMAN & FULFROST, LLP
Milton E. Foster III, SBN 250357
mfoster@f3law.com
April Noelle Grant, SBN 350124
agrant@f3law.com
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Phone: 951.215.4900
Fax: 951.215.4911

Attorneys for MONROVIA UNIFIED SCHOOL DISTRICT

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

JUSTIN KILLEN and MERCEDES KILLEN, individually and as parents and guardians of J.K., a minor,

Plaintiffs,

vs.

MONROVIA HIGH SCHOOL, MONROVIA UNIFIED SCHOOL DISTRICT, JEFF LEE, ADRIAN AYALA, and DOES 1 throught 10, inclusive,

Defendants.

CASE NO. 2:25-cv-06829-FMO (ASx)

The Hon. Fernando M. Olguin

**DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT (FRCP 12(b)(6)**

Trial Date: None Set

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 4
II. ARGUMENT .......... 5
A. The Opposition Does Not Cure the Parent Plaintiffs' Lack of Standing .......... 5
B. The Opposition Rewrites, Rather Than Defends, the First Amendment Claim. .......... 6
1. Paragraph 46 states a conclusion, not facts connecting J.K.'s speech to a Defendant's action. .......... 6
2. The cited association cases do not establish a derivative retaliation claim. .......... 7
3. The chronology defeats, rather than supports, a plausible causal inference. .......... 7
C. The Equal Protection Claim Remains Deficient. .......... 8
D. The Monell Claim Still Identifies No Policy, Custom, or Final-Policymaker Ratification .......... 9
E. The State-Law Claims Remain Defective .......... 11
1. The FAC conflates barred direct liability with potential vicarious liability and does not plausibly plead the latter. .......... 11
2. Negligent supervision and training are pleaded as conclusions. .......... 11
3. The alleged coaching and administrative decisions are not outrageous conduct. .......... 12
4. The FAC Does Not Adequately Plead Compliance with the Government Claims Act. .......... 12
F. Plaintiffs Have Not Justified a Second Opportunity to Amend .......... 13
III. CONCLUSION .......... 14

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. Iranon*,
283 F.3d 1070 (9th Cir. 2002) ..... 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..... 7, 8

*Christie v. Iopa*,
176 F.3d 1231 (9th Cir. 1999) ..... 11

*City of Los Angeles v. Heller*,
475 U.S. 796 (1986) ..... 10

*Coszalter v. City of Salem*,
320 F.3d 968 (9th Cir. 2003) ..... 9

*Dodge v. Evergreen School District No. 114*,
56 F.4th 767 (9th Cir. 2022) ..... 11

*Engquist v. Oregon Department of Agriculture*,
553 U.S. 591 (2008) ..... 10

*Heike v. Guevara*,
519 F. App'x 911 (6th Cir. 2013) ..... 10

*AE ex rel. Hernandez v. County of Tulare*,
666 F.3d 631 (9th Cir. 2012) ..... 14

*Hoff v. Vacaville Unified School District*,
19 Cal. 4th 925 (1998) ..... 12

*Hughes v. Pair*,
46 Cal. 4th 1035 (2009). *C.A.* ..... 13

*Kassab v. San Diego Police Department*,
2008 WL 541607 (2008) (erroneously cited by Plaintiffs as 453 F. App'x 630 (9th Cir. 2011)) ..... 9

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ..... 6, 7

*Lytle v. Carl*,
382 F.3d 978 (9th Cir. 2004) .......... 11

*Monell v. Department of Social Services*,
436 U.S. 658 (1978) .......... *passim*

*O'Brien v. Welty*,
818 F.3d 920 (9th Cir. 2016) .......... 7

*Phillips v. TLC Plumbing, Inc.*,
172 Cal. App. 4th 1133 (2009) .......... 13

*Pinard v. Clatskanie School District 6J*,
467 F.3d 755 (9th Cir. 2006) .......... 7

*Pratt v. Rowland*,
65 F.3d 802 (9th Cir. 1995) .......... 8

*Sabra v. Maricopa County Community College District*,
44 F.4th 867 (9th Cir. 2022) .......... 11

*Schneider v. California Department of Corrections*,
151 F.3d 1194 (9th Cir. 1998) .......... 5, 14

*SmileDirectClub, LLC v. Tippins*,
31 F.4th 1110 (9th Cir. 2022) .......... 9, 10

*State v. Superior Court (Bodde)*,
32 Cal. 4th 1234 (2004) .......... 14

*Zelig v. County of Los Angeles*,
27 Cal. 4th 1112 (2002) .......... 12

*Zucco Partners, LLC v. Digimarc Corp.*,
552 F.3d 981 (9th Cir. 2009) .......... 15

**Statutes**

Cal. Gov't Code § 815(a) .......... 12

Cal. Gov't Code §§ 905, 910, 911.2, 945.4 .......... 14

Government Claims Act .......... 5, 13, 14

Government Code § 815.2 .......... 12

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Opposition does not defend the First Amended Complaint ("FAC") that Plaintiffs filed. It supplies new allegations, collapses distinct plaintiffs and defendants, and characterizes legal conclusions as facts. A Rule 12(b)(6) motion tests the pleading, not counsel's promise that an unfiled Second Amended Complaint could say more. See *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (new allegations in opposition cannot amend a complaint).

Tellingly, the Opposition answers nearly every argument the same way—by offering to amend. It promises to "expand" or supply allegations on standing, retaliation, equal protection, *Monell*, negligence, and Government Claims Act compliance alike. That repeated offer concedes the point of a Rule 12(b)(6) motion: the operative FAC does not contain the facts. And a promise to supply them later does not save the pleading. See *Schneider*, 151 F.3d at 1197 *n*.1.

The Opposition relies heavily on conclusions embedded in the causes of action rather than supporting facts. Paragraph 46 of the FAC says J.K. "communicated concerns" about unfair treatment, unsafe conditions, and retaliation, but it does not identify what he said, when he said it, to whom he spoke, or which Defendant knew of it before acting. Paragraph 49 says certain actions occurred "within days," but the earlier factual narrative places the central demotion before Justin Killen's complaints. (FAC ¶¶ 14, 20.) Thus, the FAC's own chronology excludes the demotion as retaliation and leaves the later acts tied to no identified speaker, recipient, date, or decisionmaker. The Opposition supplies specificity that the FAC does not.

The Opposition also says declarations submitted with the motions admit notice, a refusal to investigate, and no corrective action. They do not. The District's declaration concerns the meet-and-confer process and the declarations supporting

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

the service motion concern employment status, attempted service, and authority to accept service. The Court should disregard those unsupported characterizations.

The remaining defects are substantial. The parents allege no injury of their own. J.K.'s alleged speech and causal connection are stated at a high level without facts connecting an identified communication to an identified decision. The equal-protection allegations identify no particular materially similar athlete and challenge individualized coaching judgments. The *Monell* count recites each recognized theory but supplies no persistent pattern, specific training deficiency, or final-policymaker facts. And the state counts do not distinguish impermissible direct District liability from potential vicarious liability or plead facts connecting an employee's actionable negligence to the injuries claimed. The motion should be granted.

## II. ARGUMENT

### A. The Opposition Does Not Cure the Parent Plaintiffs' Lack of Standing.

The Motion challenges Justin and Mercedes Killen's standing in their individual capacities because every alleged injury belongs to J.K. The Opposition does not identify a concrete injury suffered by either parent. Instead, it answers a different question: whether a minor may appear through a guardian ad litem. (Opp. p. 3.) Rule 17(c) concerns representative capacity; it does not give a parent standing to recover personally for injury to a child. Each plaintiff must allege his or her own injury in fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

The proposed "clarification" confirms the defect. Plaintiffs offer to "remove the parents as named plaintiffs and proceed solely through the Guardian ad Litem." (Opp. p. 3.) A guardian ad litem is not a substantive plaintiff and does not acquire the child's claims. The concession supplies no basis to retain Justin or Mercedes as individual claimants. Their claims should be dismissed.

The Opposition confirms the defect by omission. It is submitted by "Plaintiff

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

J.K., appearing through his duly-appointed Guardian ad Litem," and defends only J.K.'s standing; it advances no argument that either parent suffered a concrete, individualized injury. (Opp. pp. 3–4.) Plaintiffs have thus abandoned the parents' individual claims, which fail on that basis alone. And because the alleged injuries belong to J.K. as a matter of law, no amendment could supply Justin or Mercedes an injury in fact. Their individual claims should be dismissed with prejudice. *Lujan*, 504 U.S. at 560–61.

*Ramirez v. County of San Bernardino* does not assist Plaintiffs. It states the ordinary rule that an amended pleading supersedes the prior pleading. 806 F.3d 1002, 1008 (9th Cir. 2015). It does not address Article III standing or authorize parents to assert a child's section 1983 claims.

**B. The Opposition Rewrites, Rather Than Defends, the First Amendment Claim.**

**1. Paragraph 46 states a conclusion, not facts connecting J.K.'s speech to a Defendant's action.**

A retaliation plaintiff must allege that he engaged in protected activity, that the defendant took action that would chill a person of ordinary firmness, and that the protected activity was a substantial or motivating factor for that action. *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016); *Pinard v. Clatskanie School District 6J*, 467 F.3d 755, 770 (9th Cir. 2006). Paragraph 46 alleges generally that J.K. "communicated concerns" about unfair treatment, unsafe conditions, and retaliation "to school officials." It identifies no statement, approximate date, recipient, context, or facts showing that Lee or another relevant decisionmaker knew of the communication. The Opposition repeats the conclusion but supplies none of the missing connective facts. See *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*Pickering v. Board of Education* does not supply those facts. *Pickering* concerns a public employee's speech and the government-employer balancing framework. 391 U.S. 563, 568 (1968). The closer school-athletics authority, *Pinard*,

involved identified student statements (a petition and complaints seeking the coach's resignation) and identified discipline that followed. 467 F.3d at 764–71. Here, paragraph 46 does not identify comparable speech, and the FAC does not allege which Defendant knew of it before taking which action.

**2. The cited association cases do not establish a derivative retaliation claim.**

Plaintiffs next contend that J.K. may recover because of his "association" with his parents. (Opp. 4.) But *Healy v. James* involved official nonrecognition of a student group, 408 U.S. 169, 181–84 (1972), and *Roberts v. United States Jaycees* involved regulation burdening membership in an expressive association, 468 U.S. 609, 622–23 (1984). Neither holds that ordinary familial association automatically converts retaliation for another person's speech into the student's own First Amendment claim. The FAC does not allege that Defendants restricted J.K.'s association with his parents or that the alleged coaching actions burdened expressive association. A label cannot replace those facts. See *Ashcroft*, 556 U.S. at 678–79.

**3. The chronology defeats, rather than supports, a plausible causal inference.**

Paragraph 49 alleges that removal from team communications, exclusion from events, and loss of leadership roles occurred "[w]ithin days" after unspecified "concerns." But paragraph 14 places the demotion at the start of Lee's tenure, while the complaints first appear later in paragraph 20. An action predating protected activity cannot have been caused by it. And for the later acts, the FAC still does not identify the complaint date, the content or speaker of the triggering complaint, the person who imposed each action, or facts showing that person's knowledge. Temporal proximity supports causation only when anchored to an actual sequence involving the relevant actor. See *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995).

Moreover, the post-demotion losses the Opposition recasts as retaliation (removal from team communications, exclusion from events, and denial of

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

leadership and recognition) are not independent adverse actions at all. Each is a natural and foreseeable consequence of J.K.'s reassignment to junior varsity, the coaching decision alleged in paragraph 14. (FAC ¶ 14.) Consequences that flow automatically from an earlier, non-retaliatory decision cannot be repackaged as separate retaliatory acts.

*Coszalter* and *Allen* do not excuse the missing causal facts. Both decisions evaluated evidentiary records, not a pleading that places the principal adverse action before the alleged speech and leaves the timing of other acts unspecified. *Coszalter v. City of Salem*, 320 F.3d 968, 977–78 (9th Cir. 2003); *Allen v. Iranon*, 283 F.3d 1070, 1077–78 (9th Cir. 2002).

### C. **The Equal Protection Claim Remains Deficient.**

The Opposition says the FAC identifies favored athletes who matched J.K. in age, team level, experience, eligibility, and program participation. (Opp. 5.) Paragraphs 59–66 do not identify any favored athlete by name or allege those matching characteristics. They say only that "favored athletes" received recognition and leadership roles "regardless of merit," while Ulysses Aguila (another allegedly disfavored athlete) was also mistreated. A second allegedly disfavored athlete is not an athlete who received different treatment under materially identical circumstances.

Controlling Ninth Circuit authority requires a class-of-one plaintiff to identify athletes who are similarly situated "in all material respects." S*mileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122–23 (9th Cir. 2022). The FAC does not allege facts showing that an identified favored athlete had materially similar performance, conduct, attendance, position, experience, and team circumstances relevant to the challenged decisions. *Kassab*, the unpublished case cited by Plaintiffs, affirmed dismissal for the same type of athlete defect. *Kassab v. San Diego Police Department*, 2008 WL 541607 (2008) (erroneously cited by Plaintiffs as 453 F. App'x 630, 631–32 (9th Cir. 2011)).

The claim also attacks individualized judgments about team placement,

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

leadership, recognition, and playing opportunities. *Engquist* explains that class-of-one scrutiny is incompatible with government decisions that, by their nature, involve subjective and individualized assessments. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 603–04 (2008). The Ninth Circuit has not expressly decided whether *Engquist* categorically governs public-school athletic decisions. But the Sixth Circuit has applied *Engquist* to materially analogous coaching decisions, reasoning that choices about who plays, playing time, and continued team membership fall within the broad discretion typical of the coach-player relationship. *Heike v. Guevara*, 519 F. App'x 911, 921–22 (6th Cir. 2013). The Court need not resolve that open question. Even if *Engquist* does not categorically bar the claim, *SmileDirectClub* independently requires comparative individuals alleged to be similarly situated "in all material respects," and the Opposition identifies none, resting again on the conclusory label it lifts from the case. (Opp. p. 5.) The claim fails either way. Calling the decisions "arbitrary favoritism" does not supply the missing comparative facts.

### D. <u>The Monell Claim Still Identifies No Policy, Custom, or Final-Policymaker Ratification.</u>

*Monell* liability requires a plausible underlying constitutional violation caused by an official policy, a longstanding custom, a deliberately indifferent training failure, or a final policymaker's ratification. *Monell v. Department of Social Services*, 436 U.S. 658, 690–94 (1978). Because the FAC does not plausibly allege First Amendment or Equal Protection violations, the derivative *Monell* claim fails at the threshold. See *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

The Opposition's asserted "longstanding custom" is a list of conclusions: ignoring complaints, failing to investigate, failing to enforce protocols, and failing to supervise. (Opp. p. 6.) The FAC does not allege facts showing duration, frequency, substantially similar constitutional violations, or notice sufficient to transform this single program dispute into a permanent and well-settled District practice. *Hunter v.*

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

*County of Sacramento* concerned proof at summary judgment and does not hold that a list of generalized failures establishes a custom at the pleading stage. 652 F.3d 1225, 1233–35 (9th Cir. 2011).

The ratification theory is equally deficient. Ratification requires an authorized final policymaker to approve both a subordinate's decision and its unconstitutional basis. S*abra v. Maricopa County Community College District*, 44 F.4th 867, 885 (9th Cir. 2022); *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). Paragraph 81 merely labels unspecified "District officials" as final policymakers. Final-policymaker status is determined from state and local law, not established by a pleading label. See *Lytle v. Carl*, 382 F.3d 978, 982–84 (9th Cir. 2004). The FAC does not allege facts showing that Ayala's decisions were unconstrained and unreviewable by the Board or Superintendent, or that a qualifying policymaker knew of and affirmatively approved a particular unconstitutional basis. A failure to discipline, investigate, or overrule, without more, is insufficient. *Dodge v. Evergreen School District No. 114*, 56 F.4th 767, 788 (9th Cir. 2022); *Lytle*, 382 F.3d at 987–88.

Nor does the FAC plausibly plead failure to train. *City of Canton* requires a specific training deficiency, deliberate indifference, and a causal link to the constitutional injury. 489 U.S. 378, 388–91 (1989). Plaintiffs identify broad topics (safety, supervision, communication, complaint handling, and mental-health support) but no existing training practice, no obvious recurring constitutional risk, and no facts showing that different training would have prevented a particular constitutional violation. The Opposition merely repeats the FAC's labels.

Finally, the Opposition's description of Defendants' declarations is inaccurate and, in any event, cannot supply missing Monell facts. No declaration submitted with the District's Rule 12(b)(6) motion admits that administrators received multiple merits complaints, refused to investigate them, or permitted unconstitutional conditions. The Court should decide the motion from the FAC and judicially

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

noticeable materials, not counsel's unsupported account of declarations submitted for other purposes.

### E. <u>The State-Law Claims Remain Defective.</u>

#### 1. The FAC conflates barred direct liability with potential vicarious liability and does not plausibly plead the latter.

California public entities are not directly liable for injury "[e]xcept as otherwise provided by statute." Cal. Gov't Code § 815(a); *Zelig v. County of Los Angeles*, 27 Cal. 4th 1112, 1127 (2002). Government Code § 815.2 can make a school district vicariously liable for an employee's negligence within the scope of employment if the employee would be personally liable. *Hoff v. Vacaville Unified School District*, 19 Cal. 4th 925, 932–33 (1998). *C.A. v. William S. Hart Union High School District* likewise recognizes a viable section 815.2 theory based on negligent acts of supervisory or administrative employees. 53 Cal. 4th 861, 868–71 (2012). Those authorities do not create direct District liability for generalized institutional failures or turn an internal handbook into a damages statute.

The FAC does not separate the two theories. It repeatedly alleges that the "District" itself failed to supervise, train, investigate, enforce policies, and ensure equitable treatment, without tying each asserted breach to a particular employee who owed and breached an actionable duty. To the extent Plaintiffs rely on section 815.2, they must plausibly allege employee negligence and proximate causation. *Hoff*, 19 Cal. 4th at 932–33. The alleged lifeguard and transportation deficiencies are not tied to a physical injury. And the FAC does not explain how a particular employee's breach of a safety-related duty proximately caused demotion, lost recognition, reputational harm, or the emotional injuries claimed. The undifferentiated direct-liability theory is barred by section 815; the inadequately alleged vicarious theory fails on breach and causation.

#### 2. Negligent supervision and training are pleaded as conclusions.

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

California recognizes negligent-supervision liability when supervisory employees knew or should have known that an employee was unfit and that the unfitness posed a particular risk that caused the injury. *C.A.*, 53 Cal. 4th at 870–71; *Phillips v. TLC Plumbing, Inc*., 172 Cal. App. 4th 1133, 1139 (2009). The FAC identifies complaints about coaching, favoritism, communications, and asserted safety violations, but it does not allege facts showing that Lee was unfit for coaching or that administrators had notice, before the challenged acts, of the particular propensity to retaliate or intentionally marginalize J.K. It likewise identifies no actual training program, specific omission from that program, pattern placing the District on notice, or causal path from training on aquatic safety and transportation to demotion, recognition, or emotional distress. *Kesner v. Superior Ct.* does not dispense with those elements. 1 Cal. 5th 1132, 1142–43 (2016).

**3. The alleged coaching and administrative decisions are not outrageous conduct.**

The IIED claim rests on team placement, communications, events, recognition, leadership opportunities, and responses to complaints. Even if unfair or insensitive, those allegations do not describe conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–51 (2009). *C.A.* involved a school counselor's alleged sexual abuse of a student and administrators' alleged negligent hiring, retention, and supervision. 53 Cal. 4th at 865–66. It does not hold that disputed coaching decisions or an allegedly inadequate investigation are outrageous. The Opposition also identifies no facts showing that the District intended severe distress or consciously disregarded its near certainty.

**4. The FAC Does Not Adequately Plead Compliance with the Government Claims Act.**

The state-law claims are independently deficient because the FAC does not plead facts establishing compliance with the Government Claims Act. Before suing

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

a public entity for money damages, a plaintiff must timely present a written claim and plead facts demonstrating compliance with, or an excuse from, the claim-presentation requirements. Cal. Gov't Code §§ 905, 910, 911.2, 945.4; *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239, 1243–45 (2004).

Paragraph 111 alleges only that Plaintiffs timely submitted a written claim to the District, that the District rejected it, and that this action followed within the statutory period. It does not identify the date of presentation, the date or manner of rejection, or facts showing that the claim fairly reflected the factual bases and injuries now asserted. (FAC ¶ 111.) These conclusions do not permit the Court to determine whether Plaintiffs timely presented a claim encompassing the negligence, negligent-supervision, and emotional-distress theories alleged in the FAC.

Plaintiffs' reliance on *Bodde* is misplaced. *Bodde* does not hold that a bare conclusion of compliance is always sufficient; it requires a plaintiff to allege facts demonstrating compliance or excuse. 32 Cal. 4th at 1243–45. Plaintiffs effectively acknowledge that the FAC lacks those facts by offering to amend to 'attach or incorporate the claim documentation.' (Opp. p. 9.) An offer to supply missing allegations later does not cure the operative pleading. See *Schneider*, 151 F.3d at 1197 n.1.

**F. <u>Plaintiffs Have Not Justified a Second Opportunity to Amend.</u>**

Rule 15's policy is liberal, and dismissal without leave is ordinarily improper unless the pleading could not be saved. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636–37 (9th Cir. 2012). Here, however, Plaintiffs already amended after the Court identified deficiencies, received a detailed meet-and-confer letter, twice elected to stand on the FAC, and now say (without providing the proposed pleading or identifying concrete new facts) that a Second Amended Complaint has been prepared. (Opp. pp. 2, 10.) Yet the Opposition never identifies the curative facts. It offers only to "expand" allegations on claim after claim, including standing, retaliation, equal protection, *Monell*, negligence, and Government Claims Act

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

compliance. (Opp. 3–9.) Naming the categories of facts Plaintiffs might add, rather than the facts themselves, does not show that a third pleading would be anything but futile. Plaintiffs also filed the FAC on July 17, 2026, one day after the Court's July 16 deadline. (Dkts. 41–42.) Although that one-day delay does not independently establish futility, it reinforces the broader record: Plaintiffs received an identified opportunity to amend and still did not cure the defects addressed in the Court's prior order. Repeated failure to cure and failure to explain how amendment would cure identified defects support denial of further leave. *Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981, 1007 (9th Cir. 2009). At minimum, any leave should be limited to specifically identified curable defects and should not permit another wholesale repackaging of the same coaching dispute.

## III. CONCLUSION

For these reasons, the District respectfully requests that the Court grant its motion and dismiss the FAC as to the District. The parent Plaintiffs' individual claims should be dismissed with prejudice because the alleged injuries belong to J.K.; a defect no further amendment can cure, and one the Opposition effectively concedes by defending only J.K. The constitutional and *Monell* claims should likewise be dismissed; Plaintiffs have already amended after the Court identified defects and still do not identify concrete new facts that would cure them. If the Court grants further leave under Rule 15, the leave should be limited to specifically curable defects and accompanied by a firm deadline.

DATED: August 27, 2026 FAGEN FRIEDMAN & FULFROST, LLP

By: [signature]

Milton E. Foster III
April Noelle Grant
Attorneys for MONROVIA UNIFIED SCHOOL DISTRICT

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Monrovia Unified School District, certifies that this brief contains 3,303 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 27, 2026

FAGEN FRIEDMAN & FULFROST, LLP

By: ______________________
Milton E. Foster
April Noelle Grant
Attorneys for MONROVIA UNIFIED SCHOOL DISTRICT

953-104/9500703.1

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

# PROOF OF SERVICE

**Killen, Justin v. Monrovia High School, et al.**
**Case No. 2:25-cv-06829-FMO (ASx)**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 4160 Temescal Canyon Road, Suite 610, Corona, CA 92883.

On August 27, 2026, I served true copies of the following document(s) described as **DEFENDANT MONROVIA UNIFIED SCHOOL DISTRICT'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT (FRCP 12(b)(6)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address srosas@f3law.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 27, 2026, at Corona, California.

Sara Rosas

**SERVICE LIST**
**Killen, Justin v. Monrovia High School, et al.**
**Case No. 2:25-cv-06829-FMO (ASx)**

| | |
|---|---|
| Lynda Sangmor<br>Schalor Blackshear<br>**LENTO LAW GROUP, P.C.**<br>Corporate Office<br>Phoenix Corporate Tower<br>3003 N Central Avenue, Suite 685<br>Phoenix, AZ 85012<br>Telephone: (480) 745-5863<br>Facsimile: (856) 375-1010<br>lynda.sangmor@llgnational.com<br>siblackshear@lentolawgroup.com | Attorney for Plaintiffs |
| Gregory P. Goonan<br>**THE AFFINITY LAW GROUP**<br>5230 Carroll Canyon Road, Suite 230<br>San Diego, CA 92121<br>Telephone: (858) 412-4296<br>Facsimile: (619) 243-0088<br>ggoonan@affinity-law.com | Attorney for Plaintiffs |